**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
MAGGIE REALIN (263639)
*maggie@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665
*(Additional Counsel listed on the signature page)*

*Attorneys for Plaintiffs and the Proposed Class*

**FULBRIGHT & JAWORSKI, LLP**
JEFFREY MARGULIES (126002)
*jmargulies@fulbright.com*
JOSEPH H. PARK (175064)
*jpark@fulbright.com*
STEPHANIE A. STROUP (235071)
*sstroup@fulbright.com*
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| KIM ALLEN, DANIELE XENOS, ROGER HUTCHINSON, MELISSA NIGH, SHERRELL SMITH, YUANKE XU, DIANA SISTI, and NANCY RODRIGUEZ on behalf of themselves, all others similarly situated and the general public,<br><br>       Plaintiffs,<br><br>  v.<br><br>HYLAND'S, INC., a California corporation; and STANDARD HOMEOPATHIC COMPANY,<br><br>       Defendants. | Case No: 12-cv-1150-DMG-MAN<br><u>CLASS ACTION</u><br><br>**JOINT RULE 26(f) REPORT**<br><br>JUDGE:  The Honorable Dolly M. Gee |

*Kim Allen et al. v. Hyland's, Inc. et al.*, Case No. 12-CV-1150
JOINT 26 (f) REPORT

On May 29, 2012, Counsel for the parties met and concluded a telephonic conference pursuant to Fed. R. Civ. P. Rule 26(f), Local Rule 26-1, and Honorable Dolly M. Gee's Order regarding Scheduling Meeting of Counsel and Scheduling Conference. The parties then jointly finalized this report. Attending the telephonic conference was Ronald A. Marron and Maggie K. Realin of the Law Offices of Ronald A. Marron, APLC and Gretchen M. Nelson of Kreindler & Kreindler, LLP for Plaintiffs, and Jeffrey B. Margulies and Stephanie A. Stroup of Fulbright & Jaworski, LLP for Defendants. The parties discussed the case and jointly (except as noted below) make the following report.

## I. PROCEDURAL POSTURE OF THE CASE

This action was initiated on February 9, 2012. On March 7, 2012, Plaintiffs filed their First Amended Complaint. Dkt. No. 17. On March 26, 2012, Enzo Forcellati filed a Motion for Consolidation and Appointment of Co-Lead Interim Class Counsel, which Plaintiffs and Defendants opposed on April 13, 2012. Dkt. Nos. 34, 47, 51. On March 30, 2012, Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint, which Plaintiffs opposed on April 13, 2012. Dkt. Nos. 38, 49. On May 2, 2012, this Court ruled on the pending motions, denying Forcellati's motion, and granting in part and denying in part Defendants' motion. Dkt. No. 59.

On May 14, 2012, Plaintiffs filed their Second Amended Complaint. Dkt. No. 61. Also on May 14, 2012, Plaintiffs filed their Motion for Class Certification, which was originally set for hearing on June 15, 2012. Dkt. No. 60. On May 17, 2012, Defendants filed an *Ex Parte* Application to continue Plaintiffs' hearing on class certification from June 15, 2012 to October 10, 2012, which Plaintiffs opposed on May 18, 2012. Also on May 17, 2012, the parties filed a joint stipulation for protective order and proposed order regarding confidential information.

On May 22, 2012, the Court continued the hearing on Plaintiffs' Motion for Class Certification to July 13, 2012. Dkt. No. 66. On June 1, Defendants filed a motion to dismiss portions of Plaintiffs' Second Amended Complaint. Dkt No. 67.

The parties have not come to any agreement at this time to dismiss or strike any claims or defenses in the instant matter.

## II. SYNOPSIS OF THE PRINCIPAL ISSUES IN THE CASE

### 1. Plaintiffs' Position

Plaintiffs' position is fully set forth in their Second Amended Complaint. In sum, Plaintiffs allege that Defendants manufacture, advertise, distribute, and sell certain homeopathic products (the "Products"). In connection with those Products, Defendants have made various misleading and material misrepresentations on a nationwide-basis through their marketing campaign:

First, Defendants sell homeopathic Products directly to consumers without explaining homeopathic dilution levels in a language understandable to an average consumer. "X," and similar homeopathic dilution designations, indicated on each Product's packaging right next to the name of the purported active ingredient, are not understandable to an average consumer and thus are deceptive. At the levels of dilution present, very little, if any, of the advertised "active ingredients" are present in the Products.

Second, Defendants sell their Products in the OTC aisles of retail stores next to other non-homeopathic OTC products that are subject to additional regulations and oversight regarding their efficacy, and also carry FDA approved monographs, unlike Defendants' Products.

