**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
MAGGIE K. REALIN (263639)
*maggie@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**KREINDLER & KREINDLER, LLP**
GRETCHEN M. NELSON (112566)
*gnelson@kreindler.com*
STUART R. FRAENKEL (173991)
*sfraenkel@kreindler.com*
GABRIEL S. BARENFELD (224146)
*gbarenfeld@kreindler.com*
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

*Attorneys for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| KIM ALLEN, et al.,<br><br>Plaintiffs,<br>v.<br><br>HYLAND'S, INC., et al.,<br><br>Defendants. | CASE NO. 2:12 CV-01150 DMG (MANx)<br>CLASS ACTION<br>Action Filed: Feb. 9, 2012<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND FOR A MORE DEFINITE STATEMENT**<br><br>Judge:       Hon. Dolly M. Gee<br>Courtroom:   7<br>Date:        June 29, 2012<br>Time:        9:30 a.m. |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ...............................................................................................1

II.  PROCEDURAL HISTORY ...............................................................................2

III. ARGUMENT......................................................................................................3

    A. Legal Standard..............................................................................................3

    B. Plaintiffs Sufficiently Allege Economic Injury,
       and that the Products Failed to Work as Advertised .............................3

    C. Plaintiffs' MMWA Claims are not Precluded.........................................5

    D. Amendment under Rule 12(e) is no Longer at Issue.............................8

IV. CONCLUSION...................................................................................................8

i

# TABLE OF AUTHORITIES

**Cases**

*Agosto v. Immigration and Naturalization Service*,
    436 U.S. 748, 767 (1978) ............................................................................... 8
*Ashcroft v. Iqbal*,
    556 U.S. 662, 129 S.Ct. 1937 (2009) ............................................................. 3
*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................... 3
*Clemens v. DaimlerChrysler Corp.*,
    534 F.3d 1017 (9th Cir. 2008) ....................................................................... 8
*Comm. on Children's Television, Inc. v. General Foods Corp.*,
    35 Cal.3d 197 (1983) ..................................................................................... 4
*Gertz v. Toyota Motor Corp.*, CV 10-1089 PSG VBKX,
    2011 WL 3681647 (C.D. Cal. Aug. 22, 2011) .............................................. 9
*Gilligan v. Jamco Dev. Corp.*,
    108 F.3d 246 (Cal. 1997) ............................................................................... 3
*In re Anderson*,
    1994 WL 125139, at * 3 (N.D. Cal. Apr. 4, 1994) ........................................ 8
*In re Baldwin*,
    70 B.R. 612, 615 (9th Cir. Bankr. 1987) ....................................................... 8
*Kanter v. Warner-Lambert Co.*,
    99 Cal. App. 4th 780 (2002) .......................................................................... 7
*Kidd v. Ashcroft*,
    580 F.3d 949, 956 (9th Cir. 2009) ............................................................. 3, 6
*Kwikset Corp. v. Super. Court*,
    51 Cal. 4th 310, 334 (2011) ........................................................................... 5
*Leoni v. State Bar*,
    39 Cal. 3d 609 (1985) .................................................................................... 4
*Morgan v. AT&T Wireless Servs., Inc.*,
    177 Cal. App. 4th 1235 (2009) ...................................................................... 4
*Williams v. Gerber Prods. Co.*,
    552 F.3d 934, 938 (9th Cir. 2008) ................................................................. 4

**Statutes**

15 U.S.C. § 45(a)(1) ............................................................................................ 7
15 U.S.C. § 52 ...................................................................................................... 7
15 U.S.C. § 2301 .......................................................................................... 3, 5, 7
21 U.S.C. § 301 .................................................................................................... 7
21 U.S.C. § 352(n) ............................................................................................... 7
Cal. Bus. & Prof. Code § 17200 ......................................................................... 2
Cal. Bus. & Prof. Code § 17500 ......................................................................... 2
Cal. Civ. Code § 1750 ......................................................................................... 2
Fla. Stat. Ann. § 501.201 .................................................................................... 3
Ga. Code Ann. § 10-1-370 ............................................................................. 3, 8
N.Y. Gen. Bus. Law § 349 .................................................................................. 3

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 3
Fed. R. Civ. P. 12(e) ................................................................................................ 8

**Other Authority**

Pub. L. No. 75-717, 52 Stat. 1040 (1938) ............................................................... 7
Wheeler-Lea Act, 52 Stat. 111, ch. 49 (1938) ........................................................ 7

iii

*Allen v. Hyland's, Inc., et al.,* Case No. 2-12 CV-1150 DMG (MANx)
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND FOR A MORE DEFINITE STATEMENT

Plaintiffs respectfully submit this Memorandum of Points and Authorities in Opposition to Defendants Hyland's, Inc. ("Hyland") and Standard Homeopathic Company's ("SHC") Motion to Dismiss Second Amended Complaint ("SAC") and for a More Definite Statement ("Motion" or "Mot.").

