JEFFREY B. MARGULIES, BAR NO. 126002
STEPHANIE A. STROUP, BAR NO. 235071
MATTHEW M. GURVITZ, BAR NO. 272895
**FULBRIGHT & JAWORSKI L.L.P.**
555 South Flower Street
Forty-First Floor
Los Angeles, California  90071
Telephone:   (213) 892-9200
Facsimile:    (213) 892-9494
jmargulies@fulbright.com
sstroup@fulbright.com
mgurvitz@fulbright.com

Attorneys for Defendants
HYLAND'S, INC. and STANDARD
HOMEOPATHIC COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN and DANIELE XENOS, on behalf of themselves, all other similarly situated, and the general public,<br><br>       Plaintiff,<br><br>      v.<br><br>HYLAND'S, INC., a California Corporation; and STANDARD HOMEOPATHIC COMPANY,<br><br>      Defendants. | Civil Action No.  2:12-CV-1150-DMG (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION** |

      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order Regarding Confidential Information ("Stipulation") filed on May 17, 2012, the terms of the protective order to which the parties have agreed are adopted as a protective order of this Court (which generally shall govern the pretrial phase of this action) except to the extent, as set forth below, that those terms have been substantively modified by the Court's amendment of paragraphs 1 and 22 of, and Exhibit 1 to, the Stipulation.

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential, Confidential-Restricted, or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential, Confidential-Restricted, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal. There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal.  The parties' mere designation of any information, document, or thing as Confidential, Confidential-Restricted, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **TERMS OF PROTECTIVE ORDER**

1.     **Purpose.**     Pursuant to stipulation of the parties, the terms of this Protective Order ("Order") shall govern the handling of any information, document or thing, or portion of any document or thing, that is confidential, private, proprietary, trade secret or otherwise protected and exchanged by any party or third party in the Litigation after the issuance of this Order.  This Protective Order shall apply to Plaintiff Kim Allen ("Plaintiff"), Defendants Hyland's, Inc. and Standard Homeopathic Company ("Defendants"), and any future defendants in the Litigation **who agree in writing to be bound by this Protective Order** (the "Parties," which term shall include their counsel).

2.     **Right to Designate.**  Any Party and any third party responding to any request to exchange information, or any discovery, in the Litigation who objects to the disclosure of information it deems to be confidential, protected by the right of privacy, proprietary, trade secret, or otherwise protected or prohibited by law from disclosure (hereinafter referred to as "Confidential Information" or "Confidential-Restricted Information" and collectively referred to herein as "Protected Information") may disclose such Protected Information pursuant to **the terms of** this Protective Order.

3.     **Designation.**     Any person or entity that chooses to designate

documents and information as Protected Information ("Designating Party") shall make such designations only as to those documents and information the person or entity believes in good faith contain:

(A)  Trade secrets;

(B)  Information reflecting non-public business or financial information, and/or confidential competitive information which, if disclosed, could result in competitive harm to the disclosing party;

(C)  Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(D)  Information subject to federal or state privacy rights; or

(E)  Information otherwise entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.

4.  **Permitted Use, Access and Security.**  The disclosure of Protected Information shall only be made as provided herein.  Unless this Protective Order states otherwise, Protected Information produced pursuant to this Protective Order is to be produced only to the Parties and their counsel ("Receiving Parties") and to be used only by the persons authorized under this Protective Order, and solely for the purpose of preparing for and conducting the Litigation, or any related form of alternative dispute resolution, and is not to be shown to, discussed with, or otherwise disclosed to any other persons or entities, except as otherwise provided herein.

Protected Information must be stored and maintained by a Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to the persons authorized under this Protective Order.  Any person in possession of Protected Information, including the parties and their respective counsel, shall exercise the same care with regard to the storage, custody, or use of such Protected Information as they would apply to their own material of the same or comparable sensitivity.

