1  JEFFREY B. MARGULIES (BAR NO. 126002)
   jmargulies@fulbright.com
2  STEPHANIE A. STROUP (BAR NO. 235071)
   sstroup@fulbright.com
3  MATTHEW M. GURVITZ (BAR NO. 272895)
   mgurvitz@fulbright.com
4  **FULBRIGHT & JAWORSKI L.L.P.**
   555 South Flower Street
5  Forty-First Floor
   Los Angeles, California  90071
6  Telephone:  (213) 892-9200
   Facsimile:   (213) 892-9494
7
   Attorneys for Defendants
8  STANDARD HOMEOPATHIC COMPANY and
   HYLAND'S, INC.
9

10            IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  KIM ALLEN, DANIELE XENOS, ROGER HUTCHINSON, MELISSA NIGH, SHERRELL SMITH, YUANKE XU, DIANA SISTI, and NANCY RODRIGUEZ, on behalf of themselves and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HYLAND'S INC., a California Corporation; and STANDARD HOMEOPATHIC COMPANY,<br><br>Defendants. | Case No.  CV-12-1150 DMG (MANx)<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Hearing<br>Date:    November 9, 2012<br>Time:    9:30 a.m.<br>Ctrm:   7<br>Judge:   Dolly Gee |

22

23

24

25

26

27

28

DOCUMENT PREPARED
ON RECYCLED PAPER

52248238.4

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.      Introduction...................................................................................... - 1 -

II.     Facts Alleged in the Second Amended Complaint........................... - 2 -

III.    Legal Standard for Judgment on the Pleadings .............................. - 3 -

IV.     Plaintiffs' Claim for Punitive Damages Fails as a Matter of Law ............... - 4 -

  A.    Plaintiffs Are Not Entitled to Recover Punitive Damages Under the
        CLRA ........................................................................................... - 5 -

    1.  *Pleading Standard for Punitive Damages Under California Law* ........ - 5 -

    2.  *Plaintiffs Have Not Pled Malice, Oppression, or Fraud* ...................... - 6 -

V.      Plaintiffs Fail to State an MMWA Cause of Action ...................... - 8 -

VI.     Conclusion .................................................................................... - 11 -

DOCUMENT PREPARED
ON RECYCLED PAPER

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Anderson v. Jamba Juice Co.*,
No. 12-CV-01213 YGR, 2012 U.S. Dist. LEXIS 120723
(N.D. Cal. 8-24-2012) .................................................................................... 10

*Ashcroft v. Iqbal*,
129 S. Ct. 1937 (2009) ..................................................... 4, 6, 7, 8, 10

*Astiana v. Dreyer's Grand Ice Cream*,
No. C-11-2910 EMC, 2012 U.S. Dist. LEXIS 101371
(N.D. Cal. 7-20-2012) .................................................................................... 10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ......................................................... 3, 6, 7, 8, 9

*Cafasso v. General Dynamics C4 Systems*,
637 F.3d 1047 (9th Cir. 2011) ..................................................................... 3

*Catrett v. Landmark Dodge, Inc.*,
253 Ga. App. 639 (2002) .............................................................................. 4

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ................................................................................... 7

*College Hosp. v. Superior Court*,
8 Cal. 4th 704 (1994) ..................................................................................... 6

*Computer Economics, Inc. v. Gartner Group, Inc.*
50 F. Supp. 2d 980 (S.D. Cal. 1999) ........................................................ 6

*Curry v. Baca*,
497 F. Supp. 2d 1128 (C.D. Cal. 2007) ................................................... 3

*Erie R.R. v. Tompkins*,
304 U.S. 64 (1938) .......................................................................................... 6

*Grieves v. Superior Court*,
157 Cal. App. 3d 159 (1984) ....................................................................... 8

*Hairston v. South Beach Beverage Co.*,
No. CV-12-1429-JFW (DTBx), 2012 U.S. Dist. LEXIS 74379
(C.D. Cal. 5-18-2012)..........................................................................10

*Lackner v. North*,
135 Cal. App. 4th 1188 (2006)...............................................................6

*Mahon v. Chicago Title Ins. Co.*,
2012 U.S. Dist. LEXIS 115613 (D. Conn. 8-16-2012)..........................3

