IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KIM ALLEN, DANIELE XENOS, RODGER HUTCHINSON, MELISSA NIGH, SHERRELL SMITH, YUANKE XU, DIANA SISTI, and NANCY RODRIGUEZ, on behalf of themselves and all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HYLAND'S, INC., a California corporation; and STANDARD HOMEOPATHIC COMPANY,<br><br>Defendants. | Civil Action No. 2:12-CV-1150 DMG (MANx)<br><br>**CLASS ACTION**<br><br>**DISCOVERY MATTER**<br><br>**[PROPOSED] ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFFS' INTERROGATORIES AND REQUESTS FOR PRODUCTION AS TO MANUFACTURERS AND SUPPLIERS, SCIENTIFIC ARTICLES, AND EDUCATIONAL MATERIALS** |

- 1 -

[PROPOSED] ORDER RE PLAINTIFFS' MOTION TO COMPEL DEFENDANTS' RESPONSES TO PLAINTIFFS' INTERROGATORIES & REQUESTS FOR PRODUCTION AS TO MANUFACTURERS & SUPPLIERS, SCIENTIFIC ARTICLES & EDUCATIONAL MATERIALS

DOCUMENT PREPARED ON RECYCLED PAPER

## ORDER

Having considered Plaintiffs' Motion to Compel the Defendants' Responses to Plaintiffs' Interrogatories and Request for Production of Documents (Dkt. 137), with respect to discovery requests relating to manufacturers and suppliers, scientific articles and educational materials, and good cause appearing therefor, the Court hereby orders as follows:

1. Plaintiffs' Motion to Compel Request for Production No. 13 and Interrogatory 1 as to manufacturers and suppliers is GRANTED in part and DENIED in part as follows: Defendants shall provide the names and addresses of all suppliers of raw materials used in the production of any part of the Products at issue in the litigation during the Class Period that is ingested by a consumer. Defendants shall provide the names and addresses of any manufacturer of any of the Products at issue during the Class Period. Defendants are not required to provide the names and addresses of third-party manufacturers of product packaging or bottling of the Products at issue. Defendants may produce the foregoing information in response to Interrogatory No. 1 without the need to produce all documents identifying the foregoing entities, subject to Plaintiffs' right to seek additional documentation, if necessary.

2. Plaintiffs' Motion to Compel Request for Production Nos. 3 and 4 regarding scientific articles is GRANTED in part and DENIED in part as follows: Plaintiffs' counsel shall endeavor to obtain copies of the 51 articles identified by Defendants in response to discovery that Defendants have not produced and shall also determine the expense involved in obtaining those articles. Plaintiffs' counsel shall inform Defendants' counsel as to the expense or status as to the availability of articles that have not been produced and Defendants' shall assist Plaintiffs in obtaining copies of the articles. In the event that neither Defendants nor Plaintiffs are able to obtain the articles or that the articles would require the expenditure of

undue expense, Plaintiffs reserve their right to argue that Defendants cannot rely on any article not produced in this litigation.

3. Plaintiffs' Motion to Compel Request for Production No. 8 regarding educational materials is GRANTED as follows: Defendants shall make a diligent effort to obtain and produce any continuing education programs and/or materials for the identified Products during the class period in their possession, custody or control. Defendants shall confirm that either all educational materials/lessons as requested have been or will be produced or that after a reasonable and diligent inquiry, neither Defendants nor the vendors of the continuing education programs are able to locate additional responsive information, including educational materials developed for chain drug stores.

4. The foregoing information and/or documents shall be produced no later than ten calendar days from the date of this Order.

**IT IS SO ORDERED.**

Dated: _____, 2012

HON. MARGARET A. NAGLE
U.S. MAGISTRATE JUDGE