**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**KREINDLER & KREINDLER, LLP**
GRETCHEN M. NELSON (SBN 112566)
*gnelson@kreindler.com*
STUART R. FRAENKEL (SBN 173991)
*sfraenkel@kreindler.com*
GABRIEL S. BARENFELD (SBN 224146)
*gbarenfeld@kreindler.com*
707 Wilshire Blvd., Suite 3600
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KIM ALLEN, et al., on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HYLAND'S, INC., a California Corporation; and STANDARD HOMEOPATHIC COMPANY,<br><br>Defendants. | Case No. 3:12-cv-1150-DMG (MAN)<br>CLASS ACTION<br>Filed: February 9, 2012<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLASS CERTIFICATION RE: ASCERTAINABILITY**<br><br>[FILED CONCURRENTLY WITH DECLARATIONS OF RONALD A. MARRON AND RYANNE COZZI]<br><br>Judge:        Hon. Dolly M. Gee<br>Courtroom:  7<br>[Briefing submitted per Court's Order, Dkt. No. 282] |

**Table of Contents**

I.  Standard of Review – Ascertainability ................................................................. 1

II. Plaintiffs Defined an Ascertainable Class ........................................................... 2

    A.  The Court in *Forcellati* Rejected the Third Circuit's Approach in *Carrera* ................................................. 2

    B.  Case Law Arising After the Decision in *Forcellati* Does Not Support Defendants' Rewriting of the Ascertainability Element ........... 3

i

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY

# Table of Authorities

**Cases**

*Algarin v. Maybelline, LLC*,
 12CV3000 AJB DHB, 2014 WL 1883772 (S.D. Cal. May 12, 2014) ........................ 4

*Brazil v. Dole Packaged Foods, LLC*,
 2014 WL 2466559 (N.D. Cal. May 30, 2014) ........................................................ 3, 5

*Carrera v. Bayer Corp.*,
 727 F.3d 300 (3d Cir. 2013) .................................................................................. 2, 4

*Forcellati v. Hyland's, Inc.*,
 CV 12-1983-GHK MRWX,
 2014 WL 1410264 (C.D. Cal. Apr. 9, 2014) .............................................. 1, 2, 3, 4, 5

*Guido v. L'Oreal, USA, Inc.*,
 CV 11-1067 CAS JCX, 2013 WL 3353857 (C.D. Cal. July 1, 2013) ........................ 3

*Henson v. Fid. Nat. Fin. Inc.*,
 2:14-CV-01240-ODW, 2014 WL 2765136 (C.D. Cal. June 18, 2014) ..................... 4

*Hernandez v. Chipotle Mexican Grill, Inc.*,
 CV 12-5543 DSF JCX, 2013 WL 6332002 (C.D. Cal. Dec. 2, 2013) ....................... 2

*In re Hulu Privacy Litig.*,
 2014 WL 2758598 (N.D. Cal. June 16, 2014) .......................................................... 2

*In re POM Wonderful LLC*,
 ML 10-02199 DDP RZX, 2014 WL 1225184 (C.D. Cal. Mar. 25, 2014) ................ 3

*Johns v. Bayer Corp.*,
 280 F.R.D. 551 (S.D. Cal. 2012) ............................................................................... 4

*Jones v. ConAgra Foods, Inc.*,
 C 12-01633 CRB, 2014 WL 2702726 (N.D. Cal. June 13, 2014) ............................ 4

*Keegan v. Am. Honda Motor Co.*,
 284 F.R.D. 504 (C.D. Cal. 2012) .............................................................................. 1

*Lanovaz v. Twinings N. Am., Inc.*,
 2014 WL 1652338 (N.D. Cal. Apr. 24, 2014) .......................................................... 3

*Mazur v. eBay Inc.*,
 257 F.R.D. 563 (N.D. Cal. 2009) .............................................................................. 1

*McCrary v. Elations Co., LLC*,
 EDCV 13-00242 JGB OP, 2014 WL 1779243 (C.D. Cal. Jan. 13, 2014) ................ 1

ii

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY

*Ortega v. Natural Balance, Inc.*,
   2014 WL 2782329 (C.D. Cal. June 19, 2014) ............................................................. 2

*Ries v. Ariz. Beverages USA LLC*,
   287 F.R.D. 523 (N.D. Cal. 2012) ................................................................................ 3

*Roth v. CHA Hollywood Med. Ctr., L.P.*,
   2:12-CV-07559-ODW, 2013 WL 5775129 (C.D. Cal. Oct. 25, 2013) ........................ 2

