1
**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (126002)
2
*jeff.margulies@nortonrosefulbright.com*
SPENCER PERSSON (235054)
3
*spencer.persson@nortonrosefulbright.com*
STEPHANIE A. STROUP (235071)
4
*stephanie.stroup@nortonrosefulbright.com*
555 South Flower Street, 41st Floor
5
Los Angeles, California 90071
Telephone: (213) 892-9200
6
Facsimile: (213) 892-9494

7  *Attorneys for Defendants*

8

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE CENTRAL DISTRICT OF CALIFORNIA

11                         WESTERN DIVISION

12

| | |
|---|---|
| 13 KIM ALLEN, et al. on behalf of themselves, all others similarly situated 14 and the general public, | Case No. 12-cv-1150-DMG-MAN |
| | CLASS ACTION |
| 15       Plaintiff, | |
| 16    v. | **DEFENDANTS' [PROPOSED] VOIR DIRE QUESTIONS** |
| 17 HYLAND'S INC., et al., | Final Pretrial Conf.: Aug. 4, 2015 Time: 2:00 p.m. |
| 18       Defendant. | Trial Date: September 1, 2015 |
| 19 | |

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  //

DOCUMENT PREPARED

DEFENDANTS' [PROPOSED] VOIR DIRE QUESTIONS

Defendants hereby respectfully request, pursuant to Rule 47(a) of the Federal Rules of Civil Procedure and paragraph 11 of this Court's August 13, 2013 Amended Scheduling and Case Management Order (Docket No. 221), that the Court include the following questions in its examination of prospective jurors. Defendants' counsel also requests leave to orally tender supplemental questions as may be necessitated by the answers of prospective jurors pursuant to Rule 47(a).

1. Do you personally know or have you had any dealings with Hyland's Inc., or any other homeopathic drug company?
2. Do you currently pay for your own health insurance (i.e., not sponsored by your employer or the government)?
3. Have you or your spouse/partner ever filed for disability?
4. Have you ever belonged to a labor union?  If yes: When, where, how long?  Did you hold any offices or leadership positions?
5. Have you or someone close to you ever had an experience that seems similar to the dispute in this case?  If yes, please explain.
6. Have you or someone close to you ever received education or training in the medical field or a scientific field, including as an engineer?  If yes, please explain.
7. Have you ever received education or training in sales?
8. Is there anything about any of your training or background experiences that might affect your ability to be an entirely fair and impartial juror in this case involving consumers who purchased Hyland's drugs?
9. Do you most often rely on traditional drugs, homeopathic drugs, herbal remedies, or a combination when treating illnesses such as colds, flus, and sore throats?
10. Do you have any feelings against Hyland's Inc. merely because it is a corporation or because it is a defendant in a lawsuit?

11. Have you ever felt duped or misled by a manufacturer?
12. Do you generally research the products you purchase prior to purchasing them?
13. Do you have any feelings in favor of the plaintiffs merely because they are plaintiffs in this lawsuit and filed a claim against a corporation?
14. Do you believe that the plaintiffs are likely entitled to some compensation because they brought this lawsuit and the lawsuit has made it all the way to this point?
15. Starting out, does anyone believe that the plaintiffs' case automatically has merit because they filed a lawsuit?  Do you all agree that the parties start out on a level playing field and that they are perfectly even?
16. Do you believe that companies often lie to consumers in their product advertising?
17. Do you believe that jury awards are the best way to force companies to do the right thing?
18. Would you apply a higher legal standard to Hyland's because it is a company versus a group of ordinary consumers?
19. Would you be more likely to believe the testimony of witnesses brought by one side over the other?
    a. Is there anyone who would distrust the testimony of a witnesses brought by the defendant, Hyland's, for any reason?
    b. Would anyone give more credibility to the testimony of the plaintiff because he or she is an ordinary consumer?
20. In a dispute between a company selling over the counter drugs and a group of consumers, would you favor one side over the other regardless of the evidence?  If yes, please explain.

21. In this case, the plaintiff goes first and, after he is finished, the defendant will put on its case. Will you try to keep a clear, open mind until you have heard all of the defendant's witnesses and only make up your mind as to who should prevail after you have heard all the evidence and the Court's instructions?

Dated: July 14, 2015

**NORTON ROSE FULBRIGHT US LLP**

/s/ Spencer Persson
SPENCER PERSSON
*spencer.persson@nortonrosefulbright.com*
JEFFREY B. MARGULIES
*jeff.margulies@nortonrosefulbright.com*
STEPHANIE A. STROUP
*stephanie.stroup@nortonrosefulbright.com*
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone: (213) 892-9200
Facsimile: (213) 892-9494