**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (126002)
*jeff.margulies@nortonrosefulbright.com*
SPENCER PERSSON (235054)
*spencer.persson@nortonrosefulbright.com*
STEPHANIE A. STROUP (235071)
*stephanie.stroup@nortonrosefulbright.com*
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

*Attorneys for Defendants*

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

*(Additional Counsel listed on the signature page)*

*Class Counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KIM ALLEN, et al. on behalf of themselves, all others similarly situated and the general public,<br><br>    Plaintiff,<br><br>    v.<br><br>HYLAND'S INC., et al.,<br><br>    Defendant. | Case No.  12-cv-1150-DMG-MAN<br>CLASS ACTION<br><br>**STIPULATED JURY INSTRUCTIONS** |

## 1.1C  DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury:  Now that you have heard all of the evidence, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

PROPOSED BY:                              .

GIVEN AS PROPOSED              _____

GIVEN AS MODIFIED               _____

GIVEN ON COURT'S OWN MOTION    _____

REFUSED                                _____

WITHDRAWN                          _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

## 1.2  CLAIMS  AND DEFENSES (MODIFIED)

---

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs claim that Defendants' sell homeopathic products that do not provide relief for colds, flu, migraines, colic, leg cramps and allergies as Defendants' represent in their marketing and packaging.  The plaintiff has the burden of proving these claims.

Defendants deny plaintiffs' claims, and contend plaintiffs cannot prove that defendants' products are ineffective.

As an affirmative defense, defendants claim any statements on its products' packaging were not the basis of the bargain.  Defendants have the burden of proof by a preponderance of the evidence on this defense.

PROPOSED BY:                               .

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED             _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                                _____

WITHDRAWN                          _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**CACI 115. "CLASS ACTION" DEFINED (PLAINTIFF CLASS)**

A class action is a lawsuit that has been brought by one or more plaintiffs on behalf of a larger group of people who have similar legal claims. All of these people together are called a "class." Plaintiffs Kim Allen, Daniele Xenos, Sherrell Smith, Nancy Rodriguez, Yuanke Xu, Diana Sisti, and Melissa Nigh bring this action as class representatives.

In a class action, the claims of many individuals can be resolved at the same time instead of requiring each member to sue separately. Because of the large number of claims that are at issue in this case, not everyone in the class will testify. You may assume that the evidence during this trial applies to all class members. All members of the class will be bound by the result of this trial.

The Court has decided that this action may proceed to trial as a class action. The decision whether a case may properly proceed as a class action is made by the Court alone. It is not for you to decide whether it is appropriate for this lawsuit to proceed as a class action.

In this case, the class consists of the following:

> All purchasers of Hyland's, Inc. and Standard Homeopathic Company's homeopathic Products entitled Calms Forté (excluding purchasers in California), Teething Tablets, Migraine Headache Relief, Colic Tablets, Leg Cramps with Quinine, Leg Cramps, Defend Cold & Cough, Defend Cold & Cough Night, Hyland's Cough, and Seasonal Allergy Relief for personal or household use and not for resale, in the United States from the period of February 9, 2008 to the present (the "Class Period").

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

Excluded from the Class are (1) governmental entities; (2) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries and assigns; and, (3) the judicial officers and their immediate family members and associated court staff assigned to this case.

PROPOSED BY:                                    .
GIVEN AS PROPOSED                    _____
GIVEN AS MODIFIED                     _____
GIVEN ON COURT'S OWN MOTION     _____
REFUSED                                        _____
WITHDRAWN                                   _____

DOCUMENT PREPARED

## 1.11  CREDIBILITY OF WITNESSES (MODIFIED)

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  If you believe it is true, the testimony of a single witness is enough to prove a fact.

You must not be biased in favor of or against any witness because of his or her age, race, sex, religion, occupation, sexual orientation or national origin.

PROPOSED BY:                              .

GIVEN AS PROPOSED                 _____

GIVEN AS MODIFIED                   _____

GIVEN ON COURT'S OWN MOTION    _____

REFUSED                                     _____

WITHDRAWN                             _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

1

## 1.17  USE OF INTERPRETERS IN COURT

2

3   You must not make any assumptions about a witness or a party based solely upon

4   the use of an interpreter to assist that witness or party.

