**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (126002)
*jeff.margulies@nortonrosefulbright.com*
SPENCER PERSSON (235054)
*spencer.persson@nortonrosefulbright.com*
STEPHANIE A. STROUP (235071)
*stephanie.stroup@nortonrosefulbright.com*
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

*Attorneys for Defendants*

**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

*(Additional Counsel listed on the signature page)*

*Class Counsel*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KIM ALLEN, et al. on behalf of themselves, all others similarly situated and the general public, | Case No.  12-cv-1150-DMG-MAN CLASS ACTION |
| Plaintiff, | **PROPOSED JURY INSTRUCTIONS AND VERDICT FORM** |
| v. | |
| HYLAND'S INC., et al., | |
| Defendant. | |

1

## BURDEN OF PROOF

2

3    Plaintiffs have brought claims for breach of express warranty, Magnuson Moss

4    Warranty Act and for violation of California's Consumer Legal Remedies Act.  For

5    each of these claims, plaintiffs have the burden of proving by a preponderance of

6    the evidence that the defendants' homeopathic products were not effective as

7    advertised.

8
9    To fulfill this burden, plaintiffs must submit affirmative evidence that shows that

10   defendants' homeopathic products are ineffective and therefore do not provide any

11   relief to any consumer, as advertised.

12   *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*, 107

13   Cal. App. 4th 1336, 1344-46 (2003); *Colgan v. Leatherman Tool Group, Inc.*, 135

14   Cal. App. 4th 663, 682 (2006); *Chavez v. Nestle USA, Inc.*, 2011 WL 2150128, at

15   *5 (C.D. Cal. May 19, 2011); *Fraker v. Bayer Corp.*, 2009 WL 5865687, at *8

16   (E.D. Cal. Oct. 6, 2009.

17
18   **Plaintiffs Statement in Support:**  This instruction correctly states the burden of

19   proof and Plaintiffs' claims.  Defendants' instruction misstates Plaintiffs'

     allegations.  Plaintiffs are not claiming the products do not provide *any* relief to
20
     anyone, but instead, Plaintiffs have alleged and will support the allegation through
21
     expert testimony, that any relief is because of the placebo effect.  The key
22
     distinction is the way Defendants have mischaracterized Plaintiffs' case and burden.
23

24   Defendants' proposed instructions are argumentative and add requirements not

25   supported by law.  "[T]he plaintiff must affirmatively prove the advertising claim is

26   false." *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.,* 107 Cal.

27   App. 4th 1336, 1350 (2003).

28

1   **Defendants' Objection:**  While similar to Defendants' instruction, Plaintiffs'

2   instruction is incomplete.  Plaintiffs fail to recognize that the very cases they cite

3   stand for the proposition that Plaintiffs cannot meet their burden by claiming that

4   the effectiveness of the products is not substantiated, or has not been scientifically

5   proven, or that the products have not been adequately tested.  *Nat'l Council Against*

6   *Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*, 107 Cal. App. 4th 1336,

7   1345, 1348 (2003) ("Private plaintiffs are not authorized to demand substantiation

8   for advertising claims" and should establish the falsity of the advertising claims "by

9   testing, scientific literature, or anecdotal evidence."  ); *Fraker v. Bayer Corp.*, 2009

10  WL 5865687, at *8 (E.D. Cal. Oct. 6, 2009) ("Plaintiff has provided no authority

11  for the proposition that the absence of substantiation of an advertising claim is,

12  itself, falsity or somehow misleading").

13      PROPOSED BY:                              .

14      GIVEN AS PROPOSED           _____

15      GIVEN AS MODIFIED            _____

16      GIVEN ON COURT'S OWN MOTION   _____

17      REFUSED                              _____

18      WITHDRAWN                        _____

19

20

21

22

23

24

25

26

27

28

1
2

## CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT, CIVIL CODE SECTION 1770(a)

3

4   Plaintiffs allege Defendants violated provisions of the California's Consumer Legal
5   Remedies Act (or "CLRA").   The purpose of the California Consumer Legal
6   Remedies Act is to provide broad protection for consumers against unfair and
7   deceptive business practices.

