**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

*(Additional Counsel listed on the signature page)*

*Class Counsel*

**NORTON ROSE FULBRIGHT US LLP**
JEFFREY MARGULIES (126002)
*jeff.margulies@nortonrosefulbright.com*
SPENCER PERSSON (235054)
*spencer.persson@nortonrosefulbright.com*
STEPHANIE A. STROUP (235071)
*stephanie.stroup@nortonrosefulbright.com*
555 South Flower Street, 41st Floor
Los Angeles, California 90071
Telephone:  (213) 892-9200
Facsimile:  (213) 892-9494

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| KIM ALLEN, et al., on behalf of themselves, all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>HYLAND'S, INC., et al.,<br><br>Defendants. | Case No: 12-cv-1150-DMG-MAN<br>CLASS ACTION<br><br>**[PROPOSED] FINAL PRETRIAL CONFERENCE ORDER PURSUANT TO LOCAL RULE 16-7**<br><br>JUDGE:  The Honorable Dolly M. Gee<br>Final Pretrial Conf.:  Aug. 4, 2015<br>Time:  2:00 p.m.<br>Trial Date:  September 1, 2015 |

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, **IT IS ORDERED**:

**1. The parties** are:

>   a. Plaintiffs: Kim Allen, Daniele Xenos, Sherrell Smith, Nancy Rodriguez, Yuanke Xu, Diana Sisti, and Melissa Nigh.

>   b. Defendants: Hyland's Inc., Standard Homeopathic Laboratories, Inc., and Standard Homeopathic Company.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Third Amended Complaint and Defendants' Answer.

**2**. **Federal jurisdiction and venue** are invoked upon the grounds: The parties admit and stipulate this Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2), as amended by the Class Action Fairness Act of 2005, because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some members of the class are citizens of states different than Defendants. This Court also has original jurisdiction over the federal claims under the Magnuson-Moss Warranty Act pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**3.** The trial is estimated to take 17-18 trial days.

**4.** The parties attached a Joint Statement of the Case attached hereto as Exhibit A. The trial is to be a jury trial as to the following causes of action: Consumers Legal Remedies Act (CLRA), Breach of Express Warranty, Magnuson Moss Warranty Act (MMWA).

The trial is be a non-jury trial as to the following causes of action: Unfair

Competition Law (UCL) and False Advertising Law (FAL).

**5.** The following facts are admitted and require no proof:

1.   Defendant Standard Homeopathic Company is the parent corporation of Defendant Hyland's Inc.

2.   The products at issue in the case are:  Calms Forte, Teething Tablets, Migraine Headache Relief, Colic Tablets, Leg Cramps with Quinine, Leg Cramps, Defend Cold & Cough, Defend Cold & Cough Night, Hyland's Cough, and Seasonal Allergy Relief.

**6.** The following facts, though stipulated, shall be without prejudice to any evidentiary objection: Not Applicable.

**7. Claims and Defenses** to be presented at trial include:

**Plaintiff(s):**

(a) Plaintiffs plan to pursue the following claims against Defendants:

Claim 1:    Defendants violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*

Claim 2:    Defendants breached an express warranty found on their products' packaging.

Claim 3:    Defendants violated California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

Claim 4:    Defendants violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

Claim 5:    Defendants violated California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*

(b) The elements required to establish Plaintiff's claims are:

<u>Breach of Warranty Claim/ Magnuson Moss Warranty Act</u>:

3

1.  Plaintiffs bought products manufactured by the Defendants;

2.  Defendants provided Plaintiffs with a warranty by making a written statement that the products would perform in a particular manner; and

3.  The products did not perform as stated;

4.  Plaintiffs took reasonable steps to notify defendants within a reasonable time that the products were not as represented;

5.  That plaintiffs were harmed; and

6.  That the failure of Defendants' products to be as represented was a substantial factor in causing Plaintiffs' harm.

Consumers Legal Remedies Act Claims (Misrepresentation):

1.  Defendants made statements of fact on the products' packaging that the products would relieve the symptoms of flu, colds, migraines, colic, teething, leg cramps, and sleeping disorders;

2.  The statements were material to each of the plaintiffs that purchased the product;

3.  The products did not perform as stated on the packaging;

4.  The failure of the product to be as represented by Defendants caused Plaintiffs harm.

Consumers Legal Remedies Act Claims (Omission):

1.  Defendants knew certain facts about the true nature of the products which facts should have been disclosed;

2.  Defendants had a duty to disclose those facts;

3.  Defendants did not disclose those facts to the class;

4

4.   The facts were material to each of the plaintiffs who purchased Defendants' product;

5.   Defendants' failure to disclose material facts caused plaintiffs' harm.

UCL Claims:

1.   Defendant made representations that were actually false *or* provided information in a manner that it was likely to mislead or deceive the consumer by failing to disclose material facts or making a partial disclosure of material facts.

