1
2
3
4
5
6
7
8  **UNITED STATES DISTRICT COURT**
9  **CENTRAL DISTRICT OF CALIFORNIA**
10  **WESTERN DIVISION**

11  KIM ALLEN, et al., on behalf of themselves, all others similarly situated and the general public,

13  Plaintiffs,

14  v.

15  HYLAND'S, INC., et al.,

16  Defendants.

| | |
|---|---|
| | Case No.: CV 12-1150-DMG (MANx) |
| | **FINAL PRETRIAL CONFERENCE ORDER PURSUANT TO LOCAL RULE 16-7** |

19
20
21
22
23
24
25
26
27
28

Following pretrial proceedings, pursuant to Fed. R. Civ. P. 16 and L.R. 16, **IT IS ORDERED**:

    **1.  The parties** are:

        a.  Plaintiffs: Kim Allen, Daniele Xenos, Sherrell Smith, Nancy Rodriguez, Yuanke Xu, Diana Sisti, and Melissa Nigh.

        b.  Defendants: Hyland's Inc., Standard Homeopathic Laboratories, Inc., and Standard Homeopathic Company.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:  Third Amended Complaint and Defendants' Answer.

**2**. **Federal jurisdiction and venue** are invoked upon the grounds:  The parties admit and stipulate this Court has original jurisdiction pursuant to 28 U.S.C. §1332(d)(2), as amended by the Class Action Fairness Act of 2005, because the matter in controversy, exclusive of interest and costs, exceeds the sum or value of $5,000,000 and is a class action in which some members of the class are citizens of states different than Defendants.  This Court also has original jurisdiction over the federal claims under the Magnuson-Moss Warranty Act pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

**3.**  The trial shall be completed within 14 trial days.  Each side shall have up to 28 hours to complete their cases in chief, including cross-examination, but excluding voir dire, opening statements, and closing arguments.

**4.**  The trial is to be a jury trial as to the following causes of action: Consumers Legal Remedies Act (CLRA), Breach of Express Warranty, Magnuson-Moss Warranty Act (MMWA).

The trial is be a non-jury trial as to the following causes of action:  Unfair Competition Law (UCL) and False Advertising Law (FAL).  The non-jury portion of the trial will proceed immediately after the completion of the jury trial.

In the absence of an agreement between the parties, the jury trial will not be bifurcated.

**5.** The following facts are admitted and require no proof:

    a.    Defendant Standard Homeopathic Company is the parent corporation of Defendant Hyland's Inc.

    b.    The products at issue in the case are:  Calms Forte, Teething Tablets, Migraine Headache Relief, Colic Tablets, Leg Cramps with Quinine, Leg Cramps, Defend Cold & Cough, Defend Cold & Cough Night, Hyland's Cough, and Seasonal Allergy Relief.

**6.** The following facts, though stipulated, shall be without prejudice to any evidentiary objection:  Not Applicable.

**7. Claims and Defenses** to be presented at trial include:

**Plaintiff(s):**

(a) Plaintiffs plan to pursue the following claims against Defendants:

Claim 1:    Defendants violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*

Claim 2:    Defendants breached an express warranty found on their products' packaging.

Claim 3:    Defendants violated California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*

Claim 4:    Defendants violated California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*

Claim 5:    Defendants violated California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*

(b) The elements required to establish Plaintiffs' claims are:

<u>Breach of Warranty Claim/ Magnuson-Moss Warranty Act</u>:

1. Plaintiffs bought products manufactured by Defendants;

2. Defendants provided Plaintiffs with a warranty by making a written statement that the products would perform in a particular manner; and

3. The products did not perform as stated because they cannot relieve symptoms as represented;

4. Plaintiffs took reasonable steps to notify defendants within a reasonable time that the products were not as represented;

5. That Plaintiffs were harmed; and

6. That the failure of Defendants' products to be as represented was a substantial factor in causing Plaintiffs' harm.

<u>Consumer Legal Remedies Act Claims</u>:

1. Defendants made statements of fact on the products' packaging that the products would relieve the symptoms of flu, colds, migraines, colic, teething, leg cramps, and sleeping disorders;

