UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIM ALLEN, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>HYLAND'S, INC., et. al.,<br><br>                Defendants. | Case No. CV 12-1150 DMG (MANx)<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

The legal claims in this case came before a jury during a 13-day trial that began on September 1, 2015.  The jury returned a verdict in favor of Defendants Hylands, Inc. and Standard Homeopathic Company and against Plaintiffs Kim Allen, Melissa Nigh, Nancy Rodriguez, Diana Sisti, Sherrell Smith, Daniele Xenos, and Yuanke Xu as to the breach of express warranty, Magnuson-Moss Warranty Act ("MMWA"), and California Consumer Legal Remedies Act ("CLRA") claims.  (Verdict Form [Doc. # 426].)

In addition to the legal claims which were tried to the jury, Plaintiffs brought equitable claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.* and False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*  As to these two remaining equitable claims, the Court makes the following

findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

# I.
# FINDINGS OF FACT[1]

This is a class action consisting of the following class members:

> All purchasers of Hyland's, Inc. and Standard Homeopathic Company's homeopathic Products entitled Calms Forté (excluding purchasers in California), Teething Tablets, Migraine Headache Relief, Colic Tablets, Leg Cramps with Quinine, Leg Cramps, Defend Cold & Cough, Defend Cold & Cough Night, Hyland's Cough, and Seasonal Allergy Relief for personal or household use and not for resale, in the United States from the period of February 9, 2008 to the present (the "Class Period").

> Excluded from the Class are (1) governmental entities; (2) Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries and assigns; (3) the judicial officers and their immediate family members and associated court staff assigned to this case; and (4) individuals who have fraud-based UCL claims with respect to Colic Tablets and Leg Cramps with Quinine.

Plaintiffs base their equitable class claims under the FAL and the UCL on the same underlying facts as the breach of warranty, MMRA, and CLRA claims that they presented to the jury, i.e., that Defendants' products did not perform as stated on the product packaging because they cannot relieve certain symptoms as represented. Given

---

[1] To the extent any of the Court's findings of fact may be considered conclusions of law or vice versa, they are so deemed.

that the verdict form did not require the jury to make any express findings as to why it found for Defendants on the two legal claims, the Court looks to the jury instructions to discern the jury's implicit determinations.

With regard to the CLRA claim, the Court instructed the jury that for Plaintiffs to prevail, they must prove that Defendants' "representations were false because the products at issue cannot relieve symptoms as represented." Jury Instruction No. 26 [Doc. # 425]. Similarly, the Court instructed that for Plaintiffs to establish a breach of express warranty claim, they must prove that the packaging on Defendants' products represented that the product "would relieve certain symptoms," and "did not perform as promised because they cannot perform as promised." Jury Instruction No. 30. These instructions strongly suggest that, having found for Defendants, the jury must have implicitly found that Plaintiffs failed to prove by a preponderance of the evidence that Defendants' products cannot relieve the symptoms represented on their products' packaging.

The Court adopts, as it must, the jury's implicit factual determination that Plaintiffs failed to prove by a preponderance of the evidence that Defendants' products cannot relieve the symptoms represented on Defendants' products' packaging. The evidence presented at trial demonstrated that the issue which the Court certified for class treatment continues to be the subject of scientific debate and Plaintiffs failed to present evidence of definitive scientific research to meet their burden of proof as to the products at issue. The Court makes clear that this finding does not suggest that definitive scientific research does not exist or could not be undertaken or performed in the future—rather, the finding is that Plaintiffs did not satisfy their burden of proof at trial.

In light of this implicit finding and after duly considering the evidence presented by the parties, the Court finds that Plaintiffs failed to prove by a preponderance of the evidence that Defendants' product advertisements were untrue, misleading, or likely to deceive the reasonable consumer. Plaintiffs also failed to prove by a preponderance of the evidence that Defendants violated any laws or offended any public policy tethered to specific constitutional, statutory, or regulatory provisions. Moreover, after weighing the

utility of Defendants' conduct against the gravity of the harm to the alleged victims, the Court finds that Plaintiffs failed to prove by a preponderance of the evidence that Defendants engaged in immoral, unethical, oppressive, or unscrupulous business practices. Finally, Plaintiffs failed to prove by a preponderance of the evidence that the consumer injury is substantial.

## II.
## CONCLUSIONS OF LAW

### A. False Advertising Law and Unfair Competition Law

The FAL prohibits statements made to the public in connection with advertising that are known, or reasonably should be known, to be untrue or misleading in order to sell goods or perform services. Cal. Bus. & Prof. Code § 17500. "Section 17500 has been broadly construed to proscribe 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'" *Warner v. Tinder Inc.*, No. CV 15-01668-MMM (AJWx), 105 F. Supp. 3d 1083, 1091 (C.D. Cal. 2015) (quoting *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 679 (2006)). Thus, a successful FAL plaintiff must prove not only that defendant disseminated untrue, misleading, or likely-to-deceive statements, but that defendant knew, or in the reasonable exercise of care should have known, the publicly disseminated advertising was untrue, misleading, or likely to deceive the reasonable consumer. *See New Show Studios LLC v. Needle*, No. CV 14-01250-CAS (MRWx), 2014 U.S. Dist. LEXIS 90656, at *48 (C.D. Cal. June 30, 2014); *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (FAL claims are evaluated under a "reasonable consumer" test, whereby a plaintiff must show that "members of the public are likely to be deceived").