Third, efficacy statements on the Products' labels are entirely within Defendants' discretion, because those statements are not evaluated by any regulatory body. Without a disclaimer of this fact by Defendants, Defendants' efficacy statements are false or misleading.

Finally, Plaintiffs claim the Products are not effective in relieving the symptoms advertised.

As a result of Defendants' unfair conduct and the misleading message conveyed through this campaign, and Plaintiffs' reliance on such message, Plaintiffs have suffered injury in fact and lost money. Plaintiffs allege violations of the consumer fraud statutes of California, New York, Florida, and Georgia, as well as breach of express warranty, breach of the implied warranty of merchantability, and breach of the Magnuson-Moss Warranty Act.

Defendants cannot claim safe harbor under the Food, Drug and Cosmetic Act ("FDCA") because mere compliance with the minimal regulations applicable to homeopathic drugs does not mean the Products' are not marketed with false or misleading claims. Even the FDCA and its counterpart in California, the Sherman Law, prohibit drug claims that are misleading in any particular.

## 2. **Defendants' Position**

The Second Amended Complaint essentially amounts to a general attack on the ability of entities, like Defendants, to market and sell homeopathic drug products in this country.

As an initial matter, Plaintiffs' claims, as plead, are inappropriate for class certification. Plaintiffs take 12 separate and distinct products, purchased by individuals in four separate states at varying times, and attempt to force them into one action and argue that California law should be applied to a national class of putative plaintiffs. As will be argued in Defendants' opposition to class certification, the differences in the law, the products, and the individual facts of each potential Plaintiff's experience with these remedies, make class certification inappropriate in this case.

Aside from not identifying an appropriate class, Plaintiffs' claims should also fail because Defendants' statements regarding the efficacy of the products are

4

*Kim Allen et al. v. Hyland's, Inc. et al.*, Case No. 12-CV-1150
JOINT 26 (f) REPORT

1 not false or misleading but true and in full compliance with FDA regulations
2 governing the sale of homeopathic remedies. Plaintiffs' claims, therefore, founder
3 on their conflict with the FDA's authority to decide the condition under which
4 drugs may be marketed. It is improper for Plaintiffs, under the guise of false
5 advertising, to ask this Court to render a policy decision on the quantum of
6 scientific proof necessary to legally market a drug. Merely because the products
7 allegedly didn't work for named plaintiffs doesn't render the product claims false
8 or misleading, and to find otherwise would be to find every drug labeling false or
9 misleading, or breaching express or implied warranties, simply because no drug is
10 effective in relieving symptoms in 100% of individuals.

### III. STATEMENT OF WHETHER PLEADINGS ARE LIKELY TO BE AMENDED

**1.  Plaintiffs' Position**

Plaintiffs may move to amend their complaint and may modify it by, among other things, adding or substituting class representatives. Plaintiffs anticipate filing a notice correcting certain errors in the complaint. In the event class certification is denied, Plaintiffs intend to continue the matter as an individual action and would amend the complaint accordingly.

**2.  Defendants' Position**

Aside from the issues raised in their Motion to Dismiss (and any additional motion that may be required should Plaintiffs be granted leave to file additional amended complaints), Defendants do not anticipate amending any pleadings, or attempting to bring counterclaims or cross-claims against any other entities.

/ / /
/ / /
/ / /
/ / /

# IV. STATEMENT AS TO ISSUES WHICH ANY PARTY BELIEVES MAY BE DETERMINED BY MOTION

### 1. Plaintiffs' Position

Plaintiffs believe that any issues relating to discovery disputes may be determined by motion. However, Plaintiffs intend to resolve discovery issues informally, and resort to motions only if necessary.

### 2. Defendants' Position

Defendants believe that all Plaintiffs' claims which, essentially, are premised on Plaintiffs' unsupported belief that homeopathic remedies do not work, may be capable of resolution by dispositive motion after the close of expert discovery.

# V. INITIAL DISCLOSURES

The parties will exchange initial disclosures pursuant to the Federal Rules of Civil Procedure 26(a)(1)(C) no later than June 12, 2012.

# VI. COMPLEXITY OF THE CASE

The parties agree that this is a complex case because of the labeling and scientific issues involved and Plaintiffs' request for certification of a nationwide class of purchasers of several of Defendants' Products. Plaintiffs and Defendants agree that, currently, there is no need to formally adopt the procedures set forth in the Manual for Complex Litigation. However, as issues arise, the parties will discuss the propriety of applying certain elements of the Manual.

# VII. DISCOVERY PLAN

### 1. Joint Position: Protective Order

The parties acknowledge the need for confidentiality of trade secrets, client data, and other discoverable documents. On May 17, 2012, the parties submitted a joint stipulation for protective order and proposed order regarding confidential information.