## I. INTRODUCTION

This is a false and misleading advertising class action regarding over-the-counter ("OTC") homeopathic remedies manufactured, marketed and sold by Defendants. Defendants argue that the SAC should be dismissed because Plaintiffs allegedly failed to plead that the products at issue did not relieve their symptoms; or that the Court should order Plaintiffs to amend the SAC to include a more definite statement pursuant to Rule 12(e). Neither challenge to the SAC has merit, and the Motion should be denied.

First, Plaintiffs adequately pled economic injury, as required for their causes of action. Plaintiffs do not need to allege that the products did not relieve their symptoms. Under California law, false or deceptive advertising is actionable even when the marketing claims are true, but are couched in a manner that is likely to deceive a reasonable consumer. Even if California law required a showing that the product failed to work, which it does not, the SAC more than adequately pleads that the products did not work as advertised.

Second, the Magnuson-Moss Warranty Act ("MMWA") does not preclude a consumer claim of deceptive advertising for an OTC drug. The exclusion of drugs in the Consumer Product Safety Act is irrelevant to a claim for violation of the MMWA. *See*, *Forcellati v. Hyland's, Inc.*, Case No. CV 12-1983 GHK (MEWx) Slip Opinion, at pp. 7-10 (C.D. Cal. June 1, 2012) (rejecting the same argument raised by Defendants here, that OTC homeopathic medications are not "consumer products," and holding that Defendants failed to meet their burden "of demonstrating that Plaintiff's [MMWA] claim should be dismissed as a matter of law").[1]

---

[1] A copy of the Slip Opinion in *Forcellati* is attached as Exhibit 1 to the Declaration of Ronald A. Marron ("Marron Decl."), filed concurrently herewith.

1

Third, a definite statement is not required because Plaintiffs have filed a Notice of Errata to clarify the scrivener's error in the SAC's caption and the heading for the Ninth Cause of Action. Dkt. No. 70.

## II.  PROCEDURAL HISTORY

On February 9, 2012, Plaintiff filed the original complaint in this action. Dkt. No. 1. On March 7, 2012, Plaintiffs filed a First Amended Complaint ("FAC"). Dkt. No. 17. On March 30, 2012 Defendants filed a motion to dismiss the FAC. Dkt. No. 38. On May 2, 2012, the Court granted Defendants' motion as to the sixth cause of action (unjust enrichment) and allegations as to products Plaintiffs did not purchase; but denied the motion in all other respects. Dkt. No. 59 at p. 9. The Court granted Plaintiffs leave to amend, requiring the SAC to be filed no later than May 17, 2012, with Defendants' responsive pleading due fifteen days after service of the SAC upon them.

On May 14, 2012, Plaintiffs filed and served the SAC. Dkt. No. 61. Defendants' response was accordingly due on May 29, 2012. Dkt. No. 59 at p. 9. On June 1, 2012, Defendants filed the instant Motion.

The SAC alleges a putative class with respect to twelve OTC homeopathic remedies manufactured, marketed, and sold by Defendants:  Calms Forté, Teething Tablets, Migraine Headache Relief, ClearAc, Poison Ivy/Oak tablets, Colic Tablets, Leg Cramps PM with Quinine, Leg Cramps, Defend Cold & Cough Night, Defend Cold & Cough, Hyland's Cough, and Seasonal Allergy Relief ("the Products"). Plaintiffs' theories of liability are that the Products' package claims are false and/or deceptive, in violation of the Consumers Legal Remedies Act (Cal. Civ. Code § 1750, *et. seq.*, "CLRA"), Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*, "UCL"), False Advertising Law (*id.* § 17500, *et seq.*, "FAL"), New York General Business Law § 349 ("NYGBL"), the Florida Deceptive and Unfair Trade Practice Act (Fla. Stat. Ann. §§ 501.201, *et seq.*, "FDUPTA"), and the Georgia Uniform Deceptive Trade Practice Act (Ga. Code Ann. §§ 10-1-370, *et seq.*, "GUDTPA"). Plaintiffs also allege breaches of express and implied warranties, and violations of the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*, "MMWA").