5. **Designation by a Party of Information from a Non-Party.** In order to provide the Parties an adequate opportunity to designate information as "Confidential" or "Confidential-Restricted," all information produced in this Litigation by third parties shall be deemed "Confidential-Restricted," whether or not stamped with that legend, for a period of fifteen (15) days following production. Furthermore, the inadvertent failure by any Party to designate information produced by third parties as "Confidential" or "Confidential-Restricted" within that fifteen (15) day period shall not waive a Party's right to later so designate such information with prospective effect, so long as the designation correction is made in a timely fashion, consistently with Paragraph 14 of this Protective Order. The Receiving Party may challenge the designation of the information as provided in Paragraph 17 of this Protective Order.

6. **Designation.** Any documents produced pursuant to this Protective Order shall be stamped on the first page of the document and on every page of the document that is subject to this Protective Order as "CONFIDENTIAL INFORMATION FOR USE ONLY IN ALLEN V. HYLAND'S, INC." ("Confidential Information"), "CONFIDENTIAL-RESTRICTED INFORMATION FOR USE ONLY IN ALLEN V. HYLAND'S, INC." ("Confidential-Restricted Information"), or substantially similar language.

For electronically-stored information that cannot be labeled on each page, or other information produced in a form other than documentary, the Designating Party shall provide written notice of the designation of the Protected Information to the Receiving Party and affix the legend "CONFIDENTIAL INFORMATION FOR USE ONLY IN ALLEN V. HYLAND'S, INC.", "CONFIDENTIAL-RESTRICTED INFORMATION FOR USE ONLY IN ALLEN V. HYLAND'S, INC.", or substantially similar language in a prominent place on the medium used to produce the information or item or on the exterior of the container or containers in which the information or item is stored. If the Protected Information is produced

in an electronic form with a load file, the Designating Party shall note the degree of confidentiality of the Protected Information in the load file.  A Receiving Party shall not transmit information produced in accordance with this paragraph without informing any recipient of the information of its protected nature.

7.   **Response to Discovery Requests.**  Subject to, and without waiver of any objections, the Designating Party may respond to any written discovery and disclose and produce Protected Information as follows:

a.   Interrogatories and Requests for Admission:  Clearly designating Protected Information contained within the interrogatory response or the request for admission response in the language and manner provided in Paragraph 6 above.

b.   Requests for Production of Documents:  Producing documents that contain Protected Information in the manner provided in Paragraph 6 above.

8.   **Access to Confidential Information.**  Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "CONFIDENTIAL INFORMATION FOR USE ONLY IN ALLEN V. HYLAND'S, INC.," or substantially similar language that at a minimum incorporates the word "confidential," shall not be disclosed to any person or entity other than the following:

a.   a Party to the Litigation;

b.   counsel for the respective Parties whose firm is counsel of record in the Litigation or are otherwise assisting in the prosecution or defense thereof;

c.   consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in the Litigation, but only if: (1) it is reasonable to disclose the document or information to them for purposes of

the Litigation; (2) they are not Parties; (3) they are not officers, directors, or employees of Parties, of affiliates of Parties, or of competitors of Parties; and (4) they have signed a declaration in the form of Exhibit 1;

d.   secretaries, paralegals, and other clerical or support personnel employed by or retained by counsel for a Party but only if: (1) it is reasonable to disclose the document or information to them for purposes of the Litigation; (2) they are not Parties; and (3) they are not officers, directors, or employees of Parties, of affiliates of parties, or of competitors of Parties;

e.   the Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

f.   a court reporter retained by one or more of the Parties for purposes of the Litigation who has executed a declaration in the form of Exhibit 1; and

g.   the author, addressee or any other person or entity identified as a recipient of specified Confidential Information who would otherwise be entitled to receive it.