*Mock v. Mich. Millers Mut. Ins. Co.*,
4 Cal. App. 4th 306 (1992)....................................................................6

*In re Molina*,
228 B.R. 248 (B.A.P. 9th Cir. 1998)......................................................8

*People v. Superior Court (Jayhill Corp.)*,
9 Cal. 3d 283 (1973)..............................................................................4

*Pineda v. Bank of America, N.A.*,
50 Cal. 4th 1389 (2010)..........................................................................4

*Rollins, Inc. v. Heller*,
454 So. 2d 580 (Fla. App. 3 Dist. 1984) ...............................................4

*Ross v. U.S. Bank Nat. Ass'n*,
542 F. Supp. 2d 1014 (N.D. Cal. 2008)..................................................3

*In re Sears, Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
MDL-1703, 2006 U.S. Dist. LEXIS 100903
(N.D. Ill. 5-17-2006) ...........................................................................10

*State Farm Fire & Cas. Co. v. Superior Court*,
45 Cal. App. 4th 1093 (1996).................................................................7

*Stickrath v. Globalstar, Inc.*,
527 F. Supp. 2d 992 (N.D. Cal. 2007).....................................................6

*Tethys Bioscience, Inc. v. Mintz*,
2010 U.S. Dist. LEXIS 55010
(N.D. Cal. 6-4-2010) ..........................................................................6, 8

*Wayne Merritt Motor Co. v. New Hampshire Ins. Co.*,
2011 U.S. Dist. LEXIS 122320 (N.D. Cal. 10-21-2011)........................7

# RULES AND STATUTES

15 U.S.C.
 § 2301(6)(A) ......................................................................................9, 10
 § 2301. .........................................................................................................1

Cal. Bus. & Prof. Code
 § 17200. .......................................................................................................4
 § 17500. .......................................................................................................4

Cal. Civil Code
 § 1750. .........................................................................................................1
 § 3294 ...............................................................................................5, 6, 8
 §3294(c) .......................................................................................................5
 § 3294(c)(2) .................................................................................................7

Cal. Com. Code
 § 1305(a) ......................................................................................................4

Federal Rule of Civil Procedure
 Rule 9(b) ......................................................................................................6
 Rule 12(b)(6) ...............................................................................................3
 Rule 12(c) ....................................................................................................3

Fla. Stat. Ann. 501.207(1) .....................................................................................4

Ga. Code Ann. § 10-1-373 .....................................................................................4

Defendants Hyland's, Inc. ("Hyland's") and Standard Homeopathic Company ("SHC") (collectively "Defendants") hereby submit their Memorandum of Points and Authorities in Support of Their Motion for Judgment on the Pleadings relating to the Second Amended Complaint ("SAC") filed by Plaintiffs Kim Allen, Daniele Xenos, Roger Hutchinson, Melissa Nigh, Sherrell Smith, Yuanke Xu, Diana Sisti, and Nancy Rodriguez ("Plaintiffs").

## I.  INTRODUCTION

As discovery has progressed in this case, it is becoming clear that Plaintiffs are making assertions and seeking damages that are unsupported and, most plainly, have not been appropriately pled in this action.  Moreover, they are seeking to engage in discovery on issues that are discoverable solely due to these inappropriately-pled claims.  By this motion for judgment on the pleadings, Defendants seek to have the Court dismiss Plaintiffs' prayer for punitive damages and Plaintiffs' cause of action asserting a violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301 *et seq.*

First, Plaintiffs have not pled facts sufficient to demonstrate an entitlement to their demand for an award of punitive damages.  The only claim in the SAC that permits recovery of punitive damages is their cause of action for alleged violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750 *et seq*. In order to state a claim for punitive damages under California law, Plaintiffs must plead "fraud, malice, or oppression" with sufficient facts to raise the right to relief above a speculative level, and allegations of fraud must be pled with particularity. Plaintiffs have not pled malice or oppression.  Plaintiffs' allegations of fraud fall substantially short of the level of particularity required to sustain a claim for punitive damages.  This deficiency precludes an award under the CLRA as a matter of law.

Additionally, Plaintiffs' cause of action under the MMWA must be dismissed because the "written warranty" alleged in the SAC does not satisfy the definition of

1  a warranty under the Act.  The allegation, therefore, is insufficient on its face to

2  sustain a cause of action under the MMWA.