*Sethavanish v. ZonePerfect Nutrition Co.*,
   12-2907-SC, 2014 WL 580696 (N.D. Cal. Feb. 13, 2014) .......................................... 5

*Thurston v. Bear Naked, Inc.*,
   3:11-CV-02890-H BGS, 2013 WL 5664985 (S.D. Cal. July 30, 2013) ..................... 3

*Werdebaugh v. Blue Diamond Growers*,
   2014 WL 2191901 (N.D. Cal. May 23, 2014) ....................................................... 3, 5

**Rules**

Fed. R. Civ. P. 23 ............................................................................................................... 1

Fed. R. Civ. P. 23(f) ........................................................................................................... 4

iii

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY

Defendants contend Plaintiffs failed to propose "any method" to ascertain the class. Dkt. No. 284 at 1:2. This is untrue. In their class certification motion (Dkt. No. 60-1, as modified by Dkt. No. 133, "Motion") Plaintiffs put forth an objective class definition that precisely delimits who is in the class and who is not. Defendants' proposed definition for ascertainability imposes a requirement that does not exist in law, by purporting to require Plaintiffs to "affirmatively identify" every member of the class. *Id.* at 1:4; *see also id.* at 1:7, 1:10 (asking for the "identities" of class members). Plaintiffs' proposed class sufficiently meets the requirements and objectives of the ascertainability element, and Defendants' arguments to the contrary should be rejected.

## I.   Standard of Review – Ascertainability

Ascertainability is not expressly called for under Rule 23 of the Federal Rules of Civil Procedure, but is a court construct designed to ensure that the class definition is sufficiently objective and determinable. *Mazur v. eBay Inc.*, 257 F.R.D. 563, 567 (N.D. Cal. 2009) ("A class definition should be precise, objective, and presently ascertainable, though the class need not be so ascertainable that every potential member can be identified at the commencement of the action.") (internal citation and quotations omitted). "A class is ascertainable if it is 'administratively feasible for the court to determine whether a particular individual is a member' using objective criteria." *McCrary v. Elations Co., LLC*, EDCV 13-00242 JGB OP, 2014 WL 1779243, at *7 (C.D. Cal. Jan. 13, 2014) (citing *Keegan v. Am. Honda Motor Co.*, 284 F.R.D. 504, 521 (C.D. Cal. 2012)). Ascertainability makes a simple inquiry as to whether class members can determine if they are members of the class, by reference to objective criteria. *See id.*; *Forcellati v. Hyland's, Inc.*, CV 12-1983-GHK MRWX, 2014 WL 1410264, at *5 (C.D. Cal. Apr. 9, 2014).[1]

---

[1] The class may also not be defined by reference to a merits determination, i.e., a "failsafe" class; nor may the class includes persons who are not harmed. *E.g., Roth v. CHA Hollywood Med. Ctr., L.P.*, 2:12-CV-07559-ODW, 2013 WL 5775129, at *5

1

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY

## II. Plaintiffs Defined an Ascertainable Class

Plaintiffs have proposed an ascertainable class because it is defined by objective criteria (purchasers of the Products during certain definite periods of time) and allows the Court and the Class to determine who is a member. *See* Mot. p. 3 (all purchasers of the Products in the United States from Feb. 9, 2008 to present); Dkt. No. 133 (withdrawing New York claims from the alternative class proposed at Mot. p. 5); *Forcellati*, 2014 WL 1410264, at *5 ("Plaintiffs have precisely defined their class based on an objective criteria: purchase of Defendants' children's cold or flu products within a prescribed time frame. This is enough to satisfy Rule 23(a)'s implied ascertainability requirement."). The same facts in *Forcellati* exist here because Plaintiffs' class has a definite time frame, and includes only purchasers of specific Products during that time.