5       PROPOSED BY:                        .

6       GIVEN AS PROPOSED                _____

7       GIVEN AS MODIFIED                _____

8       GIVEN ON COURT'S OWN MOTION      _____

9       REFUSED                          _____

10      WITHDRAWN                        _____

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## 2.2  STIPULATIONS OF FACT

The parties have agreed to certain facts [to be placed in evidence as Exhibit __] [that will be read to you]. You should therefore treat these facts as having been proved.

PROPOSED BY:                            .

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED            _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                           _____

WITHDRAWN                      _____

1

## 2.4  DEPOSITION IN LIEU OF LIVE TESTIMONY

2

3   A deposition is the sworn testimony of a witness taken before trial.  The witness is

4   placed under oath to tell the truth and lawyers for each party may ask questions.

5   The questions and answers are recorded.  [When a person is unavailable to testify at

6   trial, the deposition of that person may be used at the trial.]

7
8   The deposition of [*witness*] was taken on [*date*].  You should consider deposition

9   testimony, presented to you in court in lieu of live testimony, insofar as possible, in

10  the same way as if the witness had been present to testify.

11  Do not place any significance on the behavior or tone of voice of any person

12  reading the questions or answers.

13      PROPOSED BY:                         .

14      GIVEN AS PROPOSED            _____

15      GIVEN AS MODIFIED            _____

16      GIVEN ON COURT'S OWN MOTION   _____

17      REFUSED                      _____

18      WITHDRAWN                    _____

19

20

21

22

23

24

25

26

27

28

## 2.7  FOREIGN LANGUAGE  TESTIMONY

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know Italian, it is important that all jurors consider the same evidence. Therefore, you must accept the interpreter's translation of the witness's testimony. You must disregard any different meaning.

PROPOSED BY:                          .

GIVEN AS PROPOSED              _____

GIVEN AS MODIFIED               _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                               _____

WITHDRAWN                          _____

## 2.8  IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

PROPOSED BY:                              .

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED             _____

GIVEN ON COURT'S OWN MOTION    _____

REFUSED                              _____

WITHDRAWN                         _____

DOCUMENT PREPARED

1

## 2.10  USE OF INTERROGATORIES OF A PARTY

2

3   Evidence was presented to you in the form of answers of one of the parties to

4   written interrogatories submitted by the other side.  These answers were given in

5   writing and under oath, before the actual trial, in response to questions that were

6   submitted in writing under established court procedures.  You should consider the

7   answers, insofar as possible, in the same way as if they were made from the witness

8   stand.

9       PROPOSED BY:                    .

10      GIVEN AS PROPOSED            _____

11      GIVEN AS MODIFIED            _____

12      GIVEN ON COURT'S OWN MOTION   _____

13      REFUSED                      _____

14      WITHDRAWN                    _____

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED

## 2.12  CHARTS  AND SUMMARIES  NOT RECEIVED  IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

PROPOSED BY:                                    .

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED            _____

GIVEN ON COURT'S OWN MOTION     _____

REFUSED                     _____

WITHDRAWN                  _____

DOCUMENT PREPARED

1

## 2.13  CHARTS  AND SUMMARIES  IN EVIDENCE

2

3    Certain charts and summaries have been received into evidence to illustrate

4    information brought out in the trial.  Charts and summaries are only as good as the

5    underlying evidence that supports them.  You should, therefore, give them only

6    such weight as you think the underlying evidence deserves.

7        PROPOSED BY:                    .

8        GIVEN AS PROPOSED            _____

9        GIVEN AS MODIFIED            _____

10       GIVEN ON COURT'S OWN MOTION   _____

11       REFUSED                      _____

12       WITHDRAWN                    _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED

## 2.14  EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

PROPOSED BY:                                   .

GIVEN AS PROPOSED                    _____

GIVEN AS MODIFIED                     _____

GIVEN ON COURT'S OWN MOTION     _____

REFUSED                                        _____

WITHDRAWN                                   _____

1

## 3.1  DUTY TO DELIBERATE

2

3   When you begin your deliberations, you should elect one member of the jury as

4   your presiding juror.  That person will preside over the deliberations and speak for

5   you here in court.

6

7   You will then discuss the case with your fellow jurors to reach agreement if you can

    do so.  Your verdict must be unanimous.