8
9   To establish this claim, plaintiffs must have proven by a preponderance of the
10  evidence the following:

11  1.      Defendants made statements of fact about the products on the product
12  packaging OR Defendants knew facts that Plaintiffs say should have been
13  disclosed;

14
15  2.      That Defendants had a duty to disclose those facts;

16  3.      That Defendants did not disclose those facts to the class;

17
18  4.      That the facts were material to each Plaintiff who purchased Defendants'
19  product;

20  5.      Defendants' representations or failure to disclose material facts caused
21  Plaintiffs' harm.

22
23  *See* Civ. Code § 1770(a)(5), (7), (9); *MacRae v. HCR Manor Care Servs.*, 2014 WL
24  3605893, *3 (C.D. Cal. 2014); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.
    App. 4th 798, 809 (2007); *In re Vioxx Class Cases*, 180 Cal. App. 4th 116, 129
25  (2009); *Mass. Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1292-93
26  (2002); Cal. Civ. Code § 1760; *Avedisian v. Mercedes-Benz USA, LLC*, 43 F. Supp.
27
28

3d 1071, 1077 (C.D. Cal. 2014); *Stanwood v. Mary Kay, Inc.,* 941 F. Supp. 2d 1212 (C.D. Cal., 2012).

**Plaintiffs Statement in Support:**   Through the meet and confer process, Plaintiffs attempted to compromise with Defendants and combined portions of Defendants' proposed instructions with Plaintiffs' theory of the case.  This instruction mirrors the case law exactly, without unnecessary argument as proposed by Defendants. *Stanwood v. Mary Kay* 941 F. Supp. 2d 1212, 1220-21 (C.D. Cal. 2012) [quoting *Lovejoy v. AT & T Corp.,* 92 Cal.App.4th 85, 96 (2001), "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff …(4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage."

Defendants claim Plaintiffs cannot pursue a CLRA violation based on omissions. Plaintiffs disagree based on the Court's Order Re Plaintiffs' Motion for Class Certification. (Doc. No. 291 at p.4 fn 5.)

**Defendants' Objection:**  Plaintiffs' instructions ignore that this Court declined to certify their omission and failure to disclose claims.  In footnote 5 of this Court's certification Order (Docket No. 291), this Court was clear that it was only certifying Plaintiffs' claims that "the statements on the product packaging about the products' uses and effectiveness, *taken as a whole*, are misleading."  With respect to any omissions, the Court stated that "Plaintiffs have not identified *sufficient evidence* that any single omission or misrepresentation on the packaging is 'material' or 'likely to deceive' and have not demonstrated that liability predicated on any single omission or misrepresentation is tethered to a damages model…[and, therefore,] the Court construes Plaintiffs' briefing to rely only on the theory of liability asserted in

their TAC, and certifies the class only on that basis." *See* 8/1/14 Certification Order (Docket No. 291, *4 n.5).

Additionally, Plaintiffs' instruction lacks specificity, insofar as it ignores the standard set by the certification Order regarding what Plaintiffs have to prove: that "defendants made material misrepresentations about products which do not work and cannot possibly work as a matter of scientific principle." *See* 8/1/14 Certification Order (Docket No. 291, *20, 33, 39). Plaintiffs cannot seek certification on those grounds, and then try and run from that Order. Finally, there is no place for a duty to disclose element in a misrepresentation case, and Plaintiffs have failed to include the reliance requirement. *MacRae v. HCR Manor Care Servs.*, 2014 WL 3605893, *3 (C.D. Cal. 2014) ("the elements of a CLRA claim are: (1) a consumer is exposed to an unlawful business practice, and (2) the consumer is damaged by the unlawful practice. [Citation.] Additionally, CLRA claims grounded in fraud require reliance. [Citation.] Thus, to meet the heightened pleadings standard, Mr. MacRae must show that Manor Care's conduct was deceptive, he relied on the deception, and the deception caused him harm.").

PROPOSED BY:                                    .

GIVEN AS PROPOSED                _____

GIVEN AS MODIFIED                 _____

GIVEN ON COURT'S OWN MOTION      _____

REFUSED                                   _____

WITHDRAWN                            _____

DOCUMENT PREPARED

## BREACH OF EXPRESS WARRANTY & MAGNUSON-MOSS ACT, 15 U.S.C. § 2301, ET SEQ.

Plaintiffs claim that they were harmed by defendants' homeopathic products because defendants represented that the products relieve symptoms, but the products were not as represented.  Plaintiffs have sued under a breach of warranty and Magnuson-Moss Warranty Act.