2.   Defendants engaged in business conduct that was unfair by *either* violating an applicable law *or* violating the public policy or spirit of unfair business competition law by engaging in false or misleading advertising;

3.   Plaintiffs suffered injury by purchasing products they would not have purchased but for the false or deceoptive advertising

FAL Claims:

1.   Defendants disseminated to the public for the purpose of inducing sales, advertising statements;

2.   Defendants' advertising statements were untrue or misleading such that those statements were likely to deceive the reasonable consumer;

3.   Defendants knew, or by the existence of reasonable care should have known, the statements were likely to deceive the reasonable consumer.

**Defendants:**  Defendants disagree with the Plaintiffs' characterization of the elements of the five claims, primarily because Plaintiffs continue to represent that their omission and failure to disclose claims were certified.  Those claims appear nowhere in the Court's certification Order and, indeed, this Court repeatedly stated

5

that the theory certified is as follows: "Defendants made material misrepresentations about products which do not work and cannot possibly work as a matter of scientific principle, given the level of dilution of their active ingredients." *See* 8/1/14 Certification Order (Docket No. 291, *20, 33, 39). Moreover, in footnote 5 of that Order, this Court expressly stated that it was only certifying Plaintiffs' claims that "the statements on the product packaging about the products' uses and effectiveness, *taken as a whole*, are misleading." *Id.* at 4 n. 5. With respect to any omissions, the Court stated that "Plaintiffs have not identified *sufficient evidence* that any single omission or misrepresentation on the packaging is 'material' or 'likely to deceive' and have not demonstrated that liability predicated on any single omission or misrepresentation is tethered to a damages model…[and, therefore,] the Court construes Plaintiffs' briefing to rely only on the theory of liability asserted in their TAC, and certifies the class only on that basis." *Id.*

With that in mind, Defendants' present the elements required to establish Plaintiffs' claims as follows:

<u>Magnuson Moss Warranty Act/Breach of Express Warranty Claim</u>:

1. That plaintiffs purchased homeopathic products manufactured by defendants;

2. That defendants through their product packaging made a statement of fact to plaintiffs that their homeopathic products relieve symptoms;

3. That defendants' homeopathic products could not perform as promised because they are uniformly ineffective and cannot relieve symptoms as represented;

4. That plaintiffs took reasonable steps to notify defendants within a reasonable time that the homeopathic products were not as represented;

6

5. That plaintiffs were harmed; and

6. That the labeling of defendants' homeopathic products as relieving symptoms was a substantial factor in causing plaintiffs' harm.

Consumers Legal Remedies Act Claim:

1. Defendants represent on their homeopathic products' packaging that their homeopathic products relieve symptoms;

2. Defendants' representations were material to each plaintiff who purchased defendants' homeopathic products;

3. Defendants' representations are false and deceptive because defendants' products are uniformly ineffective and cannot provide cannot provide any relief as represented;

4. Plaintiffs relied upon defendants' representations; and

5. Defendants' representations caused plaintiffs harm.

Unfair Competition Law ("UCL") Claim:

1. Plaintiffs purchased defendants' homeopathic products;

2. Defendants represent on their products' packaging that their homeopathic products relieve symptoms;

3. Defendants' representations are false or likely to deceive reasonable consumers because defendants' products are uniformly ineffective and cannot provide any relief as represented;

7

4.  Defendants' representations were material to Plaintiffs' decision to purchase Defendants' homeopathic products; and,

5.  Plaintiffs were harmed by Defendants' representations.

<u>False Advertising Law ("FAL") Claim:</u>

1.  Plaintiffs purchased defendants' homeopathic products;

2.  Defendants represent on their products' packaging that their homeopathic products relieve symptoms;

3.  Defendants' representations are false or misleading because defendants' products are uniformly ineffective for and cannot provide any relief as represented;