2. The statements were material to each of the plaintiffs that purchased the product;

3. The products did not perform as stated on the packaging because they cannot relieve symptoms as represented;

4. The failure of the product to be as represented by Defendants caused Plaintiffs' harm.

<u>UCL Claims</u>:

1.   Defendant made representations that were actually false

4

*or* provided information in a manner that it was likely to mislead or deceive the consumer because the products cannot relieve symptoms as represented;

2. Defendants engaged in business conduct that was unfair by *either* violating an applicable law *or* violating the public policy or spirit of unfair business competition law by engaging in false or misleading advertising;

3. Plaintiffs suffered injury by purchasing products they would not have purchased but for the false or deceptive advertising.

FAL Claims:

1. Defendants disseminated to the public for the purpose of inducing sales, advertising statements;

2. Defendants' advertising statements were untrue or misleading such that those statements were likely to deceive the reasonable consumer because the products cannot relieve symptoms as represented;

3. Defendants knew, or by the existence of reasonable care should have known, the statements were likely to deceive the reasonable consumer.

(c) In brief, the key evidence Plaintiffs rely on for each of the claims is:

**1. Breach of Warranty and Magnuson-Moss Warranty Act**

Plaintiffs will demonstrate Defendants breached their warranties by relying on the products' packaging and labels, scientific expert testimony, and the testimony of Plaintiffs. Specifically, Plaintiffs will demonstrate through testimony of each of the Plaintiffs that they (1) purchased Defendants' product(s);   (2) Plaintiffs read the label, packaging or advertisement about Defendants product, which contained written statements that the products would perform in a particular manner; (3) the products did not perform as stated and provided no relief for the ailments which Defendants' represented would be better; (4) Plaintiffs notified

*Kim Allen et al. v. Hyland's, Inc. et al.*, Case No. 12-cv-1150
Final Pretrial Conference Order

Defendants of the failure of their products to work as promised; and (5) Plaintiffs were out of pocket the money they spent in purchasing the products.

Plaintiffs will rely on Defendants' packaging, labels, and advertisements to show the specific nature of Defendants' representations and warranties. Plaintiffs' experts will discuss a consumer's expectation in purchasing the products based on the representations and the lack of efficacy of the products.

### 2. Consumer Legal Remedies Act

Plaintiffs will demonstrate Defendants violated the Consumers Legal Remedies Act by relying on the products' packaging and labels and through expert testimony on consumer opinions and the lack of scientific support for Defendants' claims on their products, as well as Defendants' testimony. Plaintiffs' expert will address damages. Plaintiffs will rely on Defendants' packaging, labels, internal documents and employees' testimony to demonstrate the nature of the misrepresentations. Plaintiffs will rely on Plaintiffs' and expert testimony that the information represented was material. Plaintiffs and their experts will testify that the representations were false because Defendants' products were ineffective and did not provide relief for Plaintiffs. Plaintiffs and their expert will discuss the monetary harm caused by Defendants' misrepresentations.

### 3. Unfair Competition Law and Fraudulent Advertising Law (non-jury)

Plaintiffs will demonstrate Defendants engaged in unlawful and unfair or fraudulent business practice through their deceptive, untrue or misleading advertising by relying on the products' packaging and labels and through expert testimony on consumer opinions and the lack of scientific support for Defendants' claims on their products, Defendants' testimony and Plaintiffs' testimony. Plaintiffs' expert will address damages.

Plaintiffs will demonstrate Defendants disseminated untrue or misleading

advertisements to consumers by relying on the products' packaging and labels and through expert testimony on consumer opinions and the lack of scientific support for Defendants' claims on their products, Defendant's testimony and plaintiffs' testimony.  Plaintiffs' expert will address damages.

**Defendant(s)**:

Defendants deny Plaintiffs' allegations and will present substantial evidence to rebut Plaintiffs' claims.  A discussion of Defendants' evidence can be found in Defendants' Memorandum of Contentions of Fact and Law Pursuant to Local Rule 16-4, filed on July 14, 2015.