The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. A cause of action brought under the "unlawful" prong of the UCL incorporates other laws and treats

violations of those laws as unlawful business practices independently actionable under state law. *Chabner v. United Omaha Life Ins. Co.*, 225 F.3d 1042, 1048 (9th Cir. 2000).

The UCL also creates a claim for a business practice that is "unfair" even if not specifically prohibited by another law. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). The court in *Phipps v. Wells Fargo* explained the legal standards under this prong:

> In consumer cases, such as this, the California Supreme Court has not established a definitive test to determine whether a business practice is unfair. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 256 (2010). A split of authority has developed among the California Courts of Appeal, which have applied three tests for unfairness in consumer cases. *Drum*, 182 Cal. App. 4th at 256.
>
> The test applied in one line of cases requires "that the public policy which is a predicate to a consumer unfair competition action under the 'unfair' prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions." *Drum*, 182 Cal. App. 4th at 256 (citing *Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1260-1261 (2006); *Davis v. Ford Motor Credit Co.*, 179 Cal. App. 4th at 581, 595-596 (2009); *Gregory v. Albertson's Inc.*, 104 Cal. App. 4th 845, 854 (2002).
>
> \* \* \*
>
> A second line of cases applies a test to determine whether the alleged business practice "is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Drum*, 182 Cal. App. 4th at 257 (citing *Bardin*, 136 Cal. App. 4th at 1260; *Davis*, 179 Cal. App. 4th at 594-595)).
>
> \* \* \*
>
> The test applied in a third line of cases draws on the definition of "unfair" in section 5 of the Federal Trade Commission Act (15 U.S.C. § 45, subd. (n)), and requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have

>avoided." *Drum*, 182 Cal. App. 4th at 257, 106 Cal. Rptr. 3d 46
>(citing *Davis*, 179 Cal. App. 4th 597-598; *Camacho v. Automobile
>Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006)).

*Phipps v. Wells Fargo*, 2011 WL 302803, at *16 (E.D. Cal. Jan. 27, 2011) (parallel citations omitted); *Toneman v. United States Bank*, No. CV 12-09369-MMM (MRWx), 2013 U.S. Dist. LEXIS 98996, at *80-84 n.89 (C.D. Cal. June 14, 2013) (describing the three tests because the "California Supreme Court has not yet established a definitive test to be used in determining whether a business practice is unfair to consumers").

Finally, a business practice under the UCL is "fraudulent" if "members of the public are likely to be deceived." *Comm. on Children's Television v. Gen. Foods Corp.*, 35 Cal. 3d 197, 211 (1983).

**B.     Jury's Implicit Determination**

"[W]here legal claims tried by the jury and equitable claims tried by the court are 'based on the same set of facts, the Seventh Amendment requires the trial judge to follow the jury's implicit or explicit factual determinations.'" *Sanders v. City of Newport*, 657 F.3d 772, 783 (9th Cir. 2011), quoting *Miller v. Fairchild Indus., Inc.*, 885 F.2d 498, 507 (9th Cir. 1989) ("Accordingly, we hold that, on remand, the district court in deciding the [equitable] claim will be bound by all factual determinations made by the jury in deciding the [legal] claims."); *Los Angeles Police Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) (reversing district court's denial of equitable relief because it "engag[ed] in factfinding contrary to the implicit findings of the jury verdict").

Because the verdict form does not contain express factual findings, the Court must look to the jury instructions to determine whether findings can be inferred from the jury's verdict. *Los Angeles Police Protective League*, 995 F.2d at 1473.

Inasmuch as Plaintiffs' FAL and UCL claims are based on the same underlying facts as the legal claims decided by the jury, it follows from the jury's implicit determination on the legal claims that Plaintiffs also failed to meet their burden of establishing by a preponderance of the evidence that the products cannot perform as

1  Defendants represented on each individual product's packaging.  *See, e.g.*, *Tu Thien The,*
2  *Inc. v. Tu Thien Telecom, Inc.*, No. CV 11-09899-MWF (JEMx), 2014 U.S. Dist. LEXIS
3  111200, at *4 (C.D. Cal. Aug. 11, 2014) (adopting jury's findings in ruling on equitable
4  claims because they are based on the same underlying facts as the legal claims).
5      Accordingly, Plaintiffs' FAL and UCL claims fail.

## III.
## CONCLUSION

In light of the foregoing, the Court finds in favor of Defendants and against Plaintiffs on both the UCL and FAL claims as to all nine products at issue (Calms Forté, Teething Tablets, Migraine Headache Relief, Colic Tablets, Leg Cramps, Defend Cold & Cough, Defend Cold & Cough Night, Hyland's Cough, Seasonal Allergy Relief).  The Court will enter Judgment accordingly.

DATED:  August 16, 2016

                                                      */s/ Dolly M. Gee*
                                               DOLLY M. GEE
                                     UNITED STATES DISTRICT JUDGE