///

6

*Kim Allen et al. v. Hyland's, Inc. et al.*, Case No. 12-CV-1150
JOINT 26 (f) REPORT

## 2. Joint Position: Electronically Stored Information

On May 21, 2012, Plaintiffs sent Defendants a protocol for production of electronically stored information ("ESI"). Defendants are in the process of reviewing the protocol and the parties intend to adopt the agreed-upon protocol as soon as practicable. Counsel discussed preservation of ESI and Plaintiffs have requested that Defendants preserve all such information.

## 3. Privilege and Protection Issues

The parties do not anticipate any unusual privilege and/or protection issues. Plaintiffs will assert the doctor – patient privilege as to all medical records concerning Plaintiffs' health conditions, other than that for which Defendants' Products were purchased. Plaintiffs and Defendants agree that, in the event a party intends to withhold from production on the basis of an asserted privilege, a document otherwise responsive to a discovery request, that the party will prepare and serve a privilege log consistent with Federal Rule 26(b)(5) and applicable law. A privilege log will not be required for attorney – client privileged communications between any of the parties and their outside counsel regarding the litigation.

## 4. Proposed Schedule of Discovery

### a) Joint Position

The parties do not believe that phasing discovery between "class" and "merits" issues is necessary at this point in the lawsuit. Both parties intend to immediately serve discovery.

### b) Plaintiffs' Position

At this juncture, Plaintiffs anticipate needing discovery regarding all issues and claims set forth in the operative complaint, and specifically, regarding Defendants' advertising and marketing of their Products, sales and financial issues, scientific issues and consumer surveys regarding the Products, to prove Plaintiffs'

claims that Defendants' advertising and labeling is false or misleading; and to obtain information about which states have potential class members.

### c) **Defendants' Position**

Defendants anticipate needing discovery on class issues for each Plaintiff, as well as fact discovery related to each Plaintiff's purchase and use of the products. Defendants also anticipate an extensive expert discovery process, and it appears that the thrust of Plaintiffs' claims are based on their belief that homeopathic remedies do not work.

The following chart details the parties' positions on dates for written discovery:

| Discovery Item | Joint Proposed Date |
|---|---|
| Interrogatories | Starting immediately, subject to Local Rule 33, without prejudice to the right of any party to seek a further stipulation or Court approval of additional interrogatories. |
| Request for Production of Documents | Starting immediately, subject to Fed. R. Civ. P. 34 |
| Requests for Admission | Starting immediately, subject to Local Rule 36 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | October 23, 2012 |
| Initial Expert Disclosure & Report Deadline | January 7, 2013 |
| Rebuttal Expert Disclosure & Report Deadline | February 4, 2013 |
| Expert Discovery Cut-Off (includes hearing of | March 1, 2013 |

8

*Kim Allen et al. v. Hyland's, Inc. et al.*, Case No. 12-CV-1150
JOINT 26 (f) REPORT

| | discovery motion) | |

## VIII. MOTION SCHEDULE

On May 14, 2012, Plaintiffs filed their Motion for Class Certification. The motion is currently set for hearing on July 13, 2012. On June 1, 2012, Defendants filed their Motion to Dismiss the Second Amended Complaint. The motion is currently set for hearing on June 29, 2012. Plaintiffs will oppose this motion.

The following chart details the parties' positions on the scheduling of law and motion matters:

| Event | Plaintiffs' Proposed Date | Defendants' Proposed Date |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearings of motions to amend) | September 10, 2012 | Same |
| Motion Cut-Off (filing deadline) | February 26, 2013 | May 14, 2013 (because this case will turn on expert testimony, Defendants believe that there should be sufficient time between the close of expert discovery to prepare dispositive motions). |

| | | |
|---|---|---|
| Settlement Conference Completion Date | April 30, 2013 | July 30, 2013 |
| Motions in Limine/Daubert Motions Filing Deadline | May 7, 2013 | August 6, 2013 |
| Opposition to Motion in Limine/Daubert Motion Deadline | May 14, 2013 | August 13, 2013 |
| Final Pretrial Conference | May 28, 2013 at 2:00 p.m. | August 27, 2013 at 2:00 p.m. |
| Trial Date | June 25, 2013 at 8:30 a.m. | September 24, 2013 at 8:30 a.m. |

The parties agree to email a PDF version of any redacted briefs, in an unredacted version, on the filing dates in addition to formal service of all papers and exhibits.

## IX. ALTERNATIVE DISPUTE RESOLUTION

The parties participated in a private mediation in March; however, the parties were unable to resolve their issues. The parties remain amenable to the alternative dispute resolution and will consider a settlement conference before the district court or magistrate judge, pursuant to Local Rule 16-15.4(1).