2

*Allen v. Hyland's, Inc., et al.*, Case No. 2-12 CV-1150 DMG (MANx)
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND FOR A MORE DEFINITE STATEMENT

### III.  ARGUMENT

**A.  Legal Standard**

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are "viewed with disfavor" and "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (internal quotations omitted). The court must accept all factual allegations of the complaint as true, "draw inferences from those allegations in the light most favorable to the plaintiff," and "construe the complaint liberally." *Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). "[D]etailed factual allegations" are not required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint need only allege sufficient facts "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009).

The question of whether a reasonable consumer would have been deceived by advertising is properly a question of fact that is not suitable for dismissal on a motion to dismiss. *Comm. on Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 211-214 (1983) (applying California pleading laws to reverse dismissal on a demurrer); *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) ("California courts … have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer.").

**B.  Plaintiffs Sufficiently Allege Economic Injury and that the Products Failed to Work as Advertised**

Defendants' contention that Plaintiffs were required to plead that the Products did not alleviate their symptoms is in error, legally and factually. Even an effective product or truthful advertising can be marketed in a way likely to deceive an average consumer, such as by over-selling the product's effectiveness. *See Leoni v. State Bar*, 39 Cal. 3d 609, 626 (1985) (the UCL and FAL "have been interpreted broadly to embrace not only advertising which is false, but also advertising which although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public"); *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1255 (2009) ("A perfectly true statement couched in such a manner that it is likely to mislead or

3

deceive the consumer, such as by failure to disclose other relevant information, is actionable under the UCL.") (internal quotations omitted).

To the extent that all of the consumer fraud statutes require "damage" or harm suffered, economic injury is sufficient because "in the eyes of the law, a buyer forced to pay more than he or she would have [for false or deceptively labeled products] is harmed at the moment of purchase." *Kwikset Corp. v. Super. Court*, 51 Cal. 4th 310, 334 (2011). In *Kwikset*, the purchaser of a lockset labeled "Made in the U.S.A." sued the manufacturer under the CLRA, UCL and FAL after he learned that parts of the lock, or the entire lockset itself, were not made in the U.S.A. *Id.* at 317. It was irrelevant to plaintiff's consumer fraud claims that he obtained a functioning lockset. *Id.* at 331-336 (rejecting defense arguments that plaintiff obtained the benefit of the bargain, "failed to allege any … functional defects in the locksets," or that "the locksets were … overpriced, or of inferior quality," and finding these were unnecessary averments in light of the fundamental right not to be defrauded that a consumer fraud statute is designed to protect). The only injury necessary to plead violations of these types of statutes is injury in fact, meaning, economic injury, caused by the misrepresentation:

> For each consumer who relies on the truth and accuracy of a label and is deceived by misrepresentations into making a purchase, the economic harm is the same: the consumer has purchased a product that he or she paid more for than he or she otherwise might have been willing to pay if the product had been labeled accurately. This economic harm—the loss of real dollars from a consumer's pocket—is the same whether or not a court might objectively view [competing] products as functionally equivalent.

*Id.* at 329-30, 246 P.3d 877, 890 (2011).

Notwithstanding the sufficiency of the allegations to legally state claims for violations of the respective statutes, the SAC repeatedly drives home the point that the Products did not work for Plaintiffs as advertised. Under the general section entitled Specific Misrepresentations, Material Omissions, and Deceptive Facts (As to *All* Causes

4

of Action Against all Defendants) (¶¶ 115-121),[2] the SAC alleges, as to all Plaintiffs and all of the Products, that the Products "*in fact did not alleviate the ailments or symptoms for which Plaintiffs purchased them.*" ¶ 120 (emphasis added). The SAC further alleges that the Products are no more than "placebos" due to extraordinarily high dilution levels of their ingredients, a fact that is not explained to consumers. ¶¶ 2, 119.