9.   **Access to Restricted Information.** Unless otherwise agreed upon in writing by the Parties or pursuant to court order, Protected Information designated as "CONFIDENTIAL-RESTRICTED INFORMATION FOR USE ONLY IN <u>ALLEN V. HYLAND'S, INC.</u>," or substantially similar language that at a minimum incorporates the words "confidential" and "restricted," shall not be disclosed to any person or entity other than the following:

a.   counsel for the respective Parties whose firm is counsel of record in the Litigation or are otherwise assisting in the prosecution or defense thereof;

b.   consulting experts and testifying experts and their employees who have been engaged by counsel for a Party for the purpose of assisting in the Litigation, but only if:  (1) it is reasonable to disclose the document or information to them for purposes of the Litigation; (2) they are not Parties; (3) they are not officers, directors, or employees of Parties, of affiliates of Parties, or of competitors of Parties; and (4) they have signed a declaration in the form of Exhibit 1;

c.   secretaries, paralegals, and other clerical or support personnel employed by or retained by counsel for a Party but only if:  (1) it is reasonable to disclose the document or information to them for purposes of the Litigation; (2) they are not Parties; and (3) they are not officers, directors, or employees of Parties, of affiliates of Parties, or of competitors of Parties;

d.   the Court, including judicial employees and all other necessary personnel, including court reporters employed by or retained by the Court;

e.   a court reporter retained by one or more of the Parties for purposes of this Litigation who has executed a declaration in the form of Exhibit 1;

f.   the author, addressee, or any other person or entity identified as a recipient of specified Confidential Restricted Information who would otherwise be entitled to receive it; and

g.   the Designating Party.

10.   **Disclosure to Experts.**   A Receiving Party shall not disclose or disseminate any Protected Information to its experts or consultants until the experts or consultants have executed a declaration in the form attached as Exhibit 1.  If any such declaration is signed by an expert or witness designated pursuant to Rule 26(a)

of the Federal Rules of Civil Procedure, a copy of that declaration shall be placed in the expert's or witness's file, and provided upon request by the Designating Party whose Protected Information was reviewed by the expert or witness.   Original declarations signed by experts or witnesses not designated pursuant to Rule 26(a) of the Federal Rules of Civil Procedure shall be maintained by the Receiving Party that retained such expert or witness and shall be submitted to the Court for *in camera* review on request by the Court or by court order after the motion of any Party for such a review, based on a showing of good cause, for an alleged breach of the Protective Order.

If a Receiving Party is going to disclose Protected Information of another party to an expert pursuant to Paragraphs 8 or 9, the Receiving (*i.e.*, disclosing) Party may, **but is in no way obligated to**, disclose to the Designating Party the name of the expert along with a copy of the signed declaration, a curriculum vitae of the proposed expert, and the basis for any potential conflict, at least five (5) business days before the Protected Information is shown to such an expert.   In the event the Receiving Party does voluntarily choose to disclose the name of the expert, the Designating Party may object to the disclosure of the Protected Information to the expert if, and only if, the Designating Party reasonably believes that the expert has a conflict of interest in receiving the Protected Information (*e.g.*, the expert is currently working for a competitor of the Designating Party).   If no objection is made in writing to such person receiving Protected Information within such five (5) business day period, then the Protected Information may be disclosed to such person.

If an objection is made, then the Designating (*i.e.*, objecting) Party may bring before the Court the question of whether the Protected Information may be disclosed to such person within five (5) business days of the written objection being made.   No disclosure of any Protected Information to such person shall be made until the Court has fully resolved the dispute regarding disclosure of the Protected

Information to the person in question.  In the resolution of such matter, the Designating Party shall have the burden of establishing before the Court the reasons for denying disclosure to such person.  All signed undertakings shall be maintained by the party receiving the undertakings through the conclusion of this Litigation. Except upon order of the court based on a showing of good cause, a party receiving and maintaining a signed undertaking during this Litigation is under no obligation to provide copies of such signed undertakings to any Designating Party or any other individual or entity.  A Designating Party's failure to object within the five (5) business days preceding the disclosure to an expert does not operate to waive any right of the Designating Party to object to the expert with respect to an undisclosed conflict of interest or to the admission or use of the expert's opinion at trial (or in pre-trial proceedings) for any procedural or evidentiary reason including, but not limited to, objections based on the qualifications, credibility, or suitability of the expert.