3  **II.    FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT**

4          In their SAC, Plaintiffs request that the Court award them punitive damages,

5  as available under the CLRA.  SAC, ¶ 138.  Plaintiffs allege that Defendants'

6  advertisements violate the CLRA because Defendants "knew, or should have

7  known, that the representations and advertisements were false or misleading."

8  SAC, ¶ 134.  Without any other allegation of intent, scienter, or additional facts

9  suggesting fraud, Plaintiffs seek an award of punitive damages for the alleged

10  violations of the CLRA.  SAC, ¶ 138.  Plaintiffs do not allege a right to punitive

11  damages under any other cause of action.  *See, generally*, SAC.

12          Plaintiffs also allege a violation of the MMWA by stating that Defendants

13  issued an express warranty stating "that the Products offer relief from various

14  ailments and symptoms as listed in Ex. 3, when in fact, these Products do not

15  provide relief for any of these ailments or symptoms."  SAC, ¶ 176.  The MMWA

16  cause of action does not itself identify any representations or allege any specific

17  express warranties.  *See* SAC, ¶¶ 171-178.  Plaintiffs incorporate by reference a

18  chart of numerous representations made across 12 separate products, not all of

19  which relate to the ability to relieve symptoms.  *See* SAC, Ex. 3.  The chart

20  identifies each Product at issue and merely lists statements that Plaintiffs claim are

21  false and/or misleading.  SAC, Ex. 3.  For example, the "Challenged Statements"

22  for Calms Forté include: "Sleep Aid," "For Restless or Wakeful Sleep from

23  Exhaustion," "For Stress, Nervousness or Nervous Headache," "For Drowsiness

24  with Incomplete Sleep," "For Nervous Irritability," "Biochemic Phosphates for

25  Enhancing Cellular Function," "Wake up Rested & Refreshed," "Relieves Stress to

26  Help you Sleep."  SAC, Ex. 3, p. 19.  The chart does not identify which, if any, of

27  the representations constitute express warranties.  SAC, Ex. 3.  Moreover, the SAC

28  does not allege that Defendants made any express written warranty relating to the

1  material or workmanship that also affirms or promises that the material or

2  workmanship is defect-free.  *See* SAC, ¶¶ 171-178.

3  ## III.  <u>LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS</u>

4   After the pleadings are closed, a party may move for judgment on the

5  pleadings challenging the sufficiency of the claims in a complaint.  Fed. R. Civ. P.

6  12(c); *Ross v. U.S. Bank Nat. Ass'n*, 542 F. Supp. 2d 1014, 1023 (N.D. Cal. 2008).[1]

7  Motions for judgment on the pleadings are governed by the same standards

8  applicable to Rule 12(b)(6) motions to dismiss.  *Cafasso v. General Dynamics C4*

9  *Systems*, 637 F.3d 1047, 1054, n.4 (9th Cir. 2011) ("Rule 12(c) is 'functionally

10  identical' to Rule 12(b)(6)").  A cause of action – or prayer for relief – must be

11  dismissed if the facts alleged in the complaint fail to state a legally sufficient claim.

12  *Ross*, 542 F. Supp. 2d at 1023.  Courts routinely permit "partial" judgment on the

13  pleadings dismissing individual causes of action or prayers for relief.  *Curry v.*

14  *Baca*, 497 F. Supp. 2d 1128, 1130 (C.D. Cal. 2007); *see also Mahon v. Chicago*

15  *Title Ins. Co.*, 2012 U.S. Dist. LEXIS 115613, at *16-*17 (D. Conn. 8-16-2012)

16  (discussing claim for punitive damages pursuant to Rule 12(c)).

17   In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("*Twombly*"), the

18  Supreme Court clarified what is necessary to state an actionable claim: "While a

19  complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

20  factual allegations, a plaintiff's obligation to provide the 'grounds' of his

21  'entitlement to relief' requires more than labels and conclusions, and a formulaic

22  recitation of the elements of a cause of action will not do."  *Id.*  The "[f]actual

23  allegations must be enough to raise a right to relief above the speculative level"; the

24  complaint must include "enough facts to state a claim to relief that is plausible on

25  its face."  *Id.*, at 555, 570.  The Supreme Court has provided further guidance:

---

[1] Rule 12(c) requires that a motion for judgment on the pleadings be filed early enough to not delay trial.  Since no trial date has been set, and a favorable ruling on the motion will save time by reducing the number of claims on which discovery is needed in this case, this motion is unlikely to delay trial.