### A. The Court in *Forcellati* Rejected the Third Circuit's Approach in *Carrera*

In *Forcellati*, 2014 WL 1410264, at *5-8, the Honorable George H. King rejected *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013), holding that the contours of the ascertainability requirement are met when a named plaintiff puts forth an objective class definition. Judge King's opinion was thorough and considered the same brief Defendants incorporated by reference in this case. *See Forcellati*, 2014 WL 1410264, at *5-8.[2] In *Forcellati,* Defendants sought review from the Ninth

---

(C.D. Cal. Oct. 25, 2013) ("A failsafe class is one in which the class members either win or are not in the class.") (internal citation and quotations omitted); *Hernandez v. Chipotle Mexican Grill, Inc.*, CV 12-5543 DSF JCX, 2013 WL 6332002 (C.D. Cal. Dec. 2, 2013) (class was not ascertainable because "the alleged misconduct took place only with regard to varying products at varying locations within limited time frames," yet the class broadly included those who may not have purchased allegedly mislabeled food); *Forcellati*, 2014 WL 1410264, at *n.4 (distinguishing *Hernandez* and similar cases, as involving "(i) an unknown number of total class members, and/or (ii) class definitions based on imprecise, non-objective, or complex criteria such that people could not easily determine whether or not they were members").

[2] Other courts have rejected *Carrera* as being inconsistent with Rule 23 and Ninth Circuit precedent. *See*, *e.g.*, *In re Hulu Privacy Litig.*, 2014 WL 2758598, at *13-16 (N.D. Cal. June 16, 2014); *Ortega v. Natural Balance, Inc.*, 2014 WL 2782329, at *2 (C.D. Cal. June 19, 2014); *Lanovaz v. Twinings N. Am., Inc.*, 2014 WL 1652338, at

2

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY

Circuit pursuant to a Rule 23(f) petition. On July 8, 2014, the Ninth Circuit rejected Defendants' petition. Decl. of Ronald A. Marron filed concurrently herewith, Ex. 1.

Here, Defendants incorporated by reference their brief in *Forcellati*. Dkt. No. 284 at 1:13-16. But the joint brief on ascertainability in *Forcellati* was forty pages, with an additional five pages for Defendants. *See id.* (referring to Dkt. Nos. 133 & 137 in *Forcellati*). In addition, Defendants filed in this action their Ninth Circuit brief of twenty pages plus exhibits. *See id.* at pp. 7-37. Plaintiffs here are unable to respond in kind within the limited five pages afforded by the Court. Therefore, Plaintiffs are filing the *Forcellati* plaintiffs' portion of the joint brief on ascertainability so the Court may consider those opposing arguments. *See* Marron Decl., Ex. 2.

## B. Case Law Arising After the Decision in *Forcellati* Does Not Support Defendants' Rewriting of the Ascertainability Element

Defendants assert that decisions post-*Forcellati* support the heightened ascertainability requirement they propose. But Defendants' broad characterization of the cases is flawed. In *In re POM Wonderful LLC*, ML 10-02199 DDP RZX, 2014 WL 1225184, at *6 (C.D. Cal. Mar. 25, 2014), plaintiffs admitted that "every adult in the United States is a potential class member." Further, "[n]o bottle, label, or package included any of the alleged misrepresentations." *Id.* Thus, there were clear problems in *Pom* that are not present here. *See id.* And, the *Pom* court reiterated that "the

---

*2-3 (N.D. Cal. Apr. 24, 2014); *Werdebaugh v. Blue Diamond Growers*, 2014 WL 2191901, at *9-11 (N.D. Cal. May 23, 2014); *Brazil v. Dole Packaged Foods, LLC*, 2014 WL 2466559, at *4-6 (N.D. Cal. May 30, 2014). *See also Forcellati*, 2014 WL 1410264, at *n.5 ("In this Circuit, classes that are objectively defined by the purchase of a low-cost product during a prescribed timeframe are routinely certified," and listing cases); *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 535 (N.D. Cal. 2012) ("There is no requirement that the identity of the class members ... be known at the time of certification.") (internal quotation and citation omitted); *Thurston v. Bear Naked, Inc.*, 3:11-CV-02890-H BGS, 2013 WL 5664985, at *3 (S.D. Cal. July 30, 2013) (same); *Guido v. L'Oreal, USA, Inc.*, CV 11-1067 CAS JCX, 2013 WL 3353857, at *18-19 (C.D. Cal. July 1, 2013) ("Here, because the requirement for membership in the class is whether a consumer purchased a particular product after a particular date, the class is easily identifiable .... [and] ascertainable").

3

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY

identities of class members [need not] be known at this stage," and the class need only be "administratively manageable" for ascertainability. *Id.* at *5.