8

9   Each of you must decide the case for yourself, but you should do so only after you

10  have considered all of the evidence, discussed it fully with the other jurors, and

11  listened to the views of your fellow jurors.

12

13  Do not hesitate to change your opinion if the discussion persuades you that you

    should. Do not come to a decision simply because other jurors think it is right.

14

15  It is important that you attempt to reach a unanimous verdict but, of course, only if

16  each of you can do so after having made your own conscientious decision.  Do not

17  change an honest belief about the weight and effect of the evidence simply to reach

18  a verdict.

19       PROPOSED BY:                          .

20       GIVEN AS PROPOSED              _____

21       GIVEN AS MODIFIED              _____

22       GIVEN ON COURT'S OWN MOTION    _____

23       REFUSED                       _____

24       WITHDRAWN                     _____

25

26

27

28

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

### 3.1A  CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

PROPOSED BY:                              .

GIVEN AS PROPOSED                 _____

GIVEN AS MODIFIED                   _____

GIVEN ON COURT'S OWN MOTION   _____

REFUSED                                    _____

WITHDRAWN                             _____

## 3.2  COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

PROPOSED BY:          .

GIVEN AS PROPOSED     _____

GIVEN AS MODIFIED     _____

GIVEN ON COURT'S OWN MOTION     _____

REFUSED     _____

WITHDRAWN     _____

DOCUMENT PREPARED

## 3.2A  READBACK OR PLAYBACK

Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors.  The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony.  Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

PROPOSED BY:                                   .

GIVEN AS PROPOSED                  _____

GIVEN AS MODIFIED                     _____

GIVEN ON COURT'S OWN MOTION   _____

REFUSED                                           _____

WITHDRAWN                                    _____

1

## 3.3  RETURN OF VERDICT

2

3  A verdict form has been prepared for you.  [*Any explanation of the verdict form*

4  *may be given at this time.*]  After you have reached unanimous agreement on a

5  verdict, your presiding juror will fill in the form that has been given to you, sign

6  and date it, and advise the court that you are ready to return to the courtroom.

7      PROPOSED BY:                .

8      GIVEN AS PROPOSED      \_\_\_\_\_

9      GIVEN AS MODIFIED       \_\_\_\_\_

10      GIVEN ON COURT'S OWN MOTION   \_\_\_\_\_

11      REFUSED                \_\_\_\_\_

12      WITHDRAWN             \_\_\_\_\_

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DOCUMENT PREPARED

## 3.4  ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction.  By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction.

You are not to attach undue importance to the fact that this was read separately to you.  You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]  SEE ADDITIONAL INSTRUCTIONS AT PAGES _____]

You will now retire to the jury room and continue your deliberations.

PROPOSED BY:                              .

GIVEN AS PROPOSED              _____

GIVEN AS MODIFIED              _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                              _____

WITHDRAWN                          _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

DOCUMENT PREPARED

## 3.5  DEADLOCKED JURY

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case.  I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience.  Each of you must decide the case for yourself, but only after you consider the evidence impartially with your fellow jurors.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.  However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence.  All of you share an equal desire to arrive at a verdict.  Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.  They are all equally important.

You may now retire and continue your deliberations.

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

PROPOSED BY:                                    .

GIVEN AS PROPOSED                    _____

GIVEN AS MODIFIED                      _____

GIVEN ON COURT'S OWN MOTION    _____

REFUSED                                         _____

WITHDRAWN                                  _____

DOCUMENT PREPARED

## 3.6 CONTINUING DELIBERATIONS AFTER JUROR IS DISCHARGED

[One] [some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you, including the unanimity requirement for a verdict, remain in effect.

PROPOSED BY:                        .

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED          _____

GIVEN ON COURT'S OWN MOTION   _____

REFUSED                          _____

WITHDRAWN                        _____

Document Prepared

## 4.1 CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

PROPOSED BY:                          .

GIVEN AS PROPOSED                _____

GIVEN AS MODIFIED                _____

GIVEN ON COURT'S OWN MOTION       _____

REFUSED                          _____

WITHDRAWN                        _____

DOCUMENT PREPARED

## 4.2  LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE

---

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

PROPOSED BY:                              .