To establish this claim, plaintiffs must present evidence that proves the following:

1.     That plaintiffs purchased homeopathic products manufactured by defendants;

2.     That defendants through their product packaging made a statement of fact to plaintiffs that defendants' homeopathic products relieve symptoms;

3.     That defendants' homeopathic products did not perform as promised;

4.     That plaintiffs took reasonable steps to notify defendants within a reasonable time that the homeopathic products were not as represented;

5.     That plaintiffs were harmed; and

6.     That the failure of the product to be as represented was a substantial factor in causing plaintiffs' harm.

CACI No. 1230; California Commercial Code § 2313; Civil Code § 1791.2; *Hauter v. Zogarts*, 14 Cal. 3d 104, 115–116 (1975); *Andrade v. Pangborn Corp.*, 2004 WL 2480708, at *23 (N.D. Cal. Oct. 22, 2004); *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008).

**Plaintiffs Statement in Support:**   This instruction is modeled from CACI 1230 exactly, but also includes Defendants requested language as to element one (that

DOCUMENT PREPARED

Plaintiffs purchased the product), which is not otherwise required by CACI 1230. Defendants' proposed instruction is unnecessarily argumentative in that it adds an extra burden on Plaintiffs to establish the products "could not perform as promised" as opposed to the products "did not" perform as promised.  Plaintiffs have reiterated that if the products provided relief, it was because of the placebo effect. Defendants' instruction improperly increases the burden for Plaintiffs.

**Defendants' Objection:**  Plaintiffs' instruction lacks specificity, insofar as it ignores the standard set by the certification Order regarding what Plaintiffs have to prove:  that "defendants made material misrepresentations about products which do not work and cannot possibly work as a matter of scientific principle."  *See* 8/1/14 Certification Order (Docket No. 291, *20, 33, 39).  Plaintiffs cannot seek certification on those grounds, and then try and run from that Order.  Yet that is exactly what element three does, while Defendants' element three reflects the Court's certification Order.

PROPOSED BY:                              .

GIVEN AS PROPOSED            _____

GIVEN AS MODIFIED             _____

GIVEN ON COURT'S OWN MOTION       _____

REFUSED                               _____

WITHDRAWN                         _____

1
2

**DAMAGES**

3
4
5
6

If you decide that Plaintiffs have proved their claims against Defendants, you also must decide how much money will reasonably compensate plaintiffs for the harm. This compensation is called "damages." By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

7
8
9
10
11
12

Plaintiffs seek damages from Defendants under more than one legal theory. However, each item of damages may be awarded only once, regardless of the number of legal theories alleged. You have been asked to decide whether Defendants are responsible for damages to Plaintiffs under the following legal theories:

13

   1.  Consumer Legal Remedies Act

14
15

   2.  Breach of Express Warranty

16

   3.  Magnuson Moss Warranty Act

17
18
19
20
21
22
23

The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant. You should consider the following: Plaintiffs may recover amounts that they reasonably spent in reliance on defendants' representations on their homeopathic products' packaging if those amounts would not otherwise have been spent.

24
25
26
27

Plaintiffs must prove the amount of their damages. However, plaintiffs do not have to prove the exact amount of damages that will provide reasonable compensation for the harm. Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

28

DOCUMENT PREPARED

Ninth Circuit Model 5.1; Commercial Code section 2714; *In re Pom Wonderful LLC*, 2014 WL 1225184, at \*3 (C.D. Cal. 2014); *Jones v. ConAgra Foods, Inc.*, 2014 WL 2702726, at \*19, n.36 (N.D. Cal. 2014); *Brazil v. Dole Packaged Foods, LLC*, 2014 WL 2466559, at \*15 (N.D. Cal. 2014); *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*, 107 Cal. App. 4th 1336, 1341 (2003).

**Plaintiffs Statement in Support:**   This instruction is substantially similar to Model Instruction 5.1, with the addition of prefatory language clarifying the theories of liability, but that the jury is not to award different damages for the theories. This was originally suggested by Defendants and Plaintiffs adopted it.