4.  A reasonable consumer was likely to be deceived as the result of defendants' representations; and

5.  Plaintiffs were harmed by Defendants' representations.

(c) In brief, the key evidence Plaintiff relies on for each of the claims is:

1.  Breach of Warranty and Magnuson-Moss Warranty Act

Plaintiffs will demonstrate Defendants breached their warranties by relying on the products' packaging and labels, scientific expert testimony, and the testimony of Plaintiffs.  Specifically, Plaintiffs will demonstrate through testimony of each of the Plaintiffs that they (1) purchased Defendants' product(s);  (2) Plaintiffs read the label, packaging or advertisement about Defendants product, which contained written statement that the products would perform in a particular manner; (3) the products did not perform as stated and provided no relief for the ailments which Defendants' represented would be better; (4) Plaintiffs notified Defendants of the

8

failure of their products to work as promised; and (5) Plaintiffs were out of pocket the money they spent in purchasing the products.

Plaintiffs will rely on Defendants' packaging, labels and advertisements to show the specific nature of Defendants' representations and warranties. Plaintiffs' experts will discuss a consumer's expectation in purchasing the products based on the representations and the lack of efficacy of the products.

### 2. Consumer Legal Remedies Act

Plaintiffs will demonstrate Defendants violated the Consumers Legal Remedies Act by relying on the products' packaging and labels and through expert testimony on consumer opinions and the lack of scientific support for Defendants' claims on their products, as well as Defendants' testimony. Plaintiffs' expert will address damages. Plaintiffs will rely on Defendants' packaging, labels, internal documents and employees' testimony to demonstrate the nature of the misrepresentations. Plaintiffs will rely on Plaintiffs' and expert testimony that the information represented was material. Plaintiffs and their experts will testify that the representations were false because the Defendants' products were ineffective and did not provide relief for Plaintiffs. Plaintiffs and their expert will discuss the monetary harm caused by Defendants' misrepresentation.

Plaintiffs will also demonstrate Defendants violated the Consumers Legal Remedies Act by demonstrating through Defendants' documents, employees and officers that they knew or should have known the products' packaging and labeling did not provide all the material information a consumer would expect or should be provided, based on Defendants' own knowledge. Plaintiffs will demonstrate through expert testimony the lack of scientific evidence to support Defendants' material misrepresentations and omissions. Plaintiffs will each testify that the information not disclosed would have been material information the Plaintiffs would have wanted to know. Plaintiffs' expert will address damages.

3.  Unfair Competition Law and Fraudulent Advertising Law (non-jury)

Plaintiffs will demonstrate Defendants engaged in unlawful and unfair or fraudulent business practice through their deceptive, untrue or misleading advertising by relying on the products' packaging and labels and through expert testimony on consumer opinions and the lack of scientific support for Defendants' claims on their products, Defendants' testimony and plaintiffs' testimony.  Plaintiffs' expert will address damages.

Plaintiffs will demonstrate Defendants disseminated untrue or misleading advertisements to consumers by relying on the products' packaging and labels and through expert testimony on consumer opinions and the lack of scientific support for Defendants' claims on their products, Defendant's testimony and plaintiffs' testimony. Plaintiffs' expert will address damages.

**Defendant(s)**:

Defendants deny Plaintiffs' allegations and will present substantial evidence to rebut Plaintiffs' claims.  Local Rule 16-7.2, which incorporates by reference Appendix A and the model set forth therein, does not specifically call for Defendants to identify this evidence in the Pretrial Conference Order, however, it can be found in Defendants' Memorandum of Contentions of Fact and Law Pursuant to Local Rule 16-4, filed on July 14, 2015.

(a) Defendant plans to pursue the following counterclaims and affirmative defenses:

Affirmative Defense 1:  Defendants' Representations Were Not the Basis of the Bargain.

Affirmative Defense 2:  Plaintiffs Did Not Mitigate Their Damages.

(b) The elements required to establish Defendant's counterclaims and affirmative defenses are:

Basis of the Bargain Defense:

10

Defendants are not responsible for any harm to plaintiffs if defendants prove that statements on the homeopathic products' packaging were not a basis of the parties' transaction.   Defendants' statements on their homeopathic products' packaging are presumed to be a basis of the transaction. To overcome this presumption, defendants must prove that the resulting bargain was not based in any way on defendants' statements.