(a) Defendants plan to pursue the following counterclaims and affirmative defenses:

Affirmative Defense 1:  Defendants' Representations Were Not the Basis of the Bargain.

Affirmative Defense 2:  Plaintiffs Did Not Mitigate Their Damages.

(b) The elements required to establish Defendants' counterclaims and affirmative defenses are:

**<u>Basis of the Bargain Defense</u>:**

Defendants are not responsible for any harm to Plaintiffs if Defendants prove that statements on the homeopathic products' packaging were not a basis of the parties' transaction.  Defendants' statements on their homeopathic products' packaging are presumed to be a basis of the transaction. To overcome this presumption, Defendants must prove that the resulting bargain was not based in any way on Defendants' statements.

If Defendants prove that Plaintiffs

1.     purchased the products for reasons other than the statements on the packaging, or

2.     knew that the products were not always effective before agreeing to

buy, the resulting bargain was not based in any way on Defendants' statements.

**Failure to Mitigate Defense:**

Plaintiffs have a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

Defendants have the burden of proving by a preponderance of the evidence:

1.    That Plaintiffs failed to use reasonable efforts to mitigate damages; and,

2.    The amount by which damages would have been mitigated.

(c) In brief, the key evidence Defendants rely on for each counterclaim and affirmative defense is:

**Basis of the Bargain Defense:**

Several of the Plaintiffs have testified that they did not view the product labeling prior to purchase or that they purchased the products for some other reason.

Defendants will also present evidence that the information contained on the labels and in advertising for Defendants' products is at best a very minor determinant of consumers' decisions to purchase Defendants' products. Rather, the primary determinants of consumer purchases are prior experience with the products and/or the recommendations of others, such as family, friends, or health care professionals.

Based on the above, the basis of the bargain cannot be said to be the labeling of Defendants' products.

In addition, the FDA does not require or expect that an OTC drug, including a homeopathic drug, be 100% effective. Rather, the FDA only requires that a significant proportion of the target population will experience relief after using the

8

products as directed and for the indicated use.  This also shows that any reasonable consumer would not expect 100% effectiveness when purchasing any OTC drug, including Defendants' products.

**<u>Failure to Mitigate Defense</u>:**

Plaintiffs did not mitigate their damages because the evidence will show that Defendants have a system to respond to customer complaints.   Dissatisfied customers are given refunds upon request, a Hyland's policy for the entirety of its 110 years of operation.   Nevertheless, none of the Plaintiffs attempted to contact Defendants for refunds, instead opting to file this suit.   As such, they did not mitigate their damages.

**8.** In view of the admitted facts and the elements required to establish the claims and affirmative defenses, the following issues remain to be tried:

        a.  Whether Defendants breached the warranties on their products;

        b.  Whether Defendants misrepresented the effectiveness of their products;

        c.  Whether Defendants made misrepresentations on the labeling of their products, including that their products treat distinct ailments;

        d.  Whether Defendants' conduct was malicious or fraudulent to warrant punitive damages.

**9.** All discovery is complete.

**10.** All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The parties' joint exhibit list has been filed under separate cover as required by L.R. 16-6.1.  Plaintiffs' and Defendants' objections are identified in the Exhibit List.

**11.** Witness lists of the parties have been filed with the Court pursuant to Local Rule 16-5.

Each party intending to present evidence by way of deposition testimony has

9

marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

     a.  James A. Taylor, M.D.

     b.  Nancy Rodriguez

     c.  Kim Allen

     d.  Daniele Xenos

     e.  Diana Sisti

     f.  Yuanke Xu

     g.  Melissa Nigh

     h.  Sherrell Smith

     i.  Jon A. Krosnick

     j.  Noel R. Rose

     k.  Robert J. Lee

     l.  William Ackerman

**12.** The following law and motion matters and motions *in limine*, and no others, are pending or contemplated:  There are no motions pending.

**13.** The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause unless modified to prevent manifest injustice.

DATED:  August 20, 2015

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

*Kim Allen et al. v. Hyland's, Inc. et al.*, Case No. 12-CV-1150
Final Pretrial Conference Order