## X. TRIAL ESTIMATE

Plaintiffs requested a jury trial in their complaint. The parties estimate the trial will last approximately 15-20 court days.

## XI. ADDITIONAL PARTIES

### 1. Plaintiffs' Position

There are no additional parties contemplated at this time. However, Plaintiffs are still investigating Defendants' corporate affiliate and distribution

1  channels. Plaintiffs may add or substitute additional plaintiffs as class
2  representatives.

### 2. Defendants' Position

Defendants do not intend to add additional parties. Defendants believe it is improper for Plaintiffs to add or substitute additional class representatives at this stage in the litigation.

### XII. EXPERT WITNESSES

The parties agree that this is an appropriate case for expert witnesses.

### XIII. ADDITIONAL INFORMATION

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to service by electronic means with respect to discovery.

Submitted by:

DATED: June 6, 2012

LAW OFFICES OF RONALD A. MARRON, APLC
By:  /s/ Ronald A. Marron
RONALD A. MARRON
*ron@consumersadvocates.com*
MAGGIE REALIN
*maggie@consumersadvocates.com*
SKYE RESENDES
*skye@consumersadvocates.com*
3636 Fourth Avenue, Suite 202
San Diego, California 92101
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

DATED: June 6, 2012

KREINDLER & KREINDLER, LLP
GRETCHEN M. NELSON (112566)
*gnelson@kreindler.com*
STUART R. FRAENKEL (173991)
*sfraenkel@kreindler.com*
GABRIEL S. BARENFELD (224146)
*gbarenfeld@kreindler.com*

11

|   |   |   |
|---|---|---|
| 1 |   | 707 Wilshire Boulevard, Suite 4100 |
| 2 |   | Los Angeles, California 90017 |
|   |   | Telephone: (213) 622-6469 |
| 3 |   | Facsimile: (213) 622-6019 |
| 4 | DATED: June 6, 2012 | FULBRIGHT & JAWORSKI, LLP |
| 5 |   | By: /s/ Stephanie A. Stroup |
|   |   | JEFFREY MARGULIES |
| 6 |   | *jmargulies@fulbright.com* |
| 7 |   | JOSEPH H. PARK |
|   |   | *jpark@fulbright.com* |
| 8 |   | STEPHANIE A. STROUP |
| 9 |   | *sstroup@fulbright.com* |
|   |   | 555 South Flower Street, 41st Floor |
| 10 |   | Los Angeles, California 90071 |
| 11 |   | Telephone:  (213) 892-9200 |
|   |   | Facsimile:  (213) 892-9494 |
| 12 |   |   |

Judge Dolly M. Gee

**SCHEDULE OF PRETRIAL & TRIAL DATES WORKSHEET**

Case No. 12-cv-1150-DMG-MAN    Case Name: Allen et al. v. Hyland's, Inc. et al.

| MATTER | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE | TIME |
|---|---|---|
| **TRIAL**   [ ] Court  [X] Jury<br>Duration Estimate: 15-20 court days | June 25, 2013 / Sept. 24, 2013<br>(Tuesday) | 8:30 a.m. |
| **FINAL PRETRIAL CONFERENCE ("FPTC")**<br>4 wks before trial | May 28, 2013 / Aug. 27, 2013<br>(Tuesday) | 2:00 p.m. |

| MATTER | TIME COMPUTATION | JOINT REQUESTED DATE or PLNTF/DEFT REQUESTED DATE |
|---|---|---|
| Amended Pleadings and Addition of Parties Cut-Off (includes hearing of motions to amend) | 90 days after scheduling conf | Sept. 10, 2012 |
| Non-Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 14 wks before FPTC | Oct. 23, 2012 |
| Motion Cut-Off   (filing deadline) | at least 13 wks before FPTC | Feb. 26 / May 14, 2013 |
| Initial Expert Disclosure & Report Deadline | at least 9 wks before FPTC | Jan. 7, 2013 |
| Rebuttal Expert Disclosure & Report Deadline | at least 5 wks before FPTC | Feb. 4, 2013 |
| Expert Discovery Cut-Off (includes hearing of discovery motions) | at least 3 wks before FPTC | Mar. 1, 2013 |
| Settlement Conference Completion Date | at least 4 wks before FPTC | Apr. 30 / July 30, 2013 |
| Motions in Limine Filing Deadline (incl. Daubert Motions) | at least 3 wks before FPTC | May 7 / Aug. 6, 2013 |
| Opposition to Motion in Limine Filing Deadline (incl. Daubert Motions) | at least 2 wks before FPTC | May 14 / Aug. 13, 2013 |
| Other Dates: (e.g., class cert motion cut-off, early mediation, etc.) | at least 90 days after complaint served (unless longer time justified) | |

**EXHIBIT A**