All of the causes of action incorporate by reference the general allegations located at ¶¶ 115-121, which would include ¶ 120, quoted above. *See* ¶¶ 131, 140, 154, 160, 164, 171, 179, 188, 200. If this were not sufficient, the SAC also alleges that each of the Products were ineffective because the "purported active ingredients . . . are so greatly diluted as to be effectively non-existent in the Product, such that the Product is ineffective for its intended uses." ¶¶ 91 (Defend Cold & Cough Night), 97 (Defend Cold & Cough), 105 (Hyland's Cough), 112 (Seasonal Allergy Relief).

To the extent the foregoing allegations are insufficient to allege that the Products did not work as advertised, for purposes of a motion to dismiss, Plaintiffs are entitled to all reasonable inferences in their favor, and the SAC reasonably infers the Products did not work as advertised. *See Kidd*, 580 F.3d at 956. The SAC more than adequately alleges economic harm or damage, sufficient to plead that element as part of Plaintiffs' claims for breach of express warranty, implied warranty of merchantability, and the MMWA; and economic injury as required by the CLRA, UCL, FAL, MMWA, NYGBL, DUTPA and UDTPA.

C.  **Plaintiffs' MMWA Claims are not Precluded**

The MMWA defines a "consumer product" as "tangible personal property which is distributed in commerce and which is normally used for personal, family, or household purpose." 15 U.S.C. § 2301(1). The Products clearly fall within this definition. Defendants rely on a list in the Consumer Product Safety Act ("CPSA") which excludes "drugs, devices and cosmetics" from "consumer products" for purposes

---

[2] Citations to the SAC are designated "¶_."

5

of the CPSA. Mot. at 5. But, Plaintiffs have not stated any claim under the CPSA, and the SAC does not allege that the Products are unsafe.

Further, Defendants cite to *Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780 (2002), a case which erroneously "cobbled together three statutes to conclude that defendants' products were not 'consumer products' within the meaning of the [MMWA]." Marron Decl., Ex. 1 (Order Denying Motion to Dismiss Complaint, *Forcellati v. Hyland's, Inc.*, Case No. 12-cv-1983 GHK (MEWx), Dkt. No. 27) at p. 8.

In *Forcellati v. Hyland's*, a similar lawsuit filed against Defendants that is pending in this District, Defendants made the same argument as here, claiming their products are not "consumer products," as required for a claim under the MMWA. Defendants also relied, as they do here, on the decision in *Kanter*. *See id.* at p. 9. The Court in *Forcellati* (Honorable George H. King) disagreed with Defendants, observing that *Kanter* relied on cases that dealt with goods that <u>could not</u> be "normally used for personal, family or household purposes," such as testicular prosthesis or prosthetic heart valve. *Id.* Clearly, those types of goods are not consumer products because people do not purchase them in stores for household use; rather physicians with expertise purchase those items and the goods never pass through the hands of consumers at all. *See id.* at 9-10.

Judge King also noted that different definitions of "consumer products" under the CPSA and MMWA stem from the fact that the CPSA is focused on a product's safety, whereas the MMWA is focused on a product's effectiveness. *Id.* at 10. In other words, if a product's safety, such as a drug, is regulated by a different agency, it is logical to remove drugs from the definition of "consumer products" under CPSA, so there are no conflicting or inconsistent regulations. Conversely, the MMWA ensures "that products do not have misleading claims as to [their] efficacy." *Id.*

Efficacy is different than safety because several agencies may regulate the efficacy of a given product. For example, the Federal Trade Commission ("FTC") engages in dual oversight of misleading advertising in interstate commerce for non-prescription drugs, which it shares with the Food and Drug Agency ("FDA"), which

6

regulates efficacy and safety. The FTC has jurisdiction over unfair or deceptive acts affecting commerce, specifically including OTC drugs. 15 U.S.C. §§ 45(a)(1), 52. *See* Pub. L. No. 75-717, 52 Stat. 1040 (1938) (codified as amended at 21 U.S.C. §§ 301, *et seq.*); Wheeler-Lea Act, 52 Stat. 111, ch. 49 (1938) (codified at 15 U.S.C. § 45, *et seq.*); 21 U.S.C. § 352(n) (granting the FDA only seizure powers over OTC drugs based on deceptive advertising, while the FTC has enforcement power over OTC product advertising in interstate commerce).[3] Thus, OTC drugs are already regulated through multiple statutes as to deceptive advertising.