11.   **Use in Depositions.**  If a Receiving Party wishes to divulge Protected Information during a deposition at which one or more persons are present to whom disclosure is not permitted under Paragraphs 8 or 9, then the following procedures shall be followed:

a.   If a Receiving Party anticipates that Protected Information will be divulged in deposition, it shall provide at least 5 days written notice to the Designating Party prior to questioning at the deposition.  The Receiving Party may not divulge Protected Information during the deposition in the absence of an agreement with the Designating Party, or a court order, permitting the disclosure, unless the deponent is shown on the document as an author or recipient or the deponent otherwise has been privy to the Protected Information.

b.   Any questioning of the deponent that relates to any Protected

Information shall be conducted with only the following persons entitled to be present:  (1) the deponent, who is permitted access to the information under this Protective Order and has executed a declaration in the form of Exhibit 1; (2) counsel representing the deponent, who has executed a declaration in the form of Exhibit 1; (3) any designated representative of the Designating Party producing the Protected Information; (4) counsel for the Party conducting the deposition; (5) the court reporter, who has executed a declaration in the form of Exhibit 1; (6) any other person authorized to be present by prior order of the Court; (7) any other person authorized to be present by counsel for the Designating Party; and (8) any counsel (or their staff) for other Parties.

c.   The confidential portion of the deposition shall be separately transcribed and shall be sealed and marked "CONFIDENTIAL" or "CONFIDENTIAL RESTRICTED INFORMATION" by the court reporter, and shall not be made part of the public transcript.  The sealed portions of the transcript may only be provided to the persons authorized under this Protective Order.

d.   If documents containing Confidential Information or Confidential-Restricted Information are used in deposition, they shall be marked pursuant to Paragraph 6 and shall be attached only to the confidential transcript.

e.   Within thirty (30) days of receipt of the certified deposition transcript, any Party may mark as "CONFIDENTIAL" or "CONFIDENTIAL RESTRICTED INFORMATION" any portion of the deposition transcript containing such information. The Party seeking to mark a deposition transcript, or portions of

a deposition transcript, as "CONFIDENTIAL" or "CONFIDENTIAL RESTRICTED INFORMATION" after the certified transcript has been prepared shall promptly notify all persons who were present at the deposition of its intent to do so, shall instruct the court reporter to conform the deposition transcript to Paragraph 11.d., and shall bear all reasonable costs related thereto.

f. A Designating Party may de-designate any portion of the deposition transcript that the Party previously had designated as Protected Information, by promptly notifying in writing all other Parties and all persons who were present at the deposition of its intent to de-designate. The notice shall identify with specificity the portion or portions of the transcript that no longer are designated as Protected Information. The Designating Party shall instruct the court reporter to produce a new certified copy of the deposition transcript that removes any confidentiality designations as appropriate, and shall bear all reasonable costs related thereto.

12. **Sanction.** Intentional disclosure of Protected Information or other violation of this Protective Order by a Party or other person authorized to receive Protected Information pursuant to this Protective Order may subject the violating person to sanctions for contempt of court, as well as any other statutory or common law remedies that may be available to the Designating Party.

13. **Disclosure of Own Information.** Nothing in this Protective Order shall prevent a Designating Party from disclosing its own Protected Information to any person or otherwise using that information for purposes of this Litigation. Whether such disclosure waives the protection of this Protective Order or results in that disclosed material becoming discoverable by other Parties shall be determined

by the Court according to the facts and relevant law.