1 "Threadbare recitals of elements of a cause of action, supported by mere conclusory
2 statements, do not suffice," nor do "unadorned, the-defendant-unlawfully-harmed-
3 me" accusations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("*Iqbal*").

4 **IV.  PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES FAILS AS A**
5 **MATTER OF LAW**

6 Plaintiffs have failed to adequately plead facts sufficient to support their
7 claim for punitive damages under any of the alleged causes of action and, as such,
8 the prayer for relief must be dismissed.

9 All but one of the causes of action Plaintiffs assert in the SAC do not permit
10 a recovery of punitive damages.  Damages, including punitive damages, are not
11 recoverable under either the California Unfair Competition Law [2] or False
12 Advertising Law[3] causes of action.  *Pineda v. Bank of America, N.A.*, 50 Cal. 4th
13 1389, 1401 (2010); *People v. Superior Court (Jayhill Corp.)*, 9 Cal. 3d 283, 287
14 (1973).  Similarly, punitive damages are not recoverable under express or implied
15 warranty theories.  *See* Cal. Com. Code § 1305(a).

16 Plaintiffs are unable to recover punitive damages under the consumer laws of
17 Florida and Georgia.  Neither the Florida Deceptive and Unfair Trade Practices Act
18 ("FDUTPA") nor the Georgia Uniform Deceptive Trade Practice Act ("GUDTPA")
19 provide for an award of punitive damages.  *See* Fla. Stat. Ann. 501.207(1); *see also*
20 *Rollins, Inc. v. Heller*, 454 So. 2d 580, 585-86 (Fla. App. 3 Dist. 1984) ("any award
21 of punitive damages based upon a violation of FDUTPA would be improper absent
22 some independent basis such as fraud."); Ga. Code Ann. § 10-1-373; *Catrett v.*
23 *Landmark Dodge, Inc.*, 253 Ga. App. 639, 644 (2002) ("injunctive relief is the only
24 remedy permitted by the [GU]DTPA.").  Appropriately, Plaintiffs have not sought
25 to recover punitive damages in connection with these claims.  In connection with
26 the FDUTPA cause of action, the SAC seeks only damages, injunctive relief, and

27
28 [2] Cal. Bus. & Prof. Code §§ 17200 *et seq.*
[3] Cal. Bus. & Prof. Code §§ 17500 *et seq.*

attorneys' fees and costs, failing to raise a claim for punitive damages.  SAC, ¶¶ 197-199.  Likewise, Plaintiffs seek only injunctive relief in connection with their GUDTPA claim, with a request for attorneys' fees and costs.  SAC, ¶ 208.

As such, the only cause of action under which Plaintiffs could recovery punitive damages is the CLRA.  But the SAC does not plead facts sufficient to support recovery of punitive damages under California law.

**A.**      **Plaintiffs Are Not Entitled to Recover Punitive Damages Under the CLRA**

The SAC seeks punitive damages based only on a conclusory allegation that Defendants engaged in "unlawful, unfair, or deceptive business practices and any other act prohibited by law."  SAC, ¶ 138.  However, Plaintiffs' allegations that the Defendants engaged in false or misleading advertising of the Products fall woefully short of the type of factual allegations required to plead "oppression, fraud, or malice" under Civil Code § 3294 and controlling case law.

*1.*      *Pleading Standard for Punitive Damages Under California Law*

In order for Plaintiffs to receive punitive damages under the CLRA, they must allege "that the defendant has been guilty of oppression, fraud, or malice." Civ. Code § 3294.

Section 3294(c), specifically defines "malice," "oppression," and "fraud":

"(1) 'Malice' means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

"(2) 'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

"(3) 'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury."

"Despicable conduct" has been defined by California courts as "conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people." *Mock v. Mich. Millers Mut. Ins. Co.*, 4 Cal. App. 4th 306, 331 (1992); *see also College Hosp. v. Superior Court*, 8 Cal. 4th 704, 725 (1994) (citing BAJI No. 14.72. and *Mock*); *Lackner v. North*, 135 Cal. App. 4th 1188, 1210 (2006).