Similarly, *Henson v. Fid. Nat. Fin. Inc.*, 2:14-CV-01240-ODW, 2014 WL 2765136, at *10 (C.D. Cal. June 18, 2014) did not involve a change to the ascertainability requirement, or follow *Carrera*. *Henson* involved a proposed class of persons who were charged overnight delivery fees in connection with a federally-insured mortgage loan. *Id.* at *1. The court held that individual issues predominated as to "whether a putative class member's real-estate transaction involved a federally related mortgage loan," for whom that person also received an overnight delivery. *Id.* at *10.[3] Here, Plaintiffs' class includes all *purchasers* during a specific time period and because it only includes purchasers, no individual questions are at issue. Mot. at p. 3; *Forcellati*, 2014 WL 1410264, at *5. Plaintiffs' proposed class definition also does not require a finding of liability before inclusion in the class occurs.

*Jones v. ConAgra Foods, Inc.*, C 12-01633 CRB, 2014 WL 2702726, at *8 (N.D. Cal. June 13, 2014) ("*ConAgra*") did not expand the ascertainability requirement. *See id.* ("A class is not ascertainable unless membership can be established by means of objective, verifiable criteria."). *ConAgra* concerned various products such as cans of tomatoes and tomato sauce whose packaging changed over time, a factual scenario not present here. *See id.* at *1, 10 (noting "some Hunt's cans included the challenged language, while others included no such language at all"); *compare id.* ("Although this Court might be persuaded that a class of 'all people who bought Twinkies,' for example, during a certain period, could be ascertained.").

In *Algarin v. Maybelline, LLC*, 12CV3000 AJB DHB, 2014 WL 1883772, at *6-7 (S.D. Cal. May 12, 2014), even though the court had certain concerns that the

---

[3] *Henson* also depended on the fail-safe class rule, which arises when membership in a class depends on proving liability (i.e., all persons who were *unlawfully* treated, etc.), but this long-standing rule does not apply to Defendants' theory that a plaintiff must affirmatively identify every class member, as opposed to using an *objective* class definition. *See id.* (citing *Johns v. Bayer Corp.*, 280 F.R.D. 551, 555 (S.D. Cal. 2012) ("When the court must determine the merits of an individual claim to determine who is a member of the class, then class treatment is not appropriate.")).

4

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY

class may be overbroad, it held that "a lack of ascertainability alone will not defeat class certification. . . . [citation omitted]. As long as the class definition is sufficiently definite to identify putative class members, the challenges entailed in the administration of this class are not so burdensome as to defeat certification." *Id.* at *8 (internal quotations and citation omitted). In *Sethavanish v. ZonePerfect Nutrition Co.*, 12-2907-SC, 2014 WL 580696, at *6 (N.D. Cal. Feb. 13, 2014), the court followed *Carrera*, noting "is unclear how Plaintiff intends to determine who purchased ZonePerfect bars during the proposed class period, or how many ZonePerfect bars each of these putative class members purchased. It is also unclear how Plaintiff intends to weed out inaccurate or fraudulent claims." In contrast, here, Plaintiffs submitted evidence on how many units of the Products have been sold. *See* Ackerman Decl. (Dkt. 235) at Ex. 2. And, as in *Forcellati*, Plaintiffs submit the declaration of an experienced claims administrator, which describes how Plaintiffs will notify class members, comply with due process, and employ fraud correction procedures throughout the notification and claims process, should the lawsuit result in a monetary fund. *See* Decl. of Ryanne Cozzi filed concurrently herewith ¶¶ 1-7.

Further, two subsequent decisions from the Northern District of California have chosen not to follow *Sethavanish* and instead follow *Forcellati* and its progeny cases. *See Werdebaugh*, 2014 WL 2191901, at *10 ("Werdebaugh has precisely defined the class based on objective criteria: purchase of Blue Diamond almond milk products within the class period."); *Brazil*, 2014 WL 2466559, at *4 ("Brazil has precisely defined the class based on objective criteria: purchase of the identified Dole fruit products within the class period."). The Court should do the same here.

Dated: July 21, 2014                    Respectfully submitted,

                                        */s/ Ronald A. Marron*
                                        RONALD A. MARRON
                                        **LAW OFFICES OF RONALD A. MARRON, APLC**
                                        SKYE RESENDES
                                        ALEXIS M. WOOD

5

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY

651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**KREINDLER & KREINDLER, LLP**
GRETCHEN M. NELSON
STUART R. FRAENKEL
GABRIEL S. BARENFELD
707 Wilshire Blvd., Suite 3600
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

*Attorneys for Plaintiffs and the Proposed Class*

6

*Allen v. Hyland's, Inc.*, Case No. 12-cv-1150
PLTFS.' SUPP. MEM. IN SUPPORT OF CLASS CERTIFICATION RE: ASCERTAINABILITY