GIVEN AS PROPOSED              _____

GIVEN AS MODIFIED               _____

GIVEN ON COURT'S OWN MOTION       _____

REFUSED                                 _____

WITHDRAWN                           _____

DOCUMENT PREPARED

## CACI 220 – EXPERTS:  QUESTIONS CONTAINING ASSUMED FACTS

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."

In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

PROPOSED BY:                            .

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED            _____

GIVEN ON COURT'S OWN MOTION     _____

REFUSED                      _____

WITHDRAWN                     _____

# MATERIALITY

In the instructions that follow, you will be asked to evaluate whether representations on the labels of defendants' products were material to plaintiffs' decision to purchase defendants' homeopathic products.  A representation is material if a reasonable consumer would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question.

*Engalla v. Permanente Med. Group, Inc*., 15 Cal. 4th 951, 977 (1997); *Charpentier v. Los Angeles Rams*, 75 Cal. App. 4th 301, 312-313 (1999);  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 332 (2011).

PROPOSED BY:                              .

GIVEN AS PROPOSED          _____

GIVEN AS MODIFIED            _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                              _____

WITHDRAWN                         _____

DOCUMENT PREPARED

# REASONABLE CONSUMER STANDARD

A reasonable consumer is the ordinary consumer acting reasonably under the circumstances, and is neither the most nor least sophisticated consumer.

*Fraker v. Bayer Corp.*, 2009 WL 5865687, *6 (E.D. Cal. 2009); *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 682 (2006); *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 503 (2003).


PROPOSED BY:                                    .

GIVEN AS PROPOSED                    _____

GIVEN AS MODIFIED                      _____

GIVEN ON COURT'S OWN MOTION   _____

REFUSED                                        _____

WITHDRAWN                                   _____

1

**SUBSTANTIAL FACTOR**

2

3    As it relates to Plaintiffs' claim of breach of warranty, you will be asked to evaluate

4    whether certain conduct by defendants was a substantial factor in causing plaintiffs'

5    alleged harm.  A substantial factor in causing harm is a factor that a reasonable

6    person would consider to have contributed to the harm.  It must be more than a

7    remote or trivial factor.  It does not have to be the only cause of the harm.

8    CACI 430; *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 977 (1997).

9

10       PROPOSED BY:                       .

11       GIVEN AS PROPOSED          _____

12       GIVEN AS MODIFIED            _____

13       GIVEN ON COURT'S OWN MOTION     _____

14       REFUSED                            _____

15       WITHDRAWN                       _____

16

17

18

19

20

21

22

23

24

25

26

27

28

## AFFIRMATIVE DEFENSE TO EXPRESS WARRANTY AND MAGNUSON-MOSS ACT CLAIMS — NOT "BASIS OF BARGAIN"

Defendants are not responsible for any harm to plaintiffs if defendants prove that statements on the homeopathic products' packaging were not a basis of the parties' transaction.

Defendants' statements on their homeopathic products' packaging are presumed to be a basis of the transaction. To overcome this presumption, defendants must prove that the resulting bargain was not based in any way on defendants' statements.

If defendants prove that plaintiffs purchased the products for reasons other than the statements on the packaging or knew that the products were not always effective before agreeing to buy, the resulting bargain was not based in any way on defendants' statements.

CACI No. 1240; *Keith v. Buchanan*, 173 Cal.App.3d 13, 22 (1985); *Hauter v. Zogarts*, 14 Cal.3d 104, 115 (1975).

PROPOSED BY:                          .

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED            _____

GIVEN ON COURT'S OWN MOTION   _____

REFUSED                      _____

WITHDRAWN                    _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

1

## CACI 3925. Arguments of Counsel Not Evidence of Damages

2

3    The arguments of the attorneys are not evidence of damages. Your award must be

4    based on your reasoned judgment applied to the testimony of the witnesses and the

5    other evidence that has been admitted during trial.

6

7        PROPOSED BY:                          .

8        GIVEN AS PROPOSED            _____

9        GIVEN AS MODIFIED            _____

10       GIVEN ON COURT'S OWN MOTION  _____

11       REFUSED                      _____

12       WITHDRAWN                    _____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**CACI 201. More Likely True—Clear and Convincing Proof**

I am now going to instruct you on something called punitive damages. Plaintiffs must prove that they are entitled to punitive damages by clear and convincing evidence, which is a higher burden of proof. This means plaintiffs must persuade you that it is highly probable that the requisite facts are true. I will tell you specifically what must be proved by clear and convincing evidence.