**Defendants' Objection:**  Plaintiffs' instruction is unduly confusing as it includes a reference to the specific claims, even though the jury will not be separately instructed on the Magnuson Moss Warranty Act claim.  Plaintiffs' instruction also lacks specificity, insofar as it ignores the standard set by the certification Order regarding what Plaintiffs have to prove:  that "defendants made material misrepresentations about products which do not work and cannot possibly work as a matter of scientific principle."  *See* 8/1/14 Certification Order (Docket No. 291, \*20, 33, 39).  Plaintiffs cannot seek certification on those grounds, and then try and run from that Order by ignoring their case theory in the damages instruction. Plaintiffs have also omitted that it is their burden to present a concrete, reliable formula for calculating damages for the class.  *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.*, 247 F.R.D. 156, 175-77 (C.D. Cal. 2007).

DOCUMENT PREPARED

PROPOSED BY:                                    .

GIVEN AS PROPOSED                    _____

GIVEN AS MODIFIED                    _____

GIVEN ON COURT'S OWN MOTION     _____

REFUSED                              _____

WITHDRAWN                            _____

DOCUMENT PREPARED

# VERDICT FORM - CALMS FORTÉ

We answer the questions submitted to us as follows:

1.      Did Plaintiffs buy the Defendants' Calms Forté homeopathic product?

___ Yes ___ No

If your answer to question 1 is yes, then answer question 2.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Defendants' packaging for their Calms Forté homeopathic product represent that the product provided relief as a sleep aid?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Were Defendants' express representations false?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Were Defendants' representations material?

___ Yes ___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Were Plaintiffs harmed as a result of their purchase of Defendants' Calms Forté homeopathic product?

___ Yes ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.     Was the labeling of Defendants' Calms Forté homeopathic product a substantial factor in causing Plaintiffs' harm?

___ Yes ___ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Calms Forté homeopathic products?

$_____


Signed: _____

Presiding Juror

Dated: _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

1

## VERDICT FORM – TEETHING TABLETS

2

3      We answer the questions submitted to us as follows:

4

5      1.      Did Plaintiffs buy the Defendants' Teething Tablets homeopathic

product?

6

7      ___ Yes ___ No

8

9      If your answer to question 1 is yes, then answer question 2.  If you answered

10     no, stop here, answer no further questions, and have the presiding juror sign and

date this form.

11

12     2.      Did Defendants' packaging for their Teething Tablets homeopathic

13     product  represent that the product provided symptomatic teething relief in

14     children?

15

16     ___ Yes ___ No

17     If your answer to question 2 is yes, then answer question 3.  If you answered

18     no, stop here, answer no further questions, and have the presiding juror sign and

19     date this form.

20

21     3.      Were Defendants' express representations false?

22     ___ Yes ___ No

23

24     If your answer to question 3 is yes, then answer question 4.  If you answered

25     no, stop here, answer no further questions, and have the presiding juror sign and

date this form.

26

27     4.      Were Defendants' representations material?

28

___ Yes ___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Were Plaintiffs harmed as a result of their purchase of Defendants' Teething Tablets homeopathic product?

___ Yes ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Was the labeling of Defendants' Teething Tablets homeopathic product a substantial factor in causing Plaintiffs' harm?

___ Yes ___ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Teething Tablets homeopathic products?

$_____

Signed: _____

Presiding Juror

Dated: _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

# VERDICT FORM – MIGRAINE HEADACHE RELIEF

We answer the questions submitted to us as follows:

1.      Did Plaintiffs buy the Defendants' Migraine Headache Relief homeopathic product?

___ Yes ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Defendants' packaging for their Migraine Headache Relief homeopathic product  represent that the product provided relief for migraine pain?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Were Defendants' express representations false?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Were Defendants' representations material ?

___ Yes ___ No

DOCUMENT PREPARED

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Were Plaintiffs harmed as a result of their purchase of Defendants' Migraine Headache Relief homeopathic product?

___ Yes ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Was the labeling of Defendants' Migraine Headache Relief homeopathic product a substantial factor in causing Plaintiffs' harm?

___ Yes ___ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Migraine Headache Relief homeopathic products?

$_____

Signed: _____

Presiding Juror

Dated: _____

DOCUMENT PREPARED

# VERDICT FORM – COLIC TABLETS

We answer the questions submitted to us as follows:

1.    Did Plaintiffs buy the Defendants' Colic Tablets homeopathic product?

___ Yes ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.    Did Defendants' packaging for their Colic Tablets homeopathic product  represent that the product provided symptomatic relief for colic in children?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.    Were Defendants' express representations false?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.    Were Defendants' representations material ?

DOCUMENT PREPARED

\_\_\_ Yes \_\_\_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Were Plaintiffs harmed as a result of their purchase of Defendants' Colic Tablets homeopathic product?

\_\_\_ Yes \_\_\_ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Was the labeling of Defendants' Colic Tablets homeopathic product a substantial factor in causing Plaintiffs' harm?

\_\_\_ Yes \_\_\_ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Colic Tablets homeopathic products?

$_____

Signed: _____

Presiding Juror

Dated: _____

**VERDICT FORM – LEG CRAMPS WITH QUININE**

We answer the questions submitted to us as follows:

1.      Did Plaintiffs buy the Defendants' Leg Cramps with Quinine homeopathic product?

____ Yes ____ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Defendants' packaging for their Leg Cramps with Quinine homeopathic product represent that the product provided symptomatic cramp relief?

____ Yes ____ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Were Defendants' express representations false?

____ Yes ____ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Were Defendants' representations material?

____ Yes ____ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Were Plaintiffs harmed as a result of their purchase of Defendants' Leg Cramps with Quinine homeopathic product?

___ Yes ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.     Was the labeling of Defendants' Leg Cramps with Quinine homeopathic product a substantial factor in causing Plaintiffs' harm?

___ Yes ___ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Leg Cramps with Quinine homeopathic products?

$_____

Signed: _____

Presiding Juror

Dated: _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

## VERDICT FORM – LEG CRAMPS

We answer the questions submitted to us as follows:

1.      Did Plaintiffs buy the Defendants' Leg Cramps homeopathic product?

___ Yes ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Defendants' packaging for their Leg Cramps homeopathic product represent that the product provided symptomatic relief for leg cramps?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Were Defendants' express representations false?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Were Defendants' representations material ?

___ Yes ___ No

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Were Plaintiffs harmed as a result of their purchase of Defendants' Leg Cramps homeopathic product?

___ Yes ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Was the labeling of Defendants' Leg Cramps homeopathic product a substantial factor in causing Plaintiffs' harm?

___ Yes ___ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Leg Cramps homeopathic products?

$_____

Signed: _____

Presiding Juror

Dated: _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

# VERDICT FORM - DEFEND COLD & COUGH

We answer the questions submitted to us as follows:

1.      Did Plaintiffs buy the Defendants' Defend Cold & Cough homeopathic product?

___ Yes ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Defendants' packaging for their Defend Cold & Cough homeopathic product represent that the product provided symptomatic cold relief?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Were Defendants' express representations false?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Were Defendants' representations material ?

___ Yes ___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Were Plaintiffs harmed as a result of their purchase of Defendants' Defend Cold & Cough homeopathic product?

___ Yes ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Was the labeling of Defendants' Defend Cold & Cough homeopathic product a substantial factor in causing Plaintiffs' harm?

___ Yes ___ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Defend Cold & Cough homeopathic products?

$_____

Signed: _____

Presiding Juror

Dated: _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

**VERDICT FORM – DEFEND COLD & COUGH NIGHT**

We answer the questions submitted to us as follows:

1.      Did Plaintiffs buy the Defendants' Defend Cold & Cough Night homeopathic product?

___ Yes ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Defendants' packaging for their Defend Cold & Cough homeopathic product represent that the product provided symptomatic cold relief?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Were Defendants' express representations false?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Were Defendants' representations material?

___ Yes ___ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.      Were Plaintiffs harmed as a result of their purchase of Defendants' Defend Cold & Cough Night homeopathic product?

___ Yes ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.      Was the labeling of Defendants' Defend Cold & Cough Night homeopathic product a substantial factor in causing Plaintiffs' harm?

___ Yes ___ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Defend Cold & Cough Night homeopathic products?

$_____


Signed: _____

Presiding Juror

Dated: _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

# VERDICT FORM – HYLAND'S COUGH

We answer the questions submitted to us as follows:

1.      Did Plaintiffs buy the Defendants' Hyland's Cough homeopathic product?

___ Yes ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.      Did Defendants' packaging for their Hyland's Cough homeopathic product  represent that the product provided symptomatic cough relief?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.      Were Defendants' express representations false?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.      Were Defendants' representations material?

___ Yes ___ No

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.     Were Plaintiffs harmed as a result of their purchase of Defendants' Hyland's Cough homeopathic product?

___ Yes ___ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.     Was the labeling of Defendants' Hyland's Cough homeopathic product as providing symptomatic cough relief a substantial factor in causing Plaintiffs' harm?

___ Yes ___ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.  What amount is the class entitled to receive as damages for their purchase of Defendants' Hyland's Cough homeopathic products?

$_____

Signed: _____

Presiding Juror

Dated: _____

PROPOSED JURY INSTRUCTIONS AND VERDICT FORM

# VERDICT FORM – SEASONAL ALLERGY RELIEF

We answer the questions submitted to us as follows:

1.     Did Plaintiffs buy the Defendants' Seasonal Allergy Relief homeopathic product?

___ Yes ___ No

If your answer to question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2.     Did Defendants' packaging for their Seasonal Allergy Relief homeopathic product represent that the product provided symptomatic allergy relief?

___ Yes ___ No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

3.     Were Defendants' express representations false?

___ Yes ___ No

If your answer to question 3 is yes, then answer question 4. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

4.     Were Defendants' representations material?

\_\_\_ Yes \_\_\_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5.    Were Plaintiffs harmed as a result of their purchase of Defendants' Seasonal Allergy Relief homeopathic product?

\_\_\_ Yes \_\_\_ No

If your answer to question 5 is yes, then answer question 6. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6.    Was the labeling of Defendants' Seasonal Allergy Relief homeopathic product a substantial factor in causing Plaintiffs' harm?

\_\_\_ Yes \_\_\_ No

If your answer to question 6 is yes, then answer question 7.  If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

7.    What amount is the class entitled to receive as damages for their purchase of Defendants' Seasonal Allergy Relief homeopathic products?

\$_____

Signed: _____

Presiding Juror

Dated: _____

1    **Plaintiffs Statement in Support:**    These are substantially similar to
2    Defendants' proposed verdict forms except Plaintiffs have removed the additional
3    sentences in the verdict forms that are argumentative and an unnecessary
4    restatement of the law.
5
6    **Defendants' Objection:**  Defendants agree that the verdict forms are substantially
7    similar, but ultimately Plaintiffs' forms lack specificity on a product by product
8    basis, and ignore the standard set by the certification Order regarding what
9    Plaintiffs have to prove:  that "defendants made material misrepresentations about
10   products which do not work and cannot possibly work as a matter of scientific
11   principle."  *See* 8/1/14 Certification Order (Docket No. 291, *20, 33, 39).  Plaintiffs
12   cannot seek certification on those grounds, and then try and run from that Order by
13   ignoring their case theory in the verdict form.  Plaintiffs have also omitted that it is
14   their burden to present a concrete, reliable formula for calculating damages for the
15   class.  *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.*, 247
16   F.R.D. 156, 175-77 (C.D. Cal. 2007).
17
18
19
20
21
22
23
24
25
26
27
28

1

2    Dated:      July 14, 2015        **LAW OFFICES OF RONALD A.**
                                      **MARRON**

3

4

5                                     /s/ _____
                                      RONALD A. MARRON
6                                     *ron@consumersadvocates.com*
                                      SKYE RESENDES
7                                     *skye@consumersadvocates.com*
                                      651 Arroyo Drive
8                                     San Diego, California 92101
                                      Telephone:  (619) 696-9006
9                                     Facsimile:  (619) 564-6665

10   Dated:      July 14, 2015        **KREINDLER & KREINDLER, LLP**

11

12                                    /s/ _____
                                      GRETCHEN M. NELSON
13                                    *gnelson@kreindler.com*
                                      GABRIEL S. BARENFELD
14                                    *gbarenfeld@kreindler.com*
                                      707 Wilshire Boulevard, Suite 3600
15                                    Los Angeles, California 90017
                                      Telephone: (213) 622-6469
16                                    Facsimile: (213) 622-6019

17                                    Class Counsel

18

19                                    **GOMEZ TRIAL ATTORNEYS**

20                                    JOHN H. GOMEZ (171485)
                                      jgomez@gomeztrialattorneys.com
21                                    DEBORAH S. DIXON (248965)
                                      ddixon@gomeztrialattorneys.com
22                                    655 W. Broadway Suite 1700
                                      San Diego, California 92101
23                                    Telephone: (619) 237-3490
                                       Facsimile: (619) 237-3496
24                                    Class Trial Counsel

25

26

27

28