If defendants prove that plaintiffs

1.     purchased the products for reasons other than the statements on the packaging, or

2.     knew that the products were not always effective before agreeing to buy, the resulting bargain was not based in any way on defendants' statements.

<u>Failure to Mitigate Defense:</u>

Plaintiffs have a duty to use reasonable efforts to mitigate damages.   To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1.     That Plaintiffs failed to use reasonable efforts to mitigate damages; and,

2.     The amount by which damages would have been mitigated.

(c) In brief, the key evidence Defendant relies on for each counterclaim and affirmative defense is:

<u>Basis of the Bargain Defense:</u>

Several of the Plaintiffs have testified that they did not view the product labeling prior to purchase or that they purchased the products for some other reason.

Defendants will also present evidence that the information contained on the labels and in advertising for Defendants' products is at best a very minor determinant of consumers' decisions to purchase Defendants' products.  Rather, the primary determinants of consumer purchases are prior experience with the products and/or

11

the recommendations of others, such as family, friends, or health care professionals.

Based on the above, the basis of the bargain cannot be said to be the labeling of Defendants' products.

Also, the FDA does not require or expect that an OTC drug, including a homeopathic drug, be 100% effective. Rather, the FDA only requires that a significant proportion of the target population will experience relief after using the products as directed and for the indicated use. This also shows that any reasonable consumer would not expect 100% effectiveness when purchasing any OTC drug, including Defendants' products.

<u>Failure to Mitigate Defense</u>:

Plaintiffs did not mitigate their damages because the evidence will show that Defendants have a system to respond to customer complaints. Dissatisfied customers are given refunds upon request, a Hyland's policy for the entirety of its 110 years of operation. Nevertheless, none of the Plaintiffs attempted to contact Defendants for refunds, instead opting to file this suit. As such, they did not mitigate their damages.

**8.** In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

    a. Whether Defendants breached the warranties on their products;

    b. Whether Defendants misrepresented the effectiveness of their products;

    c. Whether Defendants made misrepresentations on the labeling of their products, including that their products treat distinct ailments;

    d. Whether Defendants conduct was malicious, or fraudulent to warrant punitive damages.

**9.** All discovery is complete.

**10.** All disclosures under F.R.Civ.P. 26(a)(3) have been made.

12

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Plaintiffs' and Defendants' objections are identified in the accompanying Exhibit List.

**11.** Witness lists of the parties have been filed with the Court pursuant to Local Rule 16-5.

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

      a.  James A. Taylor, M.D.

      b.  Nancy Rodriguez

      c.  Kim Allen

      d.  Daniele Xenos

      e.  Diana Sisti

      f.  Yuanke Xu

      g.  Melissa Nigh

      h.  Sherrell Smith

      i.  Jon A. Krosnick

      j.  Noel R. Rose

      k.  Robert J. Lee

      l.  William Ackerman

Plaintiffs object to the presentation of testimony by deposition of the witnesses subject to *Daubert* motions

Defendants object to the presentation of testimony by deposition of James A. Taylor as irrelevant, lacking a reliable foundation, and more prejudicial than probative.  Defendants may present certain testimony of the Plaintiffs and their experts via deposition, but will do so selectively.

13

**12.** The following law and motion matters and motions in limine, and no others, are pending or contemplated:

    1.  Plaintiffs' motions in limine:

        a.  Motion to exclude testimony, evidence or argument as to subjective consumer perceptions of benefit or of a "fair market theory."

        b.  Motion to exclude testimony, evidence or argument as to the reasons why any consumer opted out of the class.

        c.  Motion to limit the number of experts the defendants can present on a particular topic.

        d.  Motion to exclude testimony, evidence or argument as to any medical issues or conditions suffered by Plaintiffs that are not related to a condition for which they purchased the product(s).

        e.  Motion to exclude any testimony, evidence or argument as to how plaintiffs learned about this lawsuit or a suggestion they were "solicited" by counsel or whether plaintiffs' reviewed the allegations prior to filing the complaint or not.

    2.  Defendants' motions in limine:

        a.  Motion to exclude testimony, evidence or argument as to claims that have not been certified.

        b.  Motion to exclude testimony, evidence or argument as prejudicial or irrelevant statements that will not assist the jury.

        c.  Motion to exclude testimony, evidence or argument as to subsequent remedial measures.

        d.  Motion to exclude testimony, evidence or argument as to hearsay statements regarding the validity of homeopathy.

*Kim Allen et al. v. Hyland's, Inc. et al.*, Case No. 12-CV-1150

[Proposed] Final Pretrial Conference

3. Plaintiffs' *Daubert* motions to exclude expert witness Dr. Peter Fisher, Dr. Bernardo Merizalde, Edward Miracco and Dr. Edward Calabrese

4. Defendants' *Daubert* motions to exclude the testimony of Dr. Jon A. Krosnick, Dr. Robert J. Lee, and portions of the testimony offered by Dr. Noel R. Rose and, to the extent not already excluded, Dr. Robert J. Lee.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause unless modified to prevent manifest injustice.

Dated:_____          _____
                                   DOLLY M. GEE
                                   United States District Judge

Approved as to form and content:

DATED: July 14, 2015          **LAW OFFICES OF RONALD A. MARRON**

                              /s/_____
                              RONALD A. MARRON
                              *ron@consumersadvocates.com*
                              SKYE RESENDES
                              *skye@consumersadvocates.com*
                              651 Arroyo Drive
                              San Diego, California 92101
                              Telephone:  (619) 696-9006
                              Facsimile:  (619) 564-6665

                              **KREINDLER & KREINDLER, LLP**

                              GRETCHEN M. NELSON (112566)
                              *gnelson@kreindler.com*
                              GABRIEL S. BARENFELD (224146)

15

gbarenfeld@kreindler.com
707 Wilshire Boulevard, Suite 3600
Los Angeles, California 90017
Telephone: (213) 622-6469
Facsimile: (213) 622-6019

**GOMEZ TRIAL ATTORNEYS**

JOHN H. GOMEZ (171485)
jgomez@gomeztrialattorneys.com
DEBORAH S. DIXON (248965)
ddixon@gomeztrialattorneys.com
655 W. Broadway Suite 1700
San Diego, California 92101
Telephone: (619) 237-3490
 Facsimile: (619) 237-3496

***Class Counsel***

Respectfully submitted by:

DATED: July 14, 2015          **NORTON ROSE FULBRIGHT US LLP**

                    _____/s/_____
                    STEPHANIE A. STROUP
                    *stephanie.stroup@nortonrosefulbright.com*
                    JEFFREY MARGULIES
                    *jeff.margulies@nortonrosefulbright.com*
                    SPENCER PERSSON
                    *spencer.persson@nortonrosefulbright.com*
                    555 South Flower Street, 41st Floor
                    Los Angeles, California 90071
                    Telephone:  (213) 892-9200
                    Facsimile:  (213) 892-9494

16

# EXHIBIT A

**JOINT STATEMENT OF CASE:**

This case involves claims by several plaintiffs against Defendants Hyland's Inc., Standard Homeopathic Laboratories, Inc., and Standard Homeopathic Company (collectively "Hyland's"), alleging the companies misrepresented the effectiveness of the following over-the-counter homeopathic products: Calms Forté, Teething Tablets, Migraine Headache Relief, Colic Tablets, Leg Cramps with Quinine, Leg Cramps, Defend Cold & Cough, Defend Cold & Cough Night, Hyland's Cough, and Seasonal Allergy Relief.   Defendants deny all liability in this case and deny any allegation that their products are ineffective.

**Plaintiffs' Alternative Request Upon Clarification by the Court:**

Plaintiffs continue to pursue an omissions theory of liability and seek Court clarification on that issue and therefore would request an additional sentence (bold below) be read to the jury:

> This case involves claims by several plaintiffs against Defendants Hyland's Inc., Standard Homeopathic Laboratories, Inc., and Standard Homeopathic Company (collectively "Hyland's"), alleging the companies misrepresented the effectiveness of the following over-the-counter homeopathic products: Calms Forté, Teething Tablets, Migraine Headache Relief, Colic Tablets, Leg Cramps with Quinine, Leg Cramps, Defend Cold & Cough, Defend Cold & Cough Night, Hyland's Cough, and Seasonal Allergy Relief. **Plaintiffs also claim Defendants failed to tell consumers material information Defendants should have disclosed**. Defendants deny all liability in this case and deny any allegation that their products are ineffective.