Further, statutes should be construed so as to give meaning to each, and not forced into an interpretation that does not fit, or which attempts to make two statutes into one. *See Agosto v. Immigration and Naturalization Serv.*, 436 U.S. 748, 767 (1978) ("We normally construe statutes to give meaning to each of their components."); *In re Anderson*, 1994 WL 125139, at * 3 (N.D. Cal. Apr. 4, 1994) ("Under California law a statute should be construed to give effect and meaning, if possible, to every clause and word in it.") (citing *In re Baldwin*, 70 B.R. 612, 615 (9th Cir. Bankr. 1987)). The CSPA need not be given meaning and effect here, because Plaintiffs do not invoke it.

Just like in *Forcellati*, Defendants failed to demonstrate that their OTC homeopathic remedies are not "consumer products" within MMWA. Marron Decl., Ex. 1, at 10. Thus, Defendants challenge to Plaintiffs' MMWA claim should be rejected.

Finally, Plaintiffs previously addressed the viability of their claims for breach of express and implied warranty under California law. Dkt. No. 49. This Court ruled that these claims were sufficiently pled, and denied Defendants' motion to dismiss the FAC. Dkt. No. 59. Where warranty claims under state law are sufficiently pled, it sufficiently states a claim for violation of the MMWA because the MMWA generally provides a federal cause of action for a valid state law claim. 15 U.S.C. § 2301(6)(A); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023, n.3 (9th Cir. 2008); *Gertz v. Toyota Motor*

---

[3] The FTC retains regulatory authority over misleading OTC drug advertising because the FDA only has regulatory authority over *prescription* drug ads. 21 U.S.C. § 352(n).

7

*Allen v. Hyland's, Inc., et al.,* Case No. 2-12 CV-1150 DMG (MANx)
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND FOR A MORE DEFINITE STATEMENT

*Corp.*, CV 10-1089 PSG VBKX, 2011 WL 3681647, at *6 (C.D. Cal. Aug. 22, 2011). The SAC allegations for breach of express and implied warranty under California law are identical to the FAC's allegations and accordingly there is no basis for these claims to be rejected. *See* Dkt. No. 17 at ¶¶ 104-113; *compare* SAC, ¶¶ 160-170.

### D. Amendment under Rule 12(e) is no Longer at Issue

Rule 12(e) permits the Court to require a more definite statement, where a pleading is "so vague or ambiguous that the [responding] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Defendants challenge Plaintiffs' Ninth Cause of Action for violations of Georgia's consumer statute on the grounds that the heading for the cause of action mistakenly identified the statute as "Georgia Code Ann. §§10-1-391(a) *et seq.*" instead of George Code Ann. §§ 10-1-370 to 375, an error that Defendants argue rendered the count vague and ambiguous. The allegations in the count make clear that it is based on Georgia's Uniform Deceptive Trade Practice Act, Georgia Code Ann. §§ 10-1-370, et seq. and Defendants' motion should be rejected.

But should there be any doubt as to the statute on which the claim is grounded, on June 8, 2012, Plaintiffs filed a Notice of Errata to correct the scrivener's error in the caption of the SAC, and the heading to the Ninth Cause of Action for violation of the GUDPTA. Dkt. No. 70. As is apparent from reviewing ¶¶ 201 to 208 of the SAC, Plaintiffs' substantive allegations arise under § 10-1-370, *et seq.* of the GUDPTA. Now that the Notice of Errata is on file, however, a more definite statement based on vagueness or ambiguity is no longer necessary. *See* Dkt. No. 70.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion should be denied in its entirety.

Dated: June 8, 2012      Respectfully submitted,
**LAW OFFICES OF RONALD A. MARRON**
By: /s/ Ronald A. Marron
RONALD A. MARRON
*ron@consumersadvocates.com*
MAGGIE REALIN
*maggie@consumersadvocates.com*
SKYE RESENDES

8

*skye@consumersadvocates.com*
3636 Fourth Avenue, Suite 202
San Diego, California 92101
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

**KREINDLER & KREINDLER, LLP**
GRETCHEN M. NELSON
*gnelson@kreindler.com*
STUART R. FRAENKEL
*sfraenkel@kreindler.com*
GABRIEL S. BARENFELD
*gbarenfeld@kreindler.com*
707 Wilshire Boulevard, Suite 4100
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

***Attorneys for Plaintiffs and the Proposed Class***

9

*Allen v. Hyland's, Inc., et al.,* Case No. 2-12 CV-1150 DMG (MANx)
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT AND FOR A MORE DEFINITE STATEMENT