14.   **Inadvertent Production of Confidential Material Without a Designation.**  If a Designating Party inadvertently produces Protected Information without designating it as such in accordance with this Order, the Designating Party shall notify all Receiving Parties of the proper designation of the Protected Information as soon as practical after discovery of the error by the Designating Party.   The Designating Party shall provide the Receiving Parties with a replacement of the Protected Information marked in accordance with this Protective Order.  Upon receipt of the properly designated document or information:  (a) the document or information shall be treated by the Receiving Parties as if it had been timely designated as Protected Information under this Protective Order; and (b) the Receiving Parties shall use reasonable efforts to identify any other persons or entities to whom the information in question was given.  It shall then be the burden of the Receiving Parties to collect in good faith all such Protected Information from persons and entities who would not have been entitled access thereto if the document or information had been so designated at the outset.  The Receiving Parties shall use reasonable efforts to protect from disclosure any unmarked copies of the Protected Information in their possession, by destroying or returning to the Designating Party any unmarked copies of the Protected Information in their possession.   The inadvertent disclosure or inadvertent mis-marking by a Designating Party of documents or information that the Designating Party believes to be confidential shall not automatically be deemed a waiver in whole or in part of the Designating Party's claim of confidentiality, either as to the specific document or information disclosed or as to any other document or information relating thereto or concerning the same or related subject matter.  However, any Party may claim that the intentional disclosure of Protected Information by the Designating Party to anyone other than the Designating Party and its counsel, without the confidential designation, be deemed a waiver of any claimed protection.

15. **Inadvertent Production of Privileged Material.** If a Party inadvertently or mistakenly produces Privileged Material, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege or work-product immunity for the inadvertently produced document or any other document covering the same or a similar subject matter under applicable law, including Federal Rule of Evidence 502. Pursuant to Fed. R. Evid. 502(d), the inadvertent production of Privileged Material in this proceeding shall not constitute a waiver of any applicable privilege, protection, or prohibition from disclosure of that Privileged Material in any other federal or state proceeding.

If a Party has inadvertently or mistakenly produced Privileged Material, and if the Party makes a written request for the return of such Privileged Material, the Privileged Material for which a claim of inadvertent production is made (including any analyses, memoranda, or notes which were internally generated based upon such inadvertently-produced Privileged Material), as well as all copies, shall be either sequestered or returned within ten (10) business days regardless of whether the Receiving Party disputes the claim of privilege. The Party shall provide sufficient information to the Receiving Party regarding the asserted privilege(s), in the form of a privilege log. If the Receiving Party disputes the assertion of privilege, the Receiving Party may move the Court for an order compelling production of the material, but such motion shall not assert the fact or circumstance of the inadvertent production as a ground for entering such an order. Subject to the Court's direction, resolution of the issue may include the Court's review of the potentially Privileged Material *in camera*. Notwithstanding this Protective Order, no Party will be prevented from moving the Court for an order compelling the production of documents for which the privilege has been waived pursuant to, *inter alia*, the crime-fraud exception.

16. **De-Designation.** Nothing in this Protective Order shall be deemed to preclude a Designating Party from de-designating any Protected Information at any

time.  The Designating Party shall notify all Receiving Parties in writing of its intent to de-designate, at which time the document or information shall no longer be treated as Protected Information under this Protective Order.  The Designating Party shall also produce new copies of the documents or information without any confidentiality designations, and shall bear all reasonable costs related thereto.

17.  **Challenging Confidentiality Designations.**  Nothing in this Protective Order shall be deemed to preclude a Receiving Party from seeking permission of the Court to release information designated as Confidential Information or Confidential-Restricted Information under this Protective Order.  If a dispute arises regarding the designation of documents or information as Protected Information, the following procedures shall be followed:

a.  In the event that a Receiving Party believes, in good faith, that a document or information produced or disclosed which has been designated as Protected Information under this Protective Order is not confidential or should not be designated as Confidential Information or Confidential-Restricted Information, the Receiving Party shall send the Designating Party a written request specifically identifying the information or document (by bates-number), sought to be disclosed and the reasons why said information or document should not be so designated and/or subject to this Protective Order.  Within ten (10) business days of receipt of such a written request, the Parties shall meet and confer.

b.  If the Parties are unable to agree, within the ten (10) day period under Paragraph 17.a., upon a satisfactory resolution, the Receiving Party may seek an order concerning such information or documents which has previously been produced or disclosed under the Protective Order.  The Designating Party shall in any

proceeding or other matter concerning such designation have the burden of proof in justifying the confidential designation pursuant to this Protective Order and applicable law.

c.    If the Receiving Party seeks an order pursuant to Paragraph 17.b, above, no Party may disclose Protected Information in a manner contrary to its designation unless the Designating Party subsequently consents to disclosure or prior to ten days after the Court has issued an order allowing disclosure or as otherwise ordered by the Court.  To the extent the Court rules that any information designated as Protected Information is not entitled to the confidentiality protection asserted by the Designating Party, the Designating Party shall produce new copies of the documents or information without any confidentiality designations, and shall bear all reasonable costs related thereto.

18.    **Discussion with Clients.**  In the event that a Receiving Party's counsel believes in good faith that it is reasonable to consult with its client (or in the case of a corporate client, an officer, or employee thereof), who would not be permitted access under the provisions of Paragraph 9 above, about a document or information designated "CONFIDENTIAL-RESTRICTED" that directly identifies such client, officer, or employee, counsel may consult with such client, officer, or employee about the portion of such document or information that directly identifies such client, officer, or employee, so long as:  (a) the consultation does not disclose specifically Confidential-Restricted Information, but only the general subject matter of the document or information; and (b) the document or information itself or any other portion thereof is not given or disclosed to such client, officer, or employee; and (c) such client, officer, or employee has signed a declaration in the form of Exhibit 1.

19.    **Filing Under Seal.** All requests to seal documents filed with the Court

1    shall comply with Local Civil Rule 79-5.1.

2        20.    Notwithstanding any other provision of this Protective Order, if the

3    need arises during trial or at any hearing before the Court for any Party to disclose

4    Protected Information, the Parties shall confer and attempt to agree before any court

5    trial or hearing regarding the procedures for which Protected Information may be

6    used or introduced into evidence at such trial or hearing.  Upon reaching agreement,

7    the Parties shall give notice of the terms of such agreement to each third party

8    producing Protected Information which may be used or introduced at such trial or

9    hearing.  Because it would affect the public availability of material used at a trial or

10   hearing, any such agreement will be effective only upon Court approval.  Absent

11   agreement of the Parties, any Party, upon reasonable notice to the Designating

12   Party, may move the Court to issue an order governing the use of Protected

13   Information at a trial or hearing.

14       21.    This Protective Order in no way alters the law regarding the type of

15   information that may be deemed Protected Information nor the burdens for

16   demonstrating confidentiality or the right to discovery of Protected Information.

17       22.    **Protected Material Subpoenaed or Ordered Produced in Other**

18   **Matters.**  Any Receiving Party who receives a subpoena or other process from a

19   non-Party, or order, to produce, or disclose Protected Information shall provide the

20   Designating Party with written notice thereof (which notice shall include a copy of

21   the subpoena or other process or order or other information necessary to reasonably

22   inform) within seventy-two (72) hours of receipt of said written notice to enable the

23   Designating Party to take whatever action it deems appropriate.  The Designating

24   Party may then seek an order from the court issuing the subpoena, process, or order

25   that prohibits and/or limits the scope of any disclosure, and shall provide notice of

26   such application to the Party receiving the subpoena or other process or order.  The

27   Receiving Party may comply with the subpoena, process, or order on the last day

28   specified for compliance therewith, unless the Designating Party has sought an

order prohibiting and/or modifying the disclosure sought, and shall comply with any subsequent order of court prohibiting and/or limiting the scope of any disclosure.  Any disputes arising under this Paragraph shall be governed by the procedures specified in Paragraph 17 of this Protective Order.  **Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.**

23.  **Final Disposition.**  Within ninety (90) days of any written request, made after the termination of this Litigation, including appeals, the Party to whom the Protected Information was produced shall either:  (1) return all such Protected Information and all copies, portions, excerpts, and extracts (excluding excerpts or extracts incorporated into any privileged memoranda) to the Designating Party; or (2) provide the Designating Party with a written certification, that all Protected Information provided to them, as well as all Protected Information they provided to others, has, to the best of their knowledge, been destroyed.  To the extent it is not reasonably possible to destroy or return certain Protected Information in the possession of a Receiving Party – *e.g.*, some Protected Information was attached to an email – such Receiving Party agrees to maintain the confidentiality of such Protected Information and shall provide a written certification to that effect.

Notwithstanding this provision, Parties and Counsel shall not be required to delete information that may reside on their respective firms' or other electronic disaster recovery systems that are overwritten in the normal course of business, or information that may reside in electronic files which are not reasonably accessible. However, Parties and their Counsel shall not retrieve any Confidential or Confidential-Restricted material from said electronic disaster recovery systems or other not-reasonably accessible data sources after the conclusion of the Litigation. Additionally, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Information.  Any such archival

1  copies that contain or constitute Protected Information remain subject to this
2  Protective Order as set forth in Paragraph 26.

3      24.  **No Waiver of Right To Appropriately Withhold or Redact.**
4  Notwithstanding the provisions of this Protective Order, Designating Parties may
5  redact from any produced information, whether designated as Protected Information
6  or not, any information containing Privileged Material or any irrelevant trade
7  secrets or other irrelevant highly confidential research, development, or commercial
8  information, or any other data protected from disclosure by State or Federal
9  regulations.  If, after reviewing information containing a redaction a Receiving
10 Party has a good faith basis for challenging the redaction, the Parties shall initially
11 attempt to resolve the issue through discussions.  If those discussions prove
12 unsuccessful, the challenging Party may move for a ruling by the Court on whether
13 the information is entitled to redaction, which may, where legally permitted,
14 necessitate an *in camera* inspection of the document in non-redacted form by the
15 Court.  If the Court orders that the redacted portion of the information should
16 remain redacted, then the redacted portion of said Discovery Material may not be
17 used as evidence by any Party at trial or at a hearing and may not be relied upon by
18 any Party's Experts.  If the Court orders that the redacted portion of the information
19 is not entitled to redaction, and if the Court orders the Designating Party to produce
20 the information without redaction, then the Designating Party shall produce the
21 information in non-redacted form.  Unless expressly ordered otherwise by the
22 Court, a finding that information is not entitled to redaction shall have no effect on
23 the status of the information as Protected Information.

24     25.  **Right to Assert Other Objections**.  Nothing in this Protective Order
25 shall limit a person or entity's right to seek or object to discovery of and/or the
26 disclosure of information or documents on any basis, including but not limited to,
27 being Protected Information, alter the burdens for objecting to, or obtaining
28 discovery of, Protected Information, or affect the admissibility or inadmissibility of

any Protected Information; nor shall this Order preclude any person or entity from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or Local Rules of the United States District Court for the Central District of California.

26.    The Court shall retain jurisdiction following termination of the Litigation for the purpose of enforcing any provisions of this Protective Order.

27.    **Responsibility of Attorneys**.   Outside Counsel are responsible for employing reasonable measures to control and track, consistent with this Protective Order, access to and distribution of information, including abstracts and summaries thereof.

28.    **Right to Further Relief**.   Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.   This Protective Order may be amended or superseded by written agreement of the Parties and order of the Court, or by order of the Court.   In the event that such modification is sought, the Parties reserve the right to raise any and all arguments and to invoke any and all laws in opposition to such modification.   Any modification sought shall not apply unless and until ordered by the Court.

**IT IS SO ORDERED.**

DATED:  July 10, 2012

_Margaret A. Nagle_
_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1**

I, [name], have read the Protective Order (the "Order") in the action entitled ALLEN V. HYLAND'S, INC., United States District Court for the Central District of California, Case No. 2:12-CV-1150-DMG (MANx), and agree on behalf of myself and those in my organization, _____, that if any Protected Information is provided to me pursuant to the terms of the Order, I and those in my organization will be bound by and comply with the terms of the Order and will maintain that information as confidential in the manner designated under the Order.  I will not disclose Protected Information to others, including in my organization, unless permitted under the Order.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Dated: _____

Name: _____

For:    _____