While California law supplies the substantive standard, the Federal Rules of Civil Procedure govern the adequacy of pleading. *See Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 986 (S.D. Cal. 1999) (*citing Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). Under *Iqbal* and *Twombly*, Plaintiffs are required to plead facts sufficient to raise a right to relief above the speculative level. *Iqbal*, 129 S. Ct. at 1949. Facts must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Federal Rule of Civil Procedure 9(b) requires that "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Plaintiffs' claims under the CLRA are subject to Rule 9(b)'s heightened pleading requirements because the claims are based on alleged misrepresentations and failures to disclose facts. *See Stickrath v. Globalstar, Inc.*, 527 F. Supp. 2d 992, 997-98 (N.D. Cal. 2007) (Rule 9(b) pleading requirement applied to CLRA claims based on allegations of affirmative misrepresentations and failure to disclose material information about quality of services in advertisements). Rule 9(b) particularity requirements apply to a pleading seeking punitive damages under a "fraud" theory. *Tethys Bioscience, Inc. v. Mintz*, 2010 U.S. Dist. LEXIS 55010, at *23-*24 (N.D. Cal. 6-4-2010) (applying Rule 9(b) to plaintiff's punitive damage claim under the "fraud" prong of Civil Code § 3294).

## 2.   *Plaintiffs Have Not Pled Malice, Oppression, or Fraud*

Plaintiffs' punitive damages claim should be dismissed because Plaintiffs

DOCUMENT PREPARED ON RECYCLED PAPER

1  have failed to plead any facts demonstrating malice, oppression, or fraud, and

2  indeed fails to even mention any of these factors.  *See* SAC, ¶¶ 131-139.

3      The Complaint does not plead malice.  Plaintiffs do not allege any facts

4  indicating that Defendants either intended to cause injury to the Plaintiffs, or that

5  their actions constitute despicable conduct carried on with a willful and conscious

6  disregard of the rights or safety of others.

7      The Complaint does not allege oppression.  Plaintiffs have not alleged any

8  facts demonstrating that Defendants engaged in any "despicable conduct that

9  subjects a person to cruel and unjust hardship in conscious disregard of that

10 person's rights."  *See* Civ. Code § 3294(c)(2).[4]

11     Finally, Plaintiffs have not sufficiently pled entitlement to punitive damages

12 under a fraud theory because they have not alleged that Defendants made any

13 intentional misrepresentation with the intent to deprive Plaintiffs of property or

14 legal rights or otherwise cause injury.   Instead, Plaintiffs rely on conclusory

15 allegations that Defendants "knew, or should have known, that the representations

16 and advertisements were false or misleading."  SAC, ¶ 134; *see also Wayne Merritt*

17 *Motor Co. v. New Hampshire Ins. Co.*, 2011 U.S. Dist. LEXIS 122320, at *42

18 (N.D. Cal. 10-21-2011) ("the mere allegation that an intentional tort was committed

19 is not sufficient to warrant an award of punitive damages.  Not only must there be

20

_____

21 [4] Defendants anticipate that Plaintiffs may argue that oppression is pled by their

22 reference to the "unfair" prong of the UCL, which prohibits conduct that is

23 "immoral, unethical, oppressive, unscrupulous or substantially injurious to

   consumers."  *See, e.g., State Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App.

24 4th 1093, 1103-04 (1996).  Despite the fact that this standard is not applicable to

25 conduct that is statutorily regulated (*see Cel-Tech Communications, Inc. v. Los*

   *Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 188 (1999)), even if it were, Plaintiffs'

26 SAC does not meet the pleading requirements of *Twombly* and *Iqbal* because it fails

27 to set forth any facts of oppression, much less facts raising the allegation of

   oppressive conduct above the speculative level.  *Twombly*, 550 U.S. at 555.  This

28 type of conclusory recitation of the term "oppressive" is exactly the type of

   pleading that *Twombly* and *Iqbal* have expressly forbidden.

DOCUMENT PREPARED
ON RECYCLED PAPER

1  circumstances of oppression, fraud or malice, but facts must be alleged in the

2  pleading to support such a claim.") (*quoting Grieves v. Superior Court*, 157 Cal.

3  App. 3d 159, 166 (1984)); *see also Tethys Bioscience, Inc.*, 2010 U.S. Dist. LEXIS

4  55010, at *17-*18.  In addition to failing to plead that Defendants engaged in fraud,

5  Plaintiffs do not allege any facts to show that Defendants intended to injure

6  Plaintiffs or the class.  *See In re Molina*, 228 B.R. 248, 251 (B.A.P. 9th Cir. 1998)

7  (noting that under section 3294, intent to injure is a prerequisite to an award of

8  punitive damages for fraud).

9       The SAC is completely devoid of any allegations sufficient to support a

10  claim for punitive damages under the CLRA.  Plaintiffs' bare allegations, failing to

11  set forth any facts of fraudulent conduct, let alone with any particularity, do not

12  state a claim for punitive damages that is plausible on its face.  *Twombly*, 550 U.S.

13  at 570.   The formulaic recitation of the elements of a CLRA cause of action,

14  supported by conclusory statements, does not sustain a claim for punitive damages.

15  *See Iqbal*, 129 S. Ct. at 1949.  Plaintiffs' failure to plead malice or oppression, and

16  the failure to plead fraud with sufficient particularity, fails to state a claim upon

17  which relief may be granted and as such, the prayer for punitive damages must be

18  dismissed.

19  **V.     PLAINTIFFS FAIL TO STATE AN MMWA CAUSE OF ACTION**

20       Plaintiffs have not pled sufficient facts to sustain a cause of action under the

21  MMWA.  The MMWA regulates warranties on consumer goods that are distributed

22  in interstate commerce, but limiting its application to a "written warranty," which is

23  defined as either (a) a written affirmation "which relates to the nature of the

24  material or workmanship and affirms or promises that such material or

25  workmanship is defect free or will meet a specific level of performance over a

26  specific period of time," or (b) any undertaking to "refund, repair, replace, or take

27  other remedial action with respect to such product in the event that such product

28

1   fails to meet the specifications set forth in the undertaking."   15 U.S.C. §
2   2301(6)(A).

3        Plaintiffs' allegation that Defendants offered such a written warranty by
4   stating "that the Products offer relief from various ailments and symptoms . . . when
5   in fact, these Products do not provide relief for any of these ailments or symptoms"
6   (SAC, ¶ 176) does not identify a written warranty as defined by the MMWA.  An
7   express written warranty under the MMWA requires that the warranty relate to the
8   nature of the material or workmanship.   15 U.S.C. § 2301(6)(A).   Plaintiffs'
9   MMWA allegation does not even mention the statutory requirement that a
10  representation relating to the material or workmanship created an express written
11  warranty, let alone state "enough facts to state a claim to relief that is plausible on
12  its face." *Twombly*, 550 U.S. at 570.

13       The cause of action fails to identify a single representation that Plaintiffs
14  allege created an express written warranty.   SAC, ¶ 176.   Instead, Plaintiffs
15  incorporate by reference an all-inclusive chart of allegedly false and/or misleading
16  statements.   SAC, ¶ 176, Ex. 3.   It is unclear which, if any, of the statements
17  identified in the chart are alleged to have created an express written warranty under
18  the MMWA.  For example, in connection with Calms Forté, Plaintiffs identify the
19  representation "Sleep Aid."   SAC, Ex. 3, p. 19.   The representation that Calms
20  Forté is a "Sleep Aid" is not a written affirmation that relates to the material or
21  workmanship of the product and thus, cannot serve as the basis for an express
22  written warranty under the MMWA.

23       Furthermore, the SAC fails to allege facts sufficient to satisfy the second
24  prong of an express written warranty under the MMWA, that the representations
25  expressly promise that the Products are defect-free.   15 U.S.C. § 2301(6)(A).
26  While the word "defect" is not defined within the Act, numerous courts have held
27  that representations that "neither promise[ ] a defect-free product, nor guarantee[ ] a
28  level of performance over a specific time period" are product descriptions and do

1  not constitute "written warranties." *Astiana v. Dreyer's Grand Ice Cream*, No. C-

2  11-2910 EMC, 2012 U.S. Dist. LEXIS 101371, at \*9 (N.D. Cal. 7-20-2012)

3  (*quoting Hairston v. South Beach Beverage Co.*, No. CV-12-1429-JFW (DTBx),

4  2012 U.S. Dist. LEXIS 74379 (C.D. Cal. 5-18-2012)); *Anderson v. Jamba Juice*

5  *Co.*, No. 12-CV-01213 YGR, 2012 U.S. Dist. LEXIS 120723, at \*9-\*11 (N.D. Cal.

6  8-24-2012) (representations that smoothie kits are "All Natural" or "100% Natural"

7  are not written warranties under the MMWA); *In re Sears, Roebuck & Co. Tools*

8  *Mktg. & Sales Practices Litig.*, MDL-1703, 2006 U.S. Dist. LEXIS 100903, at \*13

9  (N.D. Ill. 5-17-2006) ("Made in USA" does not constitute a written warranty

10  because while it "does arguably relate to the 'nature' of the material or

11  workmanship, it fails to satisfy the defect-free/performance prong of §

12  2301(6)(A).").

13      Defendants' representations are product descriptions and indications for use,

14  not "written warranties" as defined in the MMWA.  Following the same example

15  above, the statement that Calms Forté is a "Sleep Aid" merely describes the

16  purpose of the product, but cannot credibly be construed to be an express

17  affirmation or promise that the product is defect-free.  *See* SAC, Ex. 3, p. 19.[5]

18  Plaintiffs have not identified a single representation in which Defendants promise

19  that the Products are defect-free or guarantee that they will perform at a specified

20  level for a specific period of time.  Plaintiffs' mere recitation of the elements of the

21  MMWA, without alleging any facts that establish that Defendants created an

22  express written warranty as defined in the MMWA, is not sufficient to sustain a

23  cause of action.  *Iqbal*, 129 S. Ct. at 1949.  As such, on the face of the pleading, the

---

[5] It is unclear which, if any, of the representations identified in Plaintiffs' Exhibit 3 are alleged to constitute express written warranties under the MMWA.  Plaintiffs' chart identifies representations such as "100% Natural."  *See* SAC, Ex. 3, p. 20.  To the extent Plaintiffs claim that these, and similar representations relating to the Product being all natural, are express warranties under the MMWA, courts have dismissed MMWA claims against identical representations.  *Astiana*, 2012 U.S. Dist. LEXIS 101371, at \*19; *Anderson*, 2012 U.S. Dist. LEXIS 120723, at \*9-\*11.

52248238.4

- 10 -

statements are not written warranties subject to the MMWA and the cause of action must be dismissed.

## VI.   **CONCLUSION**

Plaintiffs' allegations concerning Defendants' actions fail to rise to the level of conduct required to demonstrate entitlement to punitive damages or to state a claim under the MMWA.   Accordingly, Plaintiffs' MMWA cause of action and claim for punitive damages should be dismissed as a matter of law.

Dated:    October 9, 2012

JEFFREY MARGULIES
STEPHANIE STROUP
MATTHEW M. GURVITZ
**FULBRIGHT & JAWORSKI L.L.P.**

       /S/ Matthew M. Gurvitz
    MATTHEW M. GURVITZ
Attorneys for Defendants
STANDARD HOMEOPATHIC
COMPANY and HYLAND'S, INC.

1

## **PROOF OF SERVICE**

2

I, Kelly Eagen, declare:

3

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Forty-First Floor, Los Angeles, California 90071.

4

5

On October 9, 2012, I electronically filed the attached document(s):

6

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR

7

8

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

9

10

Ronald A. Marron, APLC          Gretchen M. Nelson
Maggie Realin                   Stuart R. Fraenkel
Skye Resendes                   Gabriel S. Barenfeld
LAW OFFICES OF RONALD A.        KREINDLER & KREINDLER,
MARRON, APLC                    LLP
3636 4th Avenue, Ste. 202       707 Wilshire Blvd., Suite 4100
San Diego, California 92103     Los Angeles, California 90017
Tel:   619-696-9006             Tel    213-622-6469
Fax:  619-564-6665              Fax:  213-622-6019

11

12

13

14

15

16

17

*Attorneys for Plaintiffs and the*          *Attorneys for Plaintiffs and the*
*Proposed Class*                            *Proposed Class*

18

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

19

20

Executed on October 9, 2012, at Los Angeles, California.

21

22

23

/s/  Kelly Eagen
_____
Kelly Eagen

24

25

26

27

28

52248238.4

- 12 -

PROOF OF SERVICE