PROPOSED BY:                                    .
GIVEN AS PROPOSED                    _____
GIVEN AS MODIFIED                      _____
GIVEN ON COURT'S OWN MOTION      _____
REFUSED                                      _____
WITHDRAWN                                 _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

DOCUMENT PREPARED

1

## 5.5 PUNITIVE DAMAGES (MODIFIED)

2

3   If you find for the Plaintiffs, you may, but are not required to, award punitive

4   damages.  The purposes of punitive damages are to punish a defendant and to deter

5   similar acts in the future.  Punitive damages may not be awarded to compensate

6   Plaintiffs.

7

8   Plaintiffs have the burden of proving by clear and convincing evidence that punitive

    damages should be awarded, and, if so, the amount of any such damages.

9

10   You may award punitive damages only if you find that Defendants' conduct that

11   harmed Plaintiffs was malicious or fraudulent.  Conduct is malicious if it is

12   accompanied by ill will, or spite, or if defendants' marketing and sale of

13   homeopathic products was despicable and was done with a willful and knowing

14   disregard of the rights or safety of another.   Despicable conduct is conduct that is

15   so vile, base, or contemptible that it would be looked down on and despised by

16   reasonable people.  Fraudulent conduct means that defendants intentionally

17   misrepresented facts about its homeopathic products and did so intending to harm

18   plaintiffs.

19

20   If you find that punitive damages are appropriate, you must use reason in setting the

21   amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their

22   purposes but should not reflect bias, prejudice or sympathy toward any party.  In

23   considering the amount of any punitive damages, consider the degree of

24   reprehensibility of the Defendants' conduct.

25

26

27

28

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

# VERDICT FORM – PUNITIVE DAMAGES

If you have entered a verdict with monetary damages relating to the marketing and sale of any of defendants' homeopathic products, please answer the following questions.  If you have entered a verdict in favor of defendants on each homeopathic product, or have awarded no monetary damages for any product, stop here, answer no further questions, and have the presiding juror sign and date this form.

    1.     Have Plaintiffs proven by clear and convincing evidence that Defendants engaged in the marketing and sale of their homeopathic products with malice or fraud or that Defendants' conduct was despicable?

    ___ Yes ___ No

    If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2.     What amount is necessary to punish Defendants and discourage their future wrongful marketing of homeopathic products?

    $_____

    Signed: _____

    Presiding Juror

    Dated: _____

| | | |
|---|---|---|
| 1 | Dated: | July 14, 2015 | **NORTON ROSE FULBRIGHT US LLP** |

/s/ _____
JEFFREY B. MARGULIES
*jeff.margulies@nortonrosefulbright.com*
STEPHANIE A. STROUP
*stephanie.stroup@nortonrosefulbright.com*
SPENCER PERSSON
*spencer.persson@nortonrosefulbright.com*
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

Dated:   July 14, 2015   **LAW OFFICES OF RONALD A. MARRON**

/s/ _____
RONALD A. MARRON
*ron@consumersadvocates.com*
SKYE RESENDES
*skye@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92101
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

DOCUMENT PREPARED

1    Dated:        July 14, 2015        **KREINDLER & KREINDLER, LLP**

2

3

4                                        /s/ _____
                                         GRETCHEN M. NELSON
5                                        *gnelson@kreindler.com*
                                         GABRIEL S. BARENFELD
6                                        *gbarenfeld@kreindler.com*
                                         707 Wilshire Boulevard, Suite 3600
7                                        Los Angeles, California 90017
                                         Telephone: (213) 622-6469
8                                        Facsimile: (213) 622-6019

9                                        Class Counsel

10                                       **GOMEZ TRIAL ATTORNEYS**

11                                       JOHN H. GOMEZ (171485)
                                         jgomez@gomeztrialattorneys.com
12                                       DEBORAH S. DIXON (248965)
                                         ddixon@gomeztrialattorneys.com
13                                       655 W. Broadway Suite 1700
                                         San Diego, California 92101
14                                       Telephone: (619) 237-3490
                                          Facsimile: (619) 237-3496

15                                       Class Trial Counsel

16

17

18

19

20

21

22

23

24

25